UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC.<br>Plaintiff,<br>v.<br><br>NEW ENGLAND CONTAINER COMPANY, INC., TRAVELERS CASUALTY & SURETY COMPANY and PROVIDENCE WASHINGTON INSURANCE COMPANY,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-218S |

**MOTION OF THE DEFENDANT PROVIDENCE WASHINGTON INSURANCE COMPANY FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(C)**

NOW comes the Defendant, Providence Washington Insurance Company ("PWIC"), and pursuant to Rule 12 (c) and Rule 12 (b)(6) of the Federal Rules of Civil Procedure, hereby moves for judgment on the pleadings and consequently a dismissal Plaintiff's Complaint against it. Plaintiff has failed to state a claim upon which relief may be granted. Plaintiff proceeds against PWIC for Declaratory Judgment and a "Declaration as to Indemnification Benefits." However, Plaintiff is not a party or an intended beneficiary of the alleged insurance agreements between PWIC and its purported insured, Defendant, New England Container, Inc. Therefore, Plaintiff has no viable cause of action against PWIC.

In support of this Motion Defendant refers this Court to the attached Memorandum of Law.

For the Defendant
Providence Washington Insurance Co.,
By its Counsel,

*Todd D. White*

Todd D. White (#5943)
Jaime LaPorte (#6668)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

Dated: May 30, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 30 day of May 2006, I caused a true copy of the within document to be sent to the following individuals by regular mail, postage prepaid:

Craig M. Scott, Esq.
Duffy & Sweeney, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Jack R. Pirozzolo, Esq.
Richard L. Binder, Esq.
Wilcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, MA 02110

*Todd D. White*

*382576_1.doc*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC.<br>Plaintiff,<br>v.<br><br>NEW ENGLAND CONTAINER COMPANY, INC., TRAVELERS CASUALTY & SURETY COMPANY and PROVIDENCE WASHINGTON INSURANCE COMPANY,<br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 06-218S |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE DEFENDANT PROVIDENCE WASHINGTON INSURANCE COMPANY TO DISMISS PURUANT TO RULE 12(C)**

Pursuant to Rule 12(c) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendant Providence Washington Insurance Company ("PWIC") now moves for judgment on the pleadings and dismissal on the grounds that Plaintiff, Emhart Industries, Inc. failed to state a claim against PWIC upon which relief may be granted.

## I. BACKGROUND

From the allegations contained within the subject Complaint, the following background emerges: Plaintiff, Emhart Industries, Inc. ("Emhart") has filed suit against New England Container Company, Inc ("NECC") and NECC's two insurers, Travelers Casualty & Surety Company ("Travelers") and PWIC. Emhart is a Connecticut Corporation with a principal place of business in Maryland. (See Compl. ¶ 1). Emhart alleges that PWIC provided liability insurance policies to NECC between 1982 and 1985. (See Compl. ¶ 10). Emhart alleges that the EPA issued a notice of potential liability upon NECC relative to the Centredale Manor Superfund Site in North Providence, Rhode Island. (See Compl. ¶ 11). Thereafter, the EPA issued Emhart a notice of potential liability with respect to the same site. (See Compl. ¶ 13). The

EPA has alleged that the liability of Emhart is based on the chemical manufacturing activities of a company known as Metro-Atlantic, Inc. (See Compl. ¶ 30). Thus, Emhart and NECC are two potentially responsible parties in a Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") action brought against them and presumably others related to the remediation of the Centredale Manor Superfund site. (See Compl. ¶ 5).

Emhart proceeds against PWIC on three theories: 1) Declaratory Judgment (See Compl. Count VIII); 2) "Declaration as to Indemnification Benefits" (See Compl. Count X); and 3) "Injunctive relief – Preserving Indemnification Limits of Providence Washington Policies" (See Compl. Count XII).

According to Emhart, it is an intended third party beneficiary under certain insurance policies issued by PWIC. See Compl. ¶ 83. Emhart has not, however, attached to the Complaint a copy of any contract or agreement which would establish that it is an intended third-party beneficiary to the purported insurance contract(s) between the Defendant, NECC and Defendant PWIC. Similarly, Emhart fails to allege any fact from which the inference could be drawn that it is either an intended third-party beneficiary or incidental beneficiary of PWIC. Emhart also fails to allege that it had any direct or indirect relationship with the defendant, PWIC. Emhart fails to offer any such facts or evidence because there is no basis for the allegation that it is a third-party beneficiary. Accordingly, Emhart does not have standing to assert a claim against PWIC to enforce an alleged insurance policy, and therefore, Emhart's claims against PWIC should be dismissed under both Rule 12(c) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## II. STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move to dismiss for failure to state a claim upon which relief may be granted. Rule 12(c) of the Federal Rules of

Civil Procedure allows for a party to move for judgment on the pleadings. In ruling on a motion to dismiss under Rule 12(b)(6), the court must find, based on the allegations in the complaint, that the "plaintiff will be unable to prove facts sufficient to support the claim for relief." Rivera v. State of Rhode Island, 312 F.Supp. 2d 175, 177 (D.R.I. 2004). The Court must accept as true "the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." Martin v. Applied Cellular Tech., Inc., 284 F.3d 1, 6 (1st Cir. 2002). "However, when it appears that the plaintiff would not be entitled to relief even when allegations are viewed in the light most favorable to [it], dismissal is appropriate." Stinson v. Simplexgrinnell LP, 152 Fed. Appx. 8, at * 6 (1st Cir. 2005).

