UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NEW ENGLAND CONTAINER COMPANY, INC., PROVIDENCE WASHINGTON INSURANCE COMPANY and TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>Defendants. | Civil Action No. 06-218 |

**MOTION TO DISMISS COMPLAINT**
**AGAINST TRAVELERS CASUALTY AND SURETY COMPANY**

Defendant Travelers Casualty and Surety Company ("Travelers") hereby moves to dismiss the Complaint as against Travelers pursuant to Fed. R. Civ. P. 12(b)(6). As grounds in support of this Motion, Travelers relies upon the Supporting Memorandum of Law submitted contemporaneously herewith.

Respectfully submitted,

THE TRAVELERS CASUALTY AND SURETY COMPANY,

#6727

R. Kelly Sheridan, Esq., Bar No. 1976
Jason C. Preciphs, Esq., Bar No. 6727
ROBERTS, CARROLL, FELDSTEIN & PEIRCE, LLC
10 Weybosset Street
Providence, RI 02903
Tel: (401) 521-7000
Fax: (401) 521-1328

Of Counsel:

John A. Nadas (pro hac vice pending)
Eric Bradford Hermanson (pro hac vice pending)
Julie C. Rising (pro hac vice pending)
Choate, Hall & Stewart
Two International Place
Boston, MA 02110
Phone: (617) 248-5000
Fax: (617) 248-4000

Dated: July 6, 2006

4098812v1

**CERTIFICATION**

The undersigned hereby certifies that a true copy of the within document was hand delivered to the following on the 6th day of July, 2006:

Craig M. Scott, Esq.
Duffy Sweeney & Scott, Ltd.
One Turks Head Place
Suite 1200
Providence, RI 02903

Deborah M Hawkins

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>NEW ENGLAND CONTAINER COMPANY, INC., PROVIDENCE WASHINGTON INSURANCE COMPANY and TRAVELERS CASUALTY AND SURETY COMPANY,<br><br>Defendants. | ) | Civil Action No. 06-218 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION TO DISMISS COMPLAINT AGAINST**
**TRAVELERS CASUALTY AND SURETY COMPANY**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Travelers Casualty and Surety Company ("Travelers") submits this memorandum of law in support of its Motion to Dismiss. For the reasons set forth below, all of Plaintiff's claims against Travelers fail to state a claim on which relief can be granted, and should therefore be dismissed as an impermissible direct action under R.I. Gen. Laws 1956 § 27-7-2 (2002).

**Background and Summary of Argument**

This suit arises from certain administrative actions commenced by the Environmental Protection Agency ("EPA") in connection with the Centredale Manor Restoration Superfund Site in North Providence, Rhode Island (the "Site"). Plaintiff Emhart Industries, Inc. ("Emhart") is alleged to have been an owner of property at the Site. Defendant New England Container Company, Inc. ("NECC"), a Rhode Island corporation, is alleged to have been a

neighboring property owner. Emhart is now suing NECC for cost recovery, contribution and equitable indemnity, based on NECC's alleged activities at the Site. Emhart is suing Travelers and a second insurer, Providence Washington Insurance Company ("Providence"), because they allegedly wrote certain policies of insurance to NECC. Of the twelve counts in Emhart's complaint, only three (Counts VII, IX and XI) are directed at Travelers. Counts VII and IX seek solely declaratory relief, asking this Court to find that Emhart has the right to indemnification under NECC's policies issued by Travelers (the "Travelers Policies"), in the event that Emhart prevails in its claims against NECC. Complaint ¶ 78. Count XI seeks an injunction to prevent Travelers from entering into any potential agreement with NECC which would erode the Travelers Policies.[1]

