UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC.<br>Plaintiff,<br>v.<br><br>NEW ENGLAND CONTAINER COMPANY, INC., TRAVELERS CASUALTY & SURETY COMPANY and PROVIDENCE WASHINGTON INSURANCE COMPANY,<br>Defendants. | ) | C.A. No. 06-218S |

**REPLY OF THE DEFENDANT PROVIDENCE WASHINGTON INSURANCE COMPANY TO PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS OBJECTION TO PROVIDENCE WASHINGTON INSURANCE COMPANY'S MOTION FOR JUDGMENT ON THE PLEADINGS PURSUANT TO RULE 12(C)**

Plaintiff, Emhart Industries, Inc. ("Emhart") has filed suit against New England Container Company ("NECC") as well as NECC's insurer, Defendant Providence Washington Insurance Company ("PWIC") as a result of an EPA required remediation. However, R.I.G.L. § 27-7-2 expressly prohibits Emhart from filing suit directly against PWIC, as follows:

> An injured party, or, in the event of that party's death, the party entitled to sue for that death, in his or her suit against the insured, shall not join the insurer as a defendant.

(emphasis added.)

In Canavan v. Lovett, Schefrin and Harnett, 745 A. 2d 173 (R.I. 2000), the R. I. Supreme Court referenced R.I.G.L. § 27-7-2 when holding that a plaintiff could not directly file suit against the defendant's law firm's professional malpractice insurance carrier. Id. at 174. The Court held that the plaintiff had no standing to bring a direct action against Lloyd's of London (the professional malpractice carrier) and that Lloyd's "had no duty to act in a fiduciary capacity toward the plaintiff." Id. The Court further noted:

> The plaintiff would have no direct action against Lloyd's until he first obtained a judgment against the law firm, and, secondly, that such judgment was not satisfied in whole or in part.

Id. at 174-175.

Because Emhart has not obtained a judgment against NECC, no less that such a judgment – if obtained – must go unsatisfied, Emhart has no cause of action against PWIC.

Moreover, not only is Plaintiff's direct action against PWIC precluded so, too, is its Declaratory Judgment action. Emhart cited Morrow v. Norfolk & Dedham Mutual Fire Insurance Company, 661 A. 2d 967 (R.I. 1995) in its brief for the proposition that the R. I. Supreme Court "permitted a declaratory judgment action by a claimant under circumstances where a direct action would not have been permitted." (Plaintiff's Objection Memo at p. 11, footnote 7.) However, the R.I. Supreme Court in Morrow more particularly noted: "There is nothing in the statute that precludes a declaration of rights between parties to an insurance contract." Morrow at p. 968. (emphasis added.) In Morrow, the Defendant, Norfolk & Dedham, denied Mr. Morrow's claim on the grounds that he was not a third-party but an actual insured who was precluded from recovery under the terms of the policy. Id. at 967-968. Thus, Mr. Morrow had every right to seek declaratory judgment under the insurance contract.

Although admittedly not controlling, the very issue presented by Plaintiff has been decided at least by one Rhode Island Superior Court Judge. In Baxendale v. Martin, 1997 WL 1051072, Judge Gibney had to decide if the Plaintiff had standing to file a declaratory judgment action against the defendant's insurer prior to obtaining a judgment from the defendant. Judge Gibney reviewed a variety of cases in which this issue was raised and concluded:

> This court grants the defendant insurers' motion to dismiss the plaintiff's second amended complaint against the defendant insurers as the insurers were improperly joined as defendants in

> violation of§ 27-7-2, and the plaintiff may not maintain a declaratory judgment action against the insurers at this time.

Id. at 4 (emphasis added). In support of this position, Judge Gibney cited St. Paul Fire Marine v. Med. Protective Co., 675 S.W. 2d 665, 667 (Mo. App. 1984), Farmer's Ins. Exchange v. District Court, 862 P. 2d 944 (Colo. 1993) and Batteast v. Argonaut Ins. Co., 454 N.E. 2d 706, 708 (Ill.App. 1 Dist. 1983).

In St. Paul Fire Marine v. Med. Protective Co., 675 S.W. 2d 665, 667 (Mo. App. 1984), one of the insured's insurers requested a declaration of rights regarding a contract issued to the insured by another insurance company. However, the court held that one who is not a party and has no right to enforce a contract lacks standing to seek a declaration of rights under that contract. Id.

Similarly, the court in Farmer's Ins. Exchange v. District Court, 862 P. 2d 944 (Colo. 1993) held that the plaintiff lacked standing to bring a declaratory judgment action prior to judgment, as the plaintiff did not yet possess a legally protected right or cognizable interest at stake until the plaintiff had established the defendant's liability. The court stated, "To have standing to bring a declaratory judgment action, a plaintiff must assert a legal basis on which a claim for relief can be grounded. The plaintiff must allege an injury in fact to a legally protected and cognizable interest." Id. at 947.

Finally, the policy consideration for the aforementioned position was best articulated by the court in Batteast v. Argonaut Ins. Co., 454 N.E. 2d 706, 708 (Ill.App. 1 Dist. 1983) when it wrote: "There [would be] no reason why every tort claimant would not, upon filing a personal injury action, concomitantly file a declaratory judgment action to determine the maximum amount of coverage to which he would be entitled in the event that liability was subsequently established." R.I.G.L. § 27-7-2 is consistent with this policy consideration.

Wherefore, PWIC respectfully requests that its Motion for Judgment on the Pleadings be granted.

For the Defendant
Providence Washington Insurance Co.,
By its Counsel,

Todd D. White (#5943)
Jaime LaPorte (#6668)
Adler Pollock & Sheehan P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Tel: (401) 274-7200
Fax: (401) 351-4607

Dated: July 14, 2006

CERTIFICATE OF SERVICE

I hereby certify that on this 14 day of July 2006, I caused a true copy of the within document to be sent to the following individuals by regular mail, postage prepaid:

Craig M. Scott, Esq.
Duffy & Sweeney, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903

Jack R. Pirozzolo, Esq.
Richard L. Binder, Esq.
Wilcox, Pirozzolo & McCarthy
Professional Corporation
50 Federal Street
Boston, MA 02110

R. Kelly Sheridan, Esq.
Jason C. Preciphs, Esq.
Roberts Carroll Feldstein & Pierce
10 Weybosset Street
Providence, RI 02903

John A. Nadas, Esq.
Eric Bradford Harmanson, Esq.
Julie C. Rising, Esq.
Choate, Hall & Stewart
Two International Place
Boston, MA 02110

[signature]

*386922_1.doc*