**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| EMHART INDUSTRIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>NEW ENGLAND CONTAINER COMPANY, INC., ET AL.,<br><br>Defendants. | Civil Action No. 06-218 S |

**DEFENDANT TRAVELERS CASUALTY AND SURETY COMPANY'S REPLY TO PLAINTIFF'S OBJECTION TO MOTION TO DISMISS COMPLAINT**

Pursuant to Fed. R. Civ. P. 12(b) and U.S. Dist. Ct. R. 7(b), Defendant Travelers Casualty and Surety Company ("Travelers") submits the following reply ("Reply") to the Objection ("Objection") of Plaintiff Emhart Industries, Inc. ("Emhart") with respect to Travelers Motion to Dismiss Complaint ("Travelers Motion"). For the reasons set forth below and in the Memorandum previously submitted by Travelers ("Travelers Memorandum"), R.I. Gen. Laws § 27-7-2 bars Emhart from bringing this direct action suit against Travelers. Emhart has failed to set forth any compelling authority to the contrary, or to articulate why this Court should ignore the plain language of the Rhode Island statute prohibiting insurers from being named in suits against their policyholders.

**Summary**

Emhart's principal argument for denial of Travelers Motion is that declaratory judgments by third parties are not "direct actions" against insurers, and therefore are not

subject to R.I. Gen. Laws § 27-7-2. Conspicuously absent from Emhart's discussion, however, is any reference to the actual language of the Rhode Island statute at issue. In fact, the statutory language is flatly at odds with the argument Emhart makes.

R.I. Gen. Laws § 27-7-2 provides (with certain exceptions not relevant here) that "[a]n injured party, . . . in his or her suit against the insured, shall not join the insurer as a defendant." R.I. Gen. Laws § 27-7-2 (2002). The statutory prohibition is clear and unequivocal. Contrary to Emhart's suggestion, the statute does not distinguish between cases in which an insurer is joined as a declaratory judgment defendant, and those in which a party simply "claim[s] damages from the insurer,"[1] and Emhart has pointed to nothing in the legislative history that hints at such a distinction.

Nor has Emhart cited any Rhode Island case law that would support its proposed construction of the Rhode Island statute. Although Emhart cites Morrow v. Norfolk & Dedham Mutual Fire Ins. Co., 661 A.2d 968 (R.I. 1995) for the broad proposition that a "declaratory judgment action by an injured party [is] not a direct action prohibited by the statute,"[2] at least two subsequent Rhode Island Supreme Court cases have implicitly rejected this broad reading of Morrow, holding that a claimant's right to seek a declaratory judgment is, at most, "unsettled" under Rhode Island law. See *infra* pp. 4 - 5. Interestingly, Emhart consigns to a footnote[3] the one Rhode Island case that has addressed the issue squarely, Baxendale v. Martin, 1997 WL 1051072 (R.I. Super. Aug. 14, 1997), which held

---

[1] See Emhart Mem. in Supp. of its Objection to Travelers Mot. to Dismiss. ("Opp. Mem."), at 2.

[2] See Emhart Objection, p. 1.

[3] See Emhart Mem., p. 10 n. 3.

that R.I. Gen. Laws § 27-7-2 *did* apply to declaratory judgment suits, and explicitly rejected the broad reading of Morrow that Emhart now seeks to persuade this Court to adopt.

## DISCUSSION

### I. Rhode Island Law Bars Emhart's Claims.

In construing R.I. Gen. Laws § 27-7-2, this Court must begin, of course, with the plain language of the statute. By its terms, the statute broadly prohibits an insurer from being joined as a defendant in an action against the insurer's policyholder:

> An injured party, or in the event of the injured party's death, the party entitled to sue for that death, in his or her suit against the insured, ***shall not join the insurer as a defendant***. If the officer serving any process against the insured shall return that process "non-est inventus", or where before suit has been brought . . . the insured has died, or where a suit is pending against an insured in his or her own name and the insured has died prior to judgment, . . . the injured party, and in the event of that party's death, the party entitled to sue for that death, may proceed directly against the insurer. The injured party, or in the event of that party's death, the party entitled to sue for that death, after having obtained judgment against the insured alone, may proceed on that judgment in a separate action against the insurer . . . . R.I. Gen. Laws § 27-7-2 (emphasis added).

