UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>NEW ENGLAND CONTAINER COMPANY, INC., et al.<br><br>Defendants. | : | C.A. No. 06-218S |

**OBJECTION OF EASTERN COLOR & CHEMICAL CO. TO SUBPOENA DUCES TECUM ISSUED BY PLAINTIFF**

Pursuant to Fed. R. Civ. P. 45(c)(2)(B), Eastern Color & Chemical Co. ("Eastern Color") hereby objects to the Subpoena Duces Tecum issued by the Plaintiff on July 25, 2007, a copy of which is attached hereto.

More specifically, Eastern Color objects to the documents requested as follows:

**Request No. 1:** All documents referring or relating to the sale, shipment, or delivery of drums and the types of materials or residues of materials contained therein, to NECC at the Centredale Site.

**Objection:** Eastern Color objects to the request to the extent that it is overly broad, oppressive, unduly burdensome, expansive or beyond the permissible scope of discovery under the Federal Rules of Civil Procedure. Eastern Color further objects in whole to the request to the extent that it is not subject to reasonable limitation in time or scope. Eastern Color further objects to the extent that it seeks information or documents that contain confidential or proprietary business information, trade secrets, other proprietary information, intellectual property and/or commercially sensitive information.

**Request No. 2:** All documents referring or relating to the purchase, shipment, or delivery of drums from NECC to your plant(s) in New England between 1948 and 1972.

**Objection:** Eastern Color objects to the request to the extent that it is overly broad, oppressive, unduly burdensome, expansive or beyond the permissible scope of discovery under the Federal Rules of Civil Procedure. Eastern Color further objects in whole to the request to the extent that it is not subject to reasonable limitation in time or scope. Eastern Color further objects to the extent that it seeks information or documents that contain confidential or proprietary business information, trade secrets, other proprietary information, intellectual property and/or commercially sensitive information.

**Request No. 3:** All documents identifying, referring or relating to, or constituting lists of materials and other substances, including petroleum products, purchased or used at your plant(s) in New England between 1948 and 1972.

**Objection:** Eastern Color objects to the request to the extent that it is overly broad, oppressive, unduly burdensome, expansive or beyond the permissible scope of discovery under the Federal Rules of Civil Procedure. Eastern Color further objects in whole to the request to the extent that it is not subject to reasonable limitation in time or scope. Eastern Color further objects to the extent that it seeks information or documents that contain confidential or proprietary business information, trade secrets, other proprietary information, intellectual property and/or commercially sensitive information.

**Request No. 4:** All documents identifying, referring or relating to, or constituting lists of customers of NECC at the Centredale Site.

**Objection:** Eastern Color objects to the request to the extent that it is overly broad, oppressive, unduly burdensome, expansive or beyond the permissible scope of discovery under the Federal Rules of Civil Procedure. Eastern Color further objects in whole to the request to the extent that it is not subject to reasonable limitation in time or scope. Eastern Color further objects to the extent that it seeks information or documents that contain confidential or proprietary business information, trade secrets, other proprietary information, intellectual property and/or commercially sensitive information.

**Request No. 5:** All documents identifying, referring or relating to, or constituting lists of the products manufactured, assembled, or formulated at your plant(s) in New England between 1948 and 1972.

**Objection:** Eastern Color objects to the request to the extent that it is overly broad, oppressive, unduly burdensome, expansive or beyond the permissible scope of discovery under the Federal Rules of Civil Procedure. Eastern Color further objects in whole to the request to the extent that it is not subject to reasonable limitation in time or scope. Eastern Color further objects to the extent that it seeks information or documents that contain confidential or proprietary business information, trade secrets, other proprietary information, intellectual property and/or commercially sensitive information.

**Request No. 6:** All documents identifying or referring or relating to any payments made to or received from NECC between 1948 and 1972.

**Objection:** Eastern Color objects to the request to the extent that it is overly broad, oppressive, unduly burdensome, expansive or beyond the permissible scope of discovery under the Federal Rules of Civil Procedure. Eastern Color further objects in

whole to the request to the extent that it is not subject to reasonable limitation in time or scope.

**Request No. 7:** All documents identifying or referring or relating to waste materials generated or the disposal of waste materials at your plant(s) in New England between 1948 and 1972.

**Objection:** Eastern Color objects to the request to the extent that it is overly broad, oppressive, unduly burdensome, expansive or beyond the permissible scope of discovery under the Federal Rules of Civil Procedure. Eastern Color further objects in whole to the request to the extent that it is not subject to reasonable limitation in time or scope.

**Request No. 8:** All documents identifying or referring or relating to vendors who hauled, shipped, disposed of, treated, or recycled waste materials from your plant(s) in New England between 1948 and 1972.

**Objection:** Eastern Color objects to the request to the extent that it is overly broad, oppressive, unduly burdensome, expansive or beyond the permissible scope of discovery under the Federal Rules of Civil Procedure. Eastern Color further objects in whole to the request to the extent that it is not subject to reasonable limitation in time or scope.

**Request No. 9:** All documents identifying or referring or relating to the manner in which waste materials were accumulated or stored at your plant(s) in New England between 1948 and 1972 prior to disposal.

**Objection:** Eastern Color objects to the request to the extent that it is overly broad, oppressive, unduly burdensome, expansive or beyond the permissible scope of

discovery under the Federal Rules of Civil Procedure. Eastern Color further objects in whole to the request to the extent that it is not subject to reasonable limitation in time or scope.

**Request No. 10:** All documents referring or relating to chemical analysis of waste materials generated at your plant(s) in New England between 1948 and 1972.

**Objection:** Eastern Color objects to the request to the extent that it is overly broad, oppressive, unduly burdensome, expansive or beyond the permissible scope of discovery under the Federal Rules of Civil Procedure. Eastern Color further objects in whole to the request to the extent that it is not subject to reasonable limitation in time or scope. Eastern Color further objects to the extent that it seeks information or documents that contain confidential or proprietary business information, trade secrets, other proprietary information, intellectual property and/or commercially sensitive information.

**Request No. 11:** All documents identifying or referring or relating to NECC.

**Objection:** Eastern Color objects to the request to the extent that it is overly broad, oppressive, unduly burdensome, expansive or beyond the permissible scope of discovery under the Federal Rules of Civil Procedure. Eastern Color further objects in whole to the request to the extent that it is not subject to reasonable limitation in time or scope.

**Request No. 12:** All documents identifying, referring or relating to, or constituting any insurance policy issued to you or any of your corporate predecessors with coverage periods spanning any time between 1948 and 1972.

**Objection:** Eastern Color objects to the request to the extent that it is overly broad, oppressive, unduly burdensome, expansive or beyond the permissible scope of

discovery under the Federal Rules of Civil Procedure. Eastern Color further objects in whole to the request to the extent that it is not subject to reasonable limitation in time or scope.

Eastern Color & Chemical Co.

By its attorneys,

/s/ Gregory L. Benik
Gregory L. Benik, Esq. (#1515)
Nixon Peabody LLP
One Citizens Plaza, Suite 500
Providence, RI 02903
(401) 454-1000
(401) 454-1030
gbenik@nixonpeabody.com

Dated: August 7, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of August, 2007, a true copy of the foregoing was served electronically by means of the ECF filing system to:

Kirsten M. Etela
ketela@rc.com

Eric Bradford Hermanson
ebh@choate.com

Jaime J. LaPorte
jlaporte@apslaw.com
ldunne@apslaw.com

John A. Nadas
jan@choate.com

Jack R. Pirozzolo
jpirozzolo@foleyhoag.com

Jason C. Preciphs
jpreciphs@rcfp.com

James W. Ryan
jwr@psh.com
emw@phs.com

Craig M. Scott
cscott@duffysweeney.com
ehanson@duffysweeney.com

R. Kelly Sheridan, Jr.
ksheridan@rcfp.com

Todd D. White
Twhite@apslaw.com
stheriault@apslaw.com

Deming E. Sherman
dsherman@eapdlaw.com

and mailed to the following counsel of record:

John F.X. Peloso, Jr., Esq.
Robinson & Cole, LLP
695 East Main Street
Stamford, CT 06901

Julie C. Rising, Esq.
Choate, Hall & Stewart LLP
Two International Plaza
Boston, MA 02110

Philip C. Swain, Esq.
Foley Hoag LLP
Seaport World Trade Center West
155 Seaport Blvd.
Boston, MA 02109

/s/ Gregory L. Benik
Gregory L. Benik

AO 88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Emhart Industries, Inc.
V.
New England Container company, Inc., Providence Washington Insurance Company and Travelers Casualty & Surety Company

**SUBPOENA IN A CIVIL CASE**

Case Number: [1]06-218-S
District of Rhode Island

A TRUE COPY ATTEST
SERVED
7/25/07 4:43pm
HUGHES LEGAL SUPPORT
7 EVA LANE
CRANSTON, RI 02921
(401) 944-8980

TO: Keeper of the Records of Eastern Color & Chemical Co.
c/o Barry Shepard
35 Livingston Street, Providence, RI 02904

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The witness' testimony will be recorded stenographically and may be recorded by videotape.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE SCHEDULE A

| PLACE | DATE AND TIME |
|---|---|
| Eastern Color & Chemical Co. c/o Barry Shepard<br>35 Livingston Street, Providence, RI 02904 | August 17, 2007; 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Counsel for Plaintiff | July 23, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jack R. Pirozollo
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210 (617) 832-1000

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d) and (e), on the next page)

[1] If action is pending in district other than district of issuance, state district under case number.

## SCHEDULE A

### DEFINITIONS AND INSTRUCTIONS

1. The terms "person" or "persons" include natural persons, firms, corporations, professional corporations, partnerships, joint ventures, proprietorships, associations, and any other forms of organizations or legal entities or groups of persons.

2. The term "communication" means any written, oral or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, question, command, interjection, expression, gesture, suggestive conduct or statement of any nature whatsoever, any conversation (whether by telephone or otherwise), and any meeting, and also including, but not limited to, correspondence, financial records, corporate records, reports and documents as defined immediately below.

3. The terms "document" or "documents" mean and include, without limitation, the original and any duplicate or copy (whether or not different from the original because of notes made on or attached to such copy or otherwise), of any written, printed, recorded or graphic matter, photographic matter, video tapes, sound reproductions however produced or reproduced, notes, telephone messages, letters, telegrams, cable messages, telex messages, records, lists, memoranda, bulletins, e-mails, facsimiles, specifications, instructions, advertisement, pamphlets, literature, work assignments, calendars, diaries, agendas, minutes, transcripts, reports, studies, surveys, valuations, appraisals, memoranda of conversations or interviews, notebooks, drafts, data sheets, charts, work sheets, working papers, contracts, memoranda of agreements, assignments, licenses, orders, ledgers, journals, calculations, invoices, statements, bills, checks, catalogs, books, and all other written/documentary material (including microfilm, tapes, and data processing records, data processing cards, and computer disks) of whatever kind known to you,

whether or not in your possession, custody or control, as well as copies of all the aforesaid items upon which notations in writing have been made which do not appear on the original.

4. A communication or document "concerning," "regarding," "pertaining," "relating," "related," or "which relates" to any given subject or person means any communication or document that constitutes, contains, embodies, concerns, regards, involves, relates to, reflects, identifies, states, refers to, deals with, is authored, transmitted, communicated or originated by, is transmitted or communicated to or received by, or is in any way pertinent to that subject or person, including, without limitation, documents concerning the preparation of other documents.

5. The terms "related to" or "relating to" mean containing, embodying, evidencing, reflecting, identifying, stating, referring to, contradicting, rebutting, inconsistent with, dealing with, bearing upon, or in any way pertaining to, directly or indirectly.

6. If you decline to produce any documents responsive to any of the following document requests because of a claim of privilege, state in each such instance the privilege claimed, the legal and factual basis for the claim, and the identity of each document affected by the claim.

7. The terms "and" and "or" shall be construed conjunctively and disjunctively, as necessary, to make the interrogatory inclusive rather than exclusive.

8. As to any term included herein, the singular includes the plural and vice versa; the masculine includes the feminine and vice versa; and verb tenses include the past, present, and future.

9. The terms "each" and "any" mean "each and every," as well as "any one."

10. The terms "you" and "your" mean Eastern Color & Chemical Co. and any of its

advisors, consultants, attorneys or agents.

11. The term "NECC" means New England Container Company, Inc.

12. The term "Centredale Site" means the real property constituting and located at 2072 and 2074 Smith Street, North Providence, Rhode Island.

13. The term "New England" means the states of Connecticut, Maine, Massachusetts, New Hampshire, Rhode Island, and Vermont.

14. The terms "insurance policy" and "insurance policies" mean any general liability insurance policy.

**DOCUMENTS**

1. All documents referring or relating to the sale, shipment, or delivery of drums, including the quantity of drums and the types of materials or residues of materials contained therein, to NECC at the Centredale Site.

2. All documents referring or relating to the purchase, shipment, or delivery of drums from NECC to your plant(s) in New England between 1948 and 1972.

3. All documents identifying, referring or relating to, or constituting lists of materials and other substances, including petroleum products, purchased or used at your plant(s) in New England between 1948 and 1972.

4. All documents identifying, referring or relating to, or constituting lists of customers of NECC at the Centredale Site.

5. All documents identifying, referring or relating to, or constituting lists of the products manufactured, assembled, or formulated at your plant(s) in New England between 1948 and 1972.

6. All documents identifying or referring or relating to any payments made to or

received from NECC between 1948 and 1972.

7. All documents identifying or referring or relating to waste materials generated or the disposal of waste materials at your plant(s) in New England between 1948 and 1972.

8. All documents identifying or referring or relating to vendors who hauled, shipped, disposed of, treated, or recycled waste materials from your plant(s) in New England between 1948 and 1972.

9. All documents identifying or referring or relating to the manner in which waste materials were accumulated or stored at your plant(s) in New England between 1948 and 1972 prior to disposal.

10. All documents referring or relating to chemical analysis of waste materials generated at your plant(s) in New England between 1948 and 1972.

11. All documents identifying or referring or relating to NECC.

12. All documents identifying, referring or relating to, or constituting any insurance policy issued to you or any of your corporate predecessors with coverage periods spanning any time between 1948 and 1972.