UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NEW ENGLAND CONTAINER COMPANY, INC., PROVIDENCE WASHINGTON INSURANCE COMPANY and TRAVELERS CASUALTY & SURETY COMPANY,<br><br>Defendants. | Civil Action No. CA 06-218-S<br><br>Jury Trial Demanded |

**PLAINTIFF EMHART INDUSTRIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT NEW ENGLAND CONTAINER COMPANY, INC.'S COUNTERCLAIMS**

Plaintiff Emhart Industries, Inc. ("Emhart"), for its answer to the Counterclaim of Defendant New England Container Company, Inc. ("NECC"), hereby represents as follows:

1. Admits the allegations contained in paragraph 1 of the Counterclaim.

2. Admits the allegations contained in paragraph 2 of the Counterclaim.

3. States that the allegations in paragraph 3 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required.

4. States that the allegations in paragraph 4 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required.

5. States that the allegations in paragraph 5 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required.

6. States that the allegations in paragraph 6 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required.

7. States that the allegations in paragraph 7 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required.

8. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Counterclaim.

9. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Counterclaim.

10. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Counterclaim. To the extent a response is required, denies the allegations contained in paragraph 10 of the Counterclaim.

11. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Counterclaim. To the extent a response is required, denies the allegations contained in paragraph 11 of the Counterclaim.

12. Denies the allegations contained in paragraph 12 of the Counterclaim.

13. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of the Counterclaim. To the extent a response is required, denies the allegations contained in paragraph 13 of the Counterclaim.

14. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of the Counterclaim. To the extent a response is required, denies the allegations contained in paragraph 14 of the Counterclaim.

15. Denies the allegations contained in paragraph 15 of the Counterclaim.

16. Denies the allegations contained in paragraph 16 of the Counterclaim. Further answering, states that EPA issued a Notice of Potential Liability relating to the Site to NECC pursuant to Section 107(a) of CERCLA on September 15, 1999.

17. States that the document referenced in paragraph 17 speaks for itself.

18. States that the documents referenced in paragraph 18 speaks for themselves.

19. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Counterclaim. To the extent a response is required, denies the allegations contained in paragraph 19 of the Counterclaim.

20. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of the Counterclaim. Further answering, states that the allegations in paragraph 20 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required.

**Count 1: Cost Recovery Under Section 107 of CERCLA**

. 21. Emhart repeats its responses to paragraphs 1-20 of the Counterclaim as if fully set forth herein.

22. States that the allegations in paragraph 22 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required.

23. States that the allegations in paragraph 23 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required. To the extent an answer is required, denies the allegations contained in paragraph 23 of the Counterclaim.

24. States that the allegations in paragraph 24 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 24 of the Counterclaim.

25. States that the allegations in paragraph 25 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 25 of the Counterclaim.

26. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Counterclaim. To the extent a response is required, denies the allegations contained in paragraph 26 of the Counterclaim.

27. States that the allegations in paragraph 27 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 27 of the Counterclaim.

28. States that the allegations in paragraph 28 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 28 of the Counterclaim.

**Count 2: Industrial Property Remediation and Reuse Act**

29. Emhart repeats its responses to paragraphs 1-28 of the Counterclaim as if fully set forth herein.

30. States that the allegations in paragraph 30 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 30 of the Counterclaim.

31. States that the allegations in paragraph 31 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 31 of the Counterclaim.

32. States that the allegations in paragraph 32 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 32 of the Counterclaim.

33. States that the allegations in paragraph 33 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 33 of the Counterclaim.

34. States that the allegations in paragraph 34 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 34 of the Counterclaim.

35. States that the allegations in paragraph 35 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 35 of the Counterclaim.

36. States that the allegations in paragraph 36 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 36 of the Counterclaim.

**Count 3: Equitable Indemnity**

37. Emhart repeats its responses to paragraphs 1-37 of the Counterclaim as if fully set forth herein.

38. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Counterclaim.

39. States that the allegations in paragraph 39 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 39 of the Counterclaim.

40. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Counterclaim.

41. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Counterclaim. Further answering, states that the allegations in paragraph 41 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required.

42. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Counterclaim.

43. Admits that Emhart has incurred response costs under CERCLA, but except as otherwise admitted, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 43.

44. States that the allegations in paragraph 44 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 44 of the Counterclaim.

45. States that the allegations in paragraph 45 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 45 of the Counterclaim.

**Count 4: Declaratory Judgment**

46. Emhart repeats its responses to paragraphs 1-45 of the Counterclaim as if fully set forth herein.

47. States that the allegations in paragraph 47 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required.

48. States that the allegations in paragraph 48 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 48 of the Counterclaim.

**Count 5: Injunctive Relief**

50.[1] Emhart repeats its responses to paragraphs 1-48 of the Counterclaim as if fully set forth herein.

51. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Counterclaim.

52. States that the allegations in paragraph 52 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 52 of the Counterclaim.

53. States that the allegations in paragraph 53 of the Counterclaim contain legal conclusions and/or characterizations as to which no response is required. To the extent a response is required, denies the allegations contained in paragraph 53 of the Counterclaim.

**FIRST AFFIRMATIVE DEFENSE**

Defendant has failed to mitigate the injuries or damages it has alleged.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff has breached no duty owed to Defendant.

**THIRD AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred by the doctrine of laches.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred by the doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

[1] The Counterclaim omitted paragraph 49. In order to avoid confusion, Emhart's response tracks the paragraphs of the Counterclaim and accordingly also lacks paragraph 49.

Defendant's Counterclaims are barred by the applicable statute of limitations.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant has failed to state a claim upon which relief may be granted.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred by Defendant's contributory negligence.

**NINTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred by the doctrine of res judicata.

**TENTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred by the doctrine of collateral estoppel.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff is entitled to a setoff against the Defendant's Counterclaims.

**TWELFTH AFFIRMATIVE DEFENSE**

No action by Plaintiff caused the injuries and damages alleged.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Any liability of Plaintiff is divisible from the harm at the Site for which Defendant is liable.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The alleged incidents and damages of which Defendant's Counterclaims were caused solely by the separate, independent, and/or negligent acts and/or omissions of Defendant and/or third parties over whom Plaintiff exerted no influence or control.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Recovery by Defendant would violate the rights of Plaintiff to due process and equal protection as guaranteed by both the United States and Rhode Island Constitutions.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Holding Plaintiff liable under Defendant's Counterclaim would be inequitable, contrary to public policy, and fundamentally unfair.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Some or all of Defendant's claims are barred because it failed to act in good faith.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Some or all of Defendant's claims are barred under the doctrine of unclean hands in all forms recognized by applicable law.

**NINETEENTH AFFIRMATIVE DEFENSE**

Some or all of Defendant's claims are barred under the doctrine of recoupment.

**TWENTIETH AFFIRMATIVE DEFENSE**

Defendant lacks standing to assert some or all of its claims.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Some or all of Defendant's claims are barred under the doctrine of election of remedies in all forms recognized by applicable law.

WHEREFORE, Emhart respectfully requests (a) that NECC's Counterclaim be dismissed with prejudice; (b) that Emhart be granted the relief sought in its Complaint and any other relief deemed just and proper by the Court.

Respectfully submitted,

EMHART INDUSTRIES, INC.

By its attorneys,

/s/ Rachelle R. Green
Craig M. Scott, Esq. (#4237)
Rachelle R. Green, Esq. (#5870)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
Tel: (401) 455-0700
Fax: (401) 455-0701

OF COUNSEL:
Jack R. Pirozzolo, Esq.
Philip C. Swain, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
Tel: (617) 832-1000
Fax: (617) 832-7000

Dated: October 9, 2007

**CERTIFICATE OF SERVICE**

I, Rachelle R. Green, hereby certify that a true copy of the foregoing PLAINTIFF EMHART INDUSTRIES, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT NEW ENGLAND CONTAINER COMPANY, INC.'S COUNTERCLAIM was filed through the ECF system on the 9th day of October, 2007 and will be sent electronically to the registered participants identified on the Notice of Electronic Filing and that I further caused counsel indicated as non registered participants listed below to be served via First Class Mail:

James W. Ryan, Esq.
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903
Counsel for New England Container Company, Inc.

Kristen M. Etela, Esq.
John F.X. Peloso, Jr., Esq.
Robinson & Cole
695 East Main Street
Stamford, CT 06901-2141
Pro Hac Counsel for New England Container Corporation

R. Kelly Sheridan, Esq.
Jason C. Preciphs, Esq.
Roberts Carroll Feldstein & Peirce
10 Weybosset Street
Providence, RI 02903
Counsel for Travelers Casualty & Surety Company

Eric B. Hermanson, Esq.
John A. Nadas, Esq.
Julia C. Rising, Esq.
Choate, Hall & Stewart, LLP
Two International Place
Boston, MA 02110
Pro Hac Counsel for Travelers Casualty & Surety Company

Todd D. White, Esq.
Jamie LaPorte, Esq.
Adler Pollock & Sheehan PC
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345
Counsel for Providence Washington Insurance Company

Jack R. Pirozzolo, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
Pro Hac Counsel for Emhart Industries, Inc.

/s/ Rachelle R. Green
Rachelle R. Green