AO 88 (Rev. 12/06) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

Emhart Industries, Inc.

V.

New England Container Company, Inc., Providence Washington Insurance Company and Travelers Casualty & Surety Company

## SUBPOENA IN A CIVIL CASE

Case Number: [1] 06-218-S
District of Rhode Island

TO: Keeper of the Records of BNS Co. f/k/a Browne & Sharpe Manufacturing Co.
C/o CT Corporation -- Registered Agent
10 Weybosset Street, Providence, Rhode Island 02903

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
| --- | --- |
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case. The witness' testimony will be recorded stenographically and may be recorded by videotape.

| PLACE OF DEPOSITION | DATE AND TIME |
| --- | --- |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

SEE SCHEDULE A

| PLACE | DATE AND TIME |
| --- | --- |
| Duffy Sweeney & Scott, Ltd.<br>One Turks Head Place, Suite 1200<br>Providence, RI 02903 | October 30, 2007; 10:00 a.m. |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
| --- | --- |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
| --- | --- |
| [signature] Counsel for Plaintiff | September 27, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Jack Pirozzolo
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210 (617) 832-1000

A TRUE COPY ATTEST
SERVED
[signature]
10/1/07 110pm

[1] If action is pending in district other than district of issuance, state district under case number.

# SCHEDULE A

## DEFINITIONS AND INSTRUCTIONS

1. The terms "person" or "persons" include natural persons, firms, corporations, professional corporations, partnerships, joint ventures, proprietorships, associations, and any other forms of organizations or legal entities or groups of persons.

2. The term "communication" means any written, oral or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, question, command, interjection, expression, gesture, suggestive conduct or statement of any nature whatsoever, any conversation (whether by telephone or otherwise), and any meeting, and also including, but not limited to, correspondence, financial records, corporate records, reports and documents as defined immediately below.

3. The terms "document" or "documents" mean and include, without limitation, the original and any duplicate or copy (whether or not different from the original because of notes made on or attached to such copy or otherwise), of any written, printed, recorded or graphic matter, photographic matter, video tapes, sound reproductions however produced or reproduced, notes, telephone messages, letters, telegrams, cable messages, telex messages, records, lists, memoranda, bulletins, e-mails, facsimiles, specifications, instructions, advertisement, pamphlets, literature, work assignments, calendars, diaries, agendas, minutes, transcripts, reports, studies, surveys, valuations, appraisals, memoranda of conversations or interviews, notebooks, drafts, data sheets, charts, work sheets, working papers, contracts, memoranda of agreements, assignments, licenses, orders, ledgers, journals, calculations, invoices, statements, bills, checks, catalogs, books, and all other written/documentary material (including microfilm, tapes, and data processing records, data processing cards, and computer disks) of whatever kind known to you,

whether or not in your possession, custody or control, as well as copies of all the aforesaid items upon which notations in writing have been made which do not appear on the original.

4. A communication or document "concerning," "regarding," "pertaining," "relating," "related," or "which relates" to any given subject or person means any communication or document that constitutes, contains, embodies, concerns, regards, involves, relates to, reflects, identifies, states, refers to, deals with, is authored, transmitted, communicated or originated by, is transmitted or communicated to or received by, or is in any way pertinent to that subject or person, including, without limitation, documents concerning the preparation of other documents.

5. The terms "related to" or "relating to" mean containing, embodying, evidencing, reflecting, identifying, stating, referring to, contradicting, rebutting, inconsistent with, dealing with, bearing upon, or in any way pertaining to, directly or indirectly.

6. If you decline to produce any documents responsive to any of the following document requests because of a claim of privilege, state in each such instance the privilege claimed, the legal and factual basis for the claim, and the identity of each document affected by the claim.

7. The terms "and" and "or" shall be construed conjunctively and disjunctively, as necessary, to make the interrogatory inclusive rather than exclusive.

8. As to any term included herein, the singular includes the plural and vice versa; the masculine includes the feminine and vice versa; and verb tenses include the past, present, and future.

9. The terms "each" and "any" mean "each and every," as well as "any one."

10. The terms "you" and "your" mean BNS Co. f/k/a Browne & Sharpe

Manufacturing Co. and any of its advisors, consultants, attorneys or agents.

11. The term "NECC" means New England Container Company, Inc.

12. The term "Centredale Site" means the real property constituting and located at 2072 and 2074 Smith Street, North Providence, Rhode Island.

13. The term "New England" means the states of Connecticut, Maine, Massachusetts, New Hampshire, Rhode Island, and Vermont.

14. The terms "insurance policy" and "insurance policies" mean any general liability insurance policy.

## DOCUMENTS

1. All documents referring or relating to the sale, shipment, or delivery of drums, including the quantity of drums and the types of materials or residues of materials contained therein, to NECC at the Centredale Site.

2. All documents referring or relating to the purchase, shipment, or delivery of drums from NECC to your plant(s) in New England between 1948 and 1972.

3. All documents identifying, referring or relating to, or constituting lists of materials and other substances, including petroleum products, purchased or used at your plant(s) in New England between 1948 and 1972.

4. All documents identifying, referring or relating to, or constituting lists of customers of NECC at the Centredale Site.

5. All documents identifying, referring or relating to, or constituting lists of the products manufactured, assembled, or formulated at your plant(s) in New England between 1948 and 1972.

6. All documents identifying or referring or relating to any payments made to or

received from NECC between 1948 and 1972.

7. All documents identifying or referring or relating to waste materials generated or the disposal of waste materials at your plant(s) in New England between 1948 and 1972.

8. All documents identifying or referring or relating to vendors who hauled, shipped, disposed of, treated, or recycled waste materials from your plant(s) in New England between 1948 and 1972.

9. All documents identifying or referring or relating to the manner in which waste materials were accumulated or stored at your plant(s) in New England between 1948 and 1972 prior to disposal.

10. All documents referring or relating to chemical analysis of waste materials generated at your plant(s) in New England between 1948 and 1972.

11. All documents identifying or referring or relating to NECC.

12. All documents identifying, referring or relating to, or constituting any insurance policy issued to you or any of your corporate predecessors with coverage periods spanning any time between 1948 and 1972.