Under Rule 12(c), the court applies a standard comparable to a motion to dismiss under Rule 12(b)(6). See Rivera, 312 F. Supp. 2d at 177. The court "must accept all of the non-movant's well-pleaded factual averments as true and draw all reasonable inferences in that party's favor." Id. "The only distinction is that, in the case of a Rule 12(c) motion, the question, generally, is not whether the plaintiff might be able to prove additional facts sufficient to support its claim; but, rather, whether it is clear from the facts alleged that the plaintiff cannot prevail." Id.

Here, even if all reasonable inferences are viewed in the light most favorable to Emhart, it is clear that Emhart will not be able to prove facts sufficient to support its claims against PWIC. Emhart has no legal basis to assert a direct claim against PWIC. Emhart cannot assert a direct claim against PWIC because it was not an intended beneficiary under the insurance contract between PWIC and NECC. Thus, Emhart cannot prevail in its claims against PWIC and all claims asserted against PWIC should be dismissed.

## III. ARGUMENT

A. Emhart Does Not Have Standing To Assert A Direct Action Against PWIC Because It Is Not An Intended Third-Party Beneficiary Under The Alleged Insurance Contract Between PWIC And NECC

Emhart filed the within action against PWIC to declare its rights under an insurance contract between PWIC and NECC. Emhart's suit must fail, however, because Emhart does not have standing to assert a declaratory judgment action. Under Rhode Island law, it is well established that in order to bring a declaratory judgment action there must be a justiciable controversy. See Meyer v. City of Newport, 844 A.2d 148, 151 (R.I. 2004). "By definition, a justiciable controversy must contain a plaintiff who has standing to pursue the action... ." Id. In Rhode Island, non-parties to an agreement do not have standing to bring an action to declare the validity or enforceability of an agreement. See id.; see also Sousa v. Town of Coventry, 774 A.2d 812, 815 n.4 (R.I. 2001) (in a case involving a town manager's authority to enter into a lease, the Rhode Island Supreme Court noted that there is no support for the proposition that an individual who was not a party to a contract may assert the rights of one of the contracting parties in order to avoid a contract or have it declared unenforceable).

Only parties to the contract or intended third-party beneficiaries may seek to have rights declared under a contract. See Forcier v. Cardello, 173 B.R. 973, 984-985 (D.R.I. 1994) (stating that only intended third-party beneficiaries, not incidental beneficiaries, can bring an action for damages resulting from a breach of contract). Where the plaintiff is neither a party to the (insurance) contract nor an intended third-party beneficiary, it has no legally protected interest that would give it standing to bring a declaratory judgment. See id. at 985-86; see also Farmer's Ins. Co., Inc. v. Miller, 926 S.W.2d 104, 107 (Mo. App. 1996) (holding that plaintiffs lacked standing under the Declaratory Judgment Act where the plaintiffs were neither parties to the

contact nor intended third-party beneficiaries; St. Paul Fire Marine v. Med. Protective Co., 675 S.W.2d 665, 667 (Mo. App. 1984) (holding that one who is not a party to a contract lacks standing to bring a declaration of rights under the contract). Under Rhode Island law, third-party standing to enforce a contract extends equally to circumstances involving insurance agreements. See e.g. Employers Mut. Cas. Co. v. Pires, 723 A.2d 295, 298 (R.I. 1999).

In determining a claimant's standing as an intended or incidental third-party beneficiary, Rhode Island courts follow the Restatement (Second) of Contracts. See Forcier, 173 B.R. at 985; see also Finch v. Rhode Island Grocers Assoc., 175 A.2d 177, 181 (R.I. 1961). Under Section 302 of the Restatement (Second) of Law – Contracts, the parties to a contract must "directly and unequivocally intend to benefit a third party in order for that party to be considered an intended beneficiary." Forcier, 173 B.R. at 985. "There is a strong presumption, [however], that parties contract only for the benefit of themselves, and a contract will not be considered as having been made for the use and benefit of a third person unless it clearly appears that such was the intention of the parties." Brown v. Summerlin Assoc., 614 S.W.2d 227, 229 (Ark. 1981).

Unlike an intended third-party beneficiary, "[a]n incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee." Restatement (Second) of Law – Contracts § 315. Under the comment section of Section 315 it is further noted that:

> a. An incidental beneficiary is a person who will be benefited by performance of a promise but who is neither a promisee nor an intended beneficiary.

Id.

An "incidental beneficiary" is a disfavored and narrowly construed concept. This is particularly true when the incidental beneficiary seeks to collect funds for damages or injuries from an unrelated indemnitor or service provider. In Denman v. People's Heritage Bank, Inc., 704 A.2d 411, 414 (Me. 1998), a pedestrian was injured when she slipped and fell on ice that had

accumulated on a public sidewalk in front of a bank. The plaintiff pedestrian brought an action against both the bank and the company with which the bank had executed a snow removal agreement. Id. at 413. The trial court entered summary judgment for both the bank and the snow removal company. Id. On appeal, the Supreme Court of Maine held that neither the bank nor the snow removal company owed the plaintiff a duty of care under a city ordinance mandating the removal of snow and ice. Id. at 414. The court also affirmed that the plaintiff could not recover against the snow removal company under a theory that she was an intended third-party beneficiary of the agreement between the bank and the snow removal company. Id. at 415. The court rationalized that because there was no evidence supporting her contention that the defendants intended for her to reap the benefit of the snow removal contract, the defendant's summary judgment would be granted. Id.

In Anderson v. Regions of the Univ. of California, 203 Wis. 2d 469, 554 N.W.2d 501, 509, 516 (Wis. 1996), tourists who contracted with a tour operator and ticket agency for a tour package of the 1994 Rose Bowl Game sued the regents of the University of California when they learned that tickets to the game were unavailable or could not be obtained for more than their face value. The appellate court affirmed the trial court's dismissal of the case holding that the plaintiffs were not third-party beneficiaries of the game participation agreement between the Pacific Ten Conference, the Big Ten Conference and the Football Tournament Association. Id. The court held that the plaintiffs lacked standing to sue for the agreements breached. Id. at 517. The court also determined that whatever benefit plaintiffs as potential ticket purchasers derived as a result of the agreement's provision limiting the sale price of tickets to their face value was only incidental and persons who enjoyed only incidental benefits from an agreement between other parties were not third-party beneficiaries of the contract. Id. at 516.

In Klamath Water Users Protective Ass'n v. Patterson, 204 F.3d 1206 (9th Cir. 1999), irrigators brought suit seeking to preserve existing water allocations. Plaintiff irrigators alleged they were third-party beneficiaries to a 1956 contract between the United States Bureau of Reclamation and a power company that operated a dam. Id. at 1210. The Oregon Federal District Court granted a declaratory judgment to the Bureau and the power company successor, holding that the irrigators did not have third-party beneficiary water rights under the contract. Id. at 1209. The Ninth Circuit Court of Appeals affirmed holding that the plain language of the contract rebutted the contention that irrigators were intended third-party beneficiaries. Id. at 1211.

The national disfavor of incidental beneficiaries in the aforementioned circumstances is consistent with the position enumerated by this Court and the Rhode Island Supreme Court that non-parties to an agreement and incidental beneficiaries do not have standing to bring an action to declare the validity or enforceability of contracts. See Forcier, 173 B.R. at 984-87; and Meyer, 844 A.2d at 151.

Here, even if the Court accepts as true all facts in Emhart's Complaint and even if the Court draws all reasonable inferences therefrom in Emhart's favor, it is evident that Emhart cannot prevail in a declaratory judgment action against PWIC. According to Emhart, its indemnification claim against NECC "are within the scope of the coverage afforded by the [PWIC] Policies." Compl. ¶ 80. Even if the Court accepts as true that insurance policies issued by PWIC to NECC cover environmental liabilities, Emhart cannot establish that it was an intended third-party beneficiary under the insurance policies between PWIC and NECC. Emhart has not alleged, nor can it establish, that PWIC and NECC directly and unequivocally intended to benefit Emhart by entering into the contract for insurance. Moreover, there is no basis to infer

that PWIC and NECC entered into contract for insurance coverage to protect Emhart from CERCLA liability. If anything, Emhart is an incidental beneficiary under the insurance policy between PWIC and NECC. Emhart's status as an incidental beneficiary, however, does not confer upon it the right to seek a declaration as to PWIC's obligations under the insurance policy. Accordingly, Emhart does not have standing to assert a claim against PWIC and the Court should grant PWIC's motion to dismiss under Rule 12(c) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## IV. CONCLUSION

WHEREFORE, the Defendant Providence Washington Insurance Company respectfully requests that this Court dismiss the Complaint against it pursuant to Rule 12(c ) and 12 (b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted.

For the Defendant
Providence Washington Insurance Co.,
By its Counsel,

/s/ Todd D. White

Todd D. White (#5943)
Jaime LaPorte (#6668)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

Dated: May 30, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 30 day of May 2006, I caused a true copy of the within document to be sent to the following individuals by regular mail, postage prepaid:

Craig M. Scott, Esq.
Duffy & Sweeney, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Jack R. Pirozzolo, Esq.
Richard L. Binder, Esq.
Wilcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, MA 02110

Todd D. White

*382583_1.doc*