Although Emhart's Complaint purports to claim rights under the Travelers Policies, the sole basis for these assertions is "as a result of [Emhart's] claims against NECC" which allegedly make Emhart "a third party beneficiary of the Travelers Policies." Complaint ¶ 76.[2] In other words, Emhart alleges that Travelers "has an obligation ... to satisfy NECC's obligations to Emhart with respect to the damages that Emhart will recover if it prevails against NECC." *Id.* ¶¶ 74, 89. The Complaint does not allege that Travelers insured Emhart directly. In fact, it does not allege that Travelers and Emhart had a contractual relationship of

---

1 The present motion is limited to the three counts brought against Travelers, and, if granted, would excuse Travelers from this case. For purposes of the present motion, Travelers takes no position on the validity of Emhart's claims against Providence or NECC. Likewise, for purposes of the present motion, Travelers accepts (without conceding) the factual allegations set out in Emhart's Complaint.

2 Although the statutory prohibition set out in R.I. Gen. Laws § 27-7-2 (2002) is a sufficient basis to dismiss all claims against Travelers (see discussion, *infra*), it is worth noting that Emhart's claims also fail to the extent they rely on its allegation that it is an intended beneficiary of the Travelers Policies. A party may only be considered an intended beneficiary to a contract where the parties "directly and unequivocally intend to benefit [the] third party..." *Forcier v. Cardello*, 173 B.R. 973, 984-85 (D.R.I. 1994) (*quoting* Restatement (Second) of Contracts, § 402). Emhart has failed to provide – and apparently cannot provide – any legal or factual basis for its assertion that it is an intended third-party beneficiary under the Travelers Policies. For further discussion of this

any kind. The substantive claims in Emhart's suit are directed at NECC, and its claims against Travelers are solely based on Travelers role as NECC's insurer. All of Emhart's claims against Travelers are therefore unequivocally barred by Rhode Island's prohibition on direct actions against insurers. Additionally, Emhart has explicitly asserted that its only potential injury is the cost related to the cleanup of the Site, which cannot support a request for a preliminary injunction. Therefore, Counts VII, IX and XI of the Complaint should be dismissed, and Travelers should be excused from this lawsuit.

## Legal Standard

Under Fed. R. Civ. P. 12(b)(6), a court must dismiss a complaint for failure to state a claim where the complaint "presents no set of facts justifying recovery." *Cooperman v. Individual Inc.*, 171 F.3d 43, 46 (1st Cir. 1999). In performing this analysis, the Court must accept as true "the well-pleaded factual allegations of the complaint, [and] draw all reasonable inferences therefrom." *Martin v. Applied Cellular Tech.*, 284 F.3d 1, 6 (1st Cir. 2002). "However, when it appears that the plaintiff would not be entitled to relief even when allegations are viewed in the light most favorable to [it], dismissal is appropriate." *Stinson v. Simplex Grinnell L.P.,* 240 F.3d 83, 87 (1st Cir. 2001). Thus, by way of example analogous to this case, in *Canavan v. Lovett, Schefrin & Harnett*, 745 A.2d 173, 174-75 (R.I. 2000), the Rhode Island Supreme Court (applying the state-law equivalent to Fed. R. Civ. P. 12(b)(6)) upheld the dismissal of claims brought by a malpractice plaintiff against the defendant's insurer, based on the plaintiff's failure to plead circumstances that would permit the plaintiff to bring a direct action against that insurer under R.I. Gen. Laws 1956 § 27-7-2 (2002)

issue, *see* Defendant Providence Washington's Memorandum of Law in Support of its Motion to Dismiss Pursuant to Rule 12(c) (May 30, 2006), which discussion is incorporated herein by reference.

("Section 27-7-2").

## Argument

### A. Emhart's Claims Against Travelers in Counts VII, IX and XI Are Barred By R.I. Gen. Laws § 27-7-2.

Section 27-7-2 prohibits an insurer from being joined as a defendant in an action against the insurer's policyholder, except in extremely limited circumstances:

> An injured party, or in the event of the injured party's death, the party entitled to sue for that death, in his or her suit against the insured, ***shall not join the insurer as a defendant***. If the officer serving any process against the insured shall return that process "non-est inventus", or where before suit has been brought . . . the insured has died, or where a suit is pending against an insured in his or her own name and the insured has died prior to judgment, . . . the injured party, and in the event of that party's death, the party entitled to sue for that death, may proceed directly against the insurer. The injured party, or in the event of that party's death, the party entitled to sue for that death, after having obtained judgment against the insured alone, may proceed on that judgment in a separate action against the insurer . . . .R.I. Gen. Laws § 27-7-2 (2002) (emphasis added).

The statute reflects a considered legislative judgment that an injured party may sue a defendant's insurer only in the event of the insured party's unavailability, or after the injured party has "obtained judgment against the insured alone." *Id.*; *Mendez v. Brites*, 849 A.2d 329, 332, n.2 (R.I. 2004) ("in Rhode Island and in most other jurisdictions, an injured party lacks standing to maintain a direct action for damages against a tortfeasor's insurer until and unless the injured party has secured a judgment against the tortfeasor"); *Collier v. Travelers Ins. Co.*, 197 A.2d 493, 496 (R.I. 1964). *See also, e.g., Doire v. Commerce Ins. Co.*, 692 A.2d 696, 697 (R.I. 1997); *Clauson v. New England Ins. Co.*, 254 F.3d 331, 336 (1st Cir. 2001). One effect of the policy is "to protect the insurance company against the well-known

tendency of jurors to fail to consider the merits if a defendant . . . is insured." *Miller v. Metropolitan Cas. Ins. Co.*, 146 A. 412, 414 (R.I. 1929); *Collier*, 197 A.2d at 496. Another effect is to protect insurers from being forced into an impossibly conflicted position: owing duties both to their policyholders and to the third-party claimants that are their policyholders' actual or potential litigation adversaries.

Here, as in *Canavan*, Emhart has not pleaded, and cannot credibly plead, any of the limited circumstances that might permit the filing of a direct suit against Travelers under the Rhode Island statute. It does not allege that service on NECC was returned because NECC could not be found. It does not allege that it has obtained judgment against NECC. In Count XI of the Complaint, Emhart does allege, on information and belief, that NECC "has ceased business operations and sold its business assets." Complaint, ¶ 87. Perhaps Emhart intends to argue, in this Count of the Complaint, that NECC has "died" within the meaning of the statute. But if this is Emhart's intention, it is unavailing. As the First Circuit recently made clear, Section 27-7-2's "death of the insured" exception does not apply to the insolvency or dissolution of a corporation. *Carriero v. Rhodes Gill and Co., Ltd.*, 68 F. 3d 1443, 1450-51 (1st Cir. 1995) ("the plain and sensible meaning of 'died' does not embrace the dissolution of a corporation.")

At bottom, Emhart has not alleged – and cannot credibly allege – any facts that would give it standing to sue Travelers directly, or to contravene the statutory bar on direct actions against insurers. As a result, Travelers is entitled to dismissal of Emhart's claims in Counts VII, IX and XI of the Complaint as a matter of law.[3] *Canavan*, 745 A.2d at 174-75.

---

[3] Count IX does not include the declaration it purports to seek, and the Complaint's final request for relief only asks for one declaration related to Travelers. *See* Complaint, ¶¶ 86-91; and ¶ C at p. 19.

**B. Count XI of Emhart's Complaint, Seeking Preliminary Injunctive Relief, Is Independently Deficient Because It Fails To Allege Irreparable Harm.**

Finally, even if Emhart could somehow find a basis for its proposed end run around Section 27-7-2 and the Restatement, Emhart has failed to satisfy the standards necessary for issuance of the preliminary injunctive relief it seeks in Count XI of its Complaint. To obtain a preliminary injunction, a party must prove four elements: (1) that it will suffer irreparable harm without the injunction; (2) that such harm outweighs the harm suffered by the party to be enjoined; (3) likelihood of success on the merits of the underlying claim; and (4) that the injunction will not adversely affect the public interest. *K-Mart Corporation v. Oriental Plaza, Inc.*, 875 F.2d 907, 914-15 (1st Cir. 1989).

Absent a showing of irreparable harm, courts will not consider the remaining factors. *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 217 F.3d 8, 13 (1st Cir. 2000) (a showing of irreparable harm "is an essential prerequisite for a grant of injunctive relief.") Irreparable harm is defined as an injury "that is not accurately measurable or adequately compensable by money damages." *Id.*, *citing K-Mart*, 875 F.2d at 914 ("[I]f money damages will fully alleviate harm, then the harm cannot be said to be irreparable.") *See also Foxboro Co. v. Arabian American Oil Co.*, 805 F.2d 34, 36 (1st Cir. 1986), *citing Itek Corp. v. First Nat'l Bank,* 730 F.2d 19, 22 (1st Cir.1984) ("We do not find irreparable injury where only money is at stake and where the plaintiff has a satisfactory remedy at law to recover the money at issue.") Here, the sole purpose of Emhart's complaint is to obtain contribution and recovery of costs related to the clean up of the Site. In effect, Emhart asks this Court to prevent Travelers from "entering into any agreement, other than in the ordinary course of business" with NECC "that would reduce the indemnification benefits of the Travelers Policies."

Complaint ¶ 103. This request for relief is directed only at protecting Emhart's potential monetary benefits under NECC's policies. Because the Complaint seeks to do no more than obtain monetary relief from NECC, Emhart cannot satisfy the essential prerequisite of irreparable harm, and Count XI, seeking a preliminary injunction, is independently deficient as a matter of law.[4]

## Conclusion

For the reasons set forth above, Travelers requests that Counts VII, IX, and XI be dismissed for failure to state a claim upon which relief may be granted and The Travelers Casualty and Surety Company be dismissed from the case.

---

4 Although it is unnecessary to address the remaining factors Emhart must satisfy to obtain a preliminary injunction, it is worth noting that Emhart cannot meet any of the remaining factors. First, section A of this brief demonstrates that Emhart is not likely to succeed on the merits of its claims against Travelers. Second, Emhart has not plead any facts to demonstrate that its potential monetary damage would outweigh any damage to Travelers by the issuance of such an injunction. Finally, the requested injunction effectively requests that this Court bar Travelers and NECC from contracting with each other; which is clearly against public policy. *See generally Martinelli v. Little Angels Day Care, Inc.*, 847 A.2d 838, 845 (R.I. 2004) (acknowledging the "considerable public policy regarding freedom of contract"); *Computrol, Inc. v. Newtrend, L.P.*, 203 F.3d 1064, 1070 (8th Cir. 2000) (recognizing the "strong public policy favoring freedom of contract.") Thus, when balancing the minimal potential harm to Emhart coupled with its very low likelihood of success on the merits of its claims against the strong public policy against restricting freedom to contract, the factors clearly weigh in favor of Travelers and against any injunction.

Respectfully submitted,

THE TRAVELERS CASUALTY AND
SURETY COMPANY,

#6727

R. Kelly Sheridan, Esq., Bar No. 1976
Jason C. Preciphs, Esq., Bar No. 6727
ROBERTS, CARROLL, FELDSTEIN
& PEIRCE, LLC
10 Weybosset Street
Providence, RI 02903
Tel: (401) 521-7000

Of Counsel:

John A. Nadas (pro hac vice pending)
Eric Bradford Hermanson (pro hac vice pending)
Julie C. Rising (pro hac vice pending)
Choate, Hall & Stewart
Two International Place
Boston, MA 02110
Phone: (617) 248-5000
Fax: (617) 248-4000

Dated: July 6, 2006

4090813v5

**CERTIFICATION**

The undersigned hereby certifies that a true copy of the within document was hand delivered to the following on the 6th day of July, 2006:

Craig M. Scott, Esq.
Duffy Sweeney & Scott, Ltd.
One Turks Head Place
Suite 1200
Providence, RI 02903