Contrary to Emhart's interpretation, the statute does not distinguish between actions for damages and actions for declaratory judgment. It bars all suits in which an insurer is "joined as a defendant," except in certain limited circumstances, not applicable here. Since the statute is "free from ambiguity and expresses a plain and sensible meaning," see Chalou v. LaPierre, 443 A.2d 1241, 1241 (R.I. 1982), 'the meaning so expressed [should] be presumed to be the one intended by the Legislature.'" Id.; see also Canavan v. Lovett, Schefrin & Harnett, 745 A.2d 173, 174-75 (R.I. 2000).

### A. Morrow Does Not Govern This Case.

In an effort to avoid the Rhode Island statute, Emhart claims that "the Rhode Island Supreme Court held, in Morrow v. Norfolk & Dedham Mut. Fire Ins. Co., 661 A.2d 967, 968 (R.I. 1995), that a declaratory judgment action by an injured party was not a direct action prohibited by the statute."[4] However, Emhart misreads Morrow. The plaintiff in Morrow was the policyholder's son, who was injured in his father's home. The plaintiff then filed a claim under his father's policy. The insurer rejected the claim, "on the basis that [the plaintiff] was considered a resident of [the policyholder's] household and he therefore had the status of an insured." 661 A.2d at 968.

On review, the Rhode Island Supreme Court concluded – not surprisingly – that the plaintiff had standing to challenge the insurer's denial directly: "There is nothing in the statute that precludes a declaration of rights between parties to an insurance contract." 661 A.2d at 968. In the instant case, by contrast, no party has alleged that Emhart is a "party" to the Travelers Policies, or that it "has the status of an insured." The facts that underlay the Supreme Court's decision in Morrow simply are not present in this case.[5] See also Baxendale, 1997 WL 1051072 (construing Morrow), discussed *infra* pp. 5 - 6.

---

[4] Opp., pp. 1-2.

[5] In addition to Morrow, Emhart cites Doire v. Commerce Insurance Co., 692 A.2d 696, 696-97 (R.I. 1997), to suggest that a declaratory judgment may be treated differently from a direct action for damages for purposes of § 27-7-2. In fact, the plaintiff in Doire had already obtained a default judgment against the insured prior to filing a declaratory judgment suit against the insurer. See 692 A.2d at 696-97. Although the Court found that the declaratory judgment action was improper, it allowed the case to proceed because the plaintiff met one of the express conditions on which direct actions are permitted by § 27-7-2. See R.I. Gen. Laws § 27-7-2 ("The injured party…after having obtained judgment against the insured alone, may proceed on that judgment in a separate action against the insurer…"). In the present case, by contrast, Emhart does not – and cannot – allege that it has "obtained judgment against the insured alone."

**B. Other Rhode Island Cases Also Fail To Support Emhart's Direct-Action Argument**

At least two subsequent Rhode Island Supreme Court cases confirm that – contrary to Emhart's current position – Morrow did *not* hold "a declaratory judgment action by an injured party was not . . . prohibited by the statute." In Robinson v. Mayo, 849 A.2d 351 n.2 (R.I. 2004), the Rhode Island Supreme Court – implicitly rejecting Emhart's view of the Morrow holding – described a claimant's right to seek a declaratory judgment against an insurer as being, at best, "unsettled" under Rhode Island law. In Mendez v. Brites, 849 A.2d 329 n.2 (R.I. 2004), the Court went further, noting that""[m]ost courts would hold that the absence of privity of contract between an injured-party claimant and the alleged tortfeasor's insurer bars not only a direct damages action but also a declaratory-judgment action against that insurer." Tellingly, neither case made any reference to Morrow – an omission that is all but incomprehensible if Morrow had, in fact, held (as Emhart argues) "that a declaratory judgment action by an injured party was not a direct action prohibited by the statute."

Ultimately, the Court in both Mendez and Robinson found it unnecessary to decide whether R.I. Gen. Laws § 27-7-2 barred the plaintiffs' declaratory judgment suit, because the Court found, in both cases, that the insurer had waived the right to invoke the Rhode Island statutory bar.[6] As a result, the Courts in Robinson and Mendez went on to muse about the purported "conflict in authority" from other jurisdictions, where Rhode Island's direct action statute did not apply. But the Courts' lengthy discussion of this alleged

[6] See Robinson, 849 A.2d at 332 n.2 (noting that "no party in this case has briefed this issue to us or invoked § 27-7-2 as a bar to plaintiff's joinder of the Trust as a party"); Mendez, 849 A.2d at 333 n.2 (noting, again, that "no party in this case [had] properly has briefed and argued" the issue; and finding that the insurer had waived the protection of § 27-7-2, in any event, by submitting to a cross-complaint by its policyholder).

conflict, in both Robinson and Mendez, is mere dictum. The Courts' musings have little or no application to the instant case, where Travelers has timely briefed and argued – and has in no way waived – its rights under the Rhode Island statute.

Interestingly, Emhart relegates to a footnote its discussion of the one Rhode Island case, Baxendale, 1997 WL at 1051072, that squarely addresses the scope of Morrow's holding and the application of R.I. Gen. Laws § 27-7-2 to an action for declaratory judgment.[7] Considering a plaintiff's motion to add a defendant's insurers as declaratory judgment defendants, in an action against a policyholder for damages, Judge Gibney in Baxendale addressed and rejected the precise argument made by Emhart in this case – that § 27-7-2 should be construed to "exempt declaratory judgments from [the statute's] purview on the ground that the declaratory judgment is distinguishable from a tort liability action." 1997 WL at 1051072 at * 2. With respect to Morrow, Judge Gibney wrote:

> [A] close reading of Morrow reveals that the Rhode Island Supreme Court further qualified the declaration of rights to mean those rights 'between parties to an insurance contract.' Morrow, plaintiff son of the insured[,] brought a claim directly against his . . . father's insurer for injuries the son had sustained during a fall on the covered premises. The insurance company denied the claim on the ground that [the] plaintiff was not a third party but an actual insured who thus was precluded from recovery under the terms of the policy . . . . The insurance company was a party to a contract under which an actual claim had been made by plaintiff whom the company alleged was an actual insured party . . . . In the instant case, the plaintiff is not an alleged party to the insurance contract, and, thus, the principle set out in Morrow does not apply.

---

7 See Opp. Mem., p. 10 n. 3.

Emhart now tries to argue that Judge Gibney's decision in Baxendale was "flawed," and that Judge Gibney did not consider "the Morrow decision as a whole."[8] In fact, it is Emhart's reading, not Judge Gibney's, that fails to consider Morrow "as a whole" – in light of the facts of the case, the coverage positions of the defendant insurer, and the subsequent treatment of the decision in Mendez and Robinson. Judge Gibney's reading of Morrow, while not binding on this Court, is both persuasive and legally correct.

## II. The Cases That Emhart Cites From Outside Rhode Island Are Inapplicable to the Case at Bar.

Having failed to distinguish Baxendale, or to identify any countervailing Rhode Island authority that would permit it to circumvent the plain language of R.I. Gen. Laws § 27-7-2, Emhart devotes the majority of its brief to a broad, and largely irrelevant, recitation of case law authority from other states.[9] Most of the cases that Emhart cites are from jurisdictions that have no statutory equivalent to R.I. Gen. Laws § 27-7-2. They were decided under the common law of these other states, or under direct-action statutes that bear no resemblance to the one enacted by the Rhode Island legislature. They are,

---

[8] Id.

[9] Along the same lines, Emhart makes the irrelevant and misleading argument that because courts have held a declaratory judgment action not to be a "direct action" of the sort that Congress voted to exclude from federal diversity jurisdiction, see 28 U.S.C. § 1332(c)(1), White v. United States Fidelity and Guaranty Co., 356 F.2d 746 (1st Cir. 1966), Government Employees Ins. Co. v. LeBleu, 272 F.Supp. 421, 425 (E.D. La. 1967), it was the intent of the Rhode Island legislature to exempt declaratory judgments from the plain language of § 27-7-2. Emhart's argument ignores the distinct congressional purpose in enacting § 1332(c). That purpose, as described by the First Circuit, was to avoid "overloading the federal courts" in Louisiana and Wisconsin – two states with direct-action statutes that "permitted virtually all claimants to bypass a suit against an insured and sue an insurer directly." See Opp. Mem., p. 19 n.7 (citing White, 356 F.2d at 747); Government Employees, 272 F.Supp. at 425 ("[t]he avowed and obvious purpose of [§1332(c)(1)] was and is to deny resort to the federal judicial system by plaintiffs in two states in which the peculiar device of 'direct action' statutes had resulted in an ever-increasing flood of litigation against insurance companies against which injured parties traditionally had no recourse directly"). The Rhode Island statute was enacted under different circumstances, for an entirely different purpose. Travelers is at a loss to see how the intent of the Rhode Island legislature, in enacting § 27-7-2, is revealed, or even clarified, by the intent of the federal Congress in amending a federal statute to relieve clogged federal dockets in Louisiana and Wisconsin.

quite simply, inapplicable to the issue of statutory construction presented by R.I. Gen. Laws § 27-7-2.

Moreover, a significant number of the cases that Emhart cites turn out, on examination, to be red herrings. Although some of these cases involve claims for declaratory judgment, the decisions of the courts in these cases do not turn on the distinction between a declaratory judgment suit and a suit for damages. In allowing these cases to proceed, the courts focus on other factors – factors that would often be sufficient to bring them within the statutory exceptions to R.I. Gen. Laws § 27-7-2 in any event.[10]

Finally, to the extent that the authorities cited by Emhart are in any way relevant to the issue of statutory construction before this court, those cases represent a *minority* common-law view.[11] The *majority* view – even in jurisdictions that have no statutory equivalent to R.I. Gen. Laws § 27-7-2 – is that "the absence of privity of contract between an injured-party claimant and the alleged tortfeasor's insurer bars not only a direct damages action but also a declaratory-judgment action against that insurer." Mendez, 849

[10] See, e.g., Harford Mutual Insurance Co. v. Woodfin Equities Corp., 687 A.2d 652, 654 (Md. 1997) (default judgment for fixed amount entered against insured and insured was insolvent); Fortson v. St. Paul Fire and Marine Insurance, 751 F.2d 1157, 1159 (11th Cir. 1985) (separate action against insurer for bad faith).

[11] The one case that Emhart cites most prominently to support its position, Bankers Trust v. Old Republic Ins. Co., 959 F.2d 677, 679-681 (7th Cir. 1992), was decided under the law of Illinois – a jurisdiction which, unlike Rhode Island, has no statutory limitations on actions against insurers. Bankers Trust arose in the context of a "tangled" fact pattern in which the policyholder first defaulted on a loan to the plaintiff, then entered into an allegedly collusive settlement with its insurer establishing the maximum amount to which the policyholder would be entitled in any insurance proceeds or settlement. Id. at 679-80. Although the Seventh Circuit permitted the plaintiff's declaratory judgment suit to proceed against the insurer, it emphasized the district court's "equitable discretion to grant or withhold declaratory relief" in these circumstances, id. at 680, 681, and acknowledged the "general rule" at common law that "a suit to determine an insurer's obligations to indemnify its insured is premature until the insured has been determined to be liable to somebody." Id. at 680. In the present case, if this Court is inclined to apply Banker's Trust, the most appropriate exercise of this Court's "equitable discretion" would be to apply the Rhode Island statute as written, dismiss this action, and reject Emhart's attempt to circumvent Rhode Island law by joining Travelers and its policyholder in a single, consolidated proceeding.

A.2d at 331 n.2. See generally 15 Appleman on Insurance 2d § 112.10 at 338 (2000); 7 Russ et al., Couch on Insurance 3d § 104:2, 104:10 -11 (1997)).

This majority view is consistent with the legitimate public policy concerns that Rhode Island courts, and courts in other jurisdictions, have articulated in the past. As Rhode Island courts repeatedly have acknowledged, the preclusion of direct actions against insurers serves several purposes, including courts' concern "to protect the insurance company against the well-known tendency of jurors to fail to consider the merits if a defendant . . . is insured." Miller v. Metropolitan Cas. Ins. Co., 146 A. 412, 414 (R.I. 1929); Collier v. Travelers Ins. Co., 197 A.2d 493, 496 (R.I. 1964). That concern is present whether a claimant's suit is for damages, or simply for a declaratory judgment that "if there is liability, the [insurer's] policies provide coverage." See Opp. Mem., p. 12. In either case, the jury learns that the defendant is insured. In either case, the defendant and the insurance company must face "the well-known tendency of jurors to fail to consider the merits" in these circumstances.

## CONCLUSION

Emhart's proposed construction of R.I. Gen. Laws § 27-7-2 – distinguishing actions for declaratory judgment from actions for damages – is contrary to the plain language of the Rhode Island statute, and the Rhode Island courts' well-founded concern to avoid prejudice to insurers. By contrast, Travelers proposed construction of the statute is consistent with the clear statutory language, with Judge Gibney's decision in Baxendale, with the majority position acknowledged by Mendez, and with the important public policy concerns that have been articulated by the Rhode Island courts. This Court should grant Travelers Motion, and should dismiss Counts VII, IX and XI of Emhart's

Complaint.[12]

Respectfully submitted,
THE TRAVELERS CASUALTY AND SURETY COMPANY,
By its Attorneys,

/s/ R. Kelly Sheridan
R. Kelly Sheridan, Esq. # 1976
Jason C. Preciphs, Esq. # 6727
ROBERTS, CARROLL, FELDSTEIN & PEIRCE, LLC
10 Weybosset Street
Providence, RI 02903
Tel: (401) 521-7000; (401) 521-1328 (fax)

Of Counsel:

John A. Nadas (pro hac vice)
Eric Bradford Hermanson (pro hac vice)
Julie C. Rising (pro hac vice)
Choate, Hall & Stewart
Two International Place
Boston, MA 02110
Phone: (617) 248-5000
Fax: (617) 248-4000

Dated: September 1, 2006

[12] Count XI of Emhart's complaint is independently deficient, for the reasons set forth on pp. 6-7 of Travelers Memorandum. In Count XI, Emhart seeks to enjoin Travelers and its policyholder from entering into any compromise or settlement with respect to coverage matters in dispute between Travelers and NECC. However, Emhart fails to articulate any "irreparable harm" to it that would be averted by forcing Travelers and NECC to litigate, rather than compromising, their separate coverage disputes. Cf. Hall v. Knudson, 535 A.2d 772, 775 (R.I. 1988) (acknowledging Rhode Island "public policy favoring settlement of lawsuits"). In any event, even if one assumes, *arguendo*, that R.I. Gen. Laws § 27-7-2 can be read as Emhart argues – to permit it to pursue the declaratory relief sought in Counts VII and IX – Emhart has provided no reasoned argument as to how the Rhode Island statute would permit Travelers to be "joined as a defendant" for purposes of a Count that seeks purely *injunctive* relief.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 1st day of September, 2006 the within document was filed electronically through the ECF System, where it is available for viewing and downloading and will be sent electronically to the counsel of record listed below who are registered participants identified on the Notice of Electronic Filing:

Craig M. Scott, Esq.
DUFFY, SWEENEY & SCOTT, LTD
One Turks Head, Suite 1200
Providence, RI 02903
cscott@duffysweeney.com

Todd D. White, Esq.
Jaime J. LaPorte, Esq.
ADLER POLLOCK & SHEEHAN, PC
2300 Financial Plaza
Providence, RI 02903
jlaporte@apslaw.com
ldunne@apslaw.com
twhite@apslaw.com

/s/ Jason C. Preciphs

4112914v3