**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NEW ENGLAND CONTAINER COMPANY, INC., PROVIDENCE WASHINGTON INSURANCE COMPANY and TRAVELERS CASUALTY & SURETY COMPANY,<br><br>Defendants. | Civil Action No. CA 06-218-S<br><br>Jury Trial Demanded |

**PLAINTIFF EMHART INDUSTRIES, INC.'S AMENDED ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT NEW ENGLAND CONTAINER COMPANY. INC.'S COUNTERCLAIMS**

Plaintiff Emhart Industries, Inc. ("Emhart") amends its answer to the Counterclaim of Defendant New England Container Company, Inc. ("NECC") as follows:

1. Admits that it is a Connecticut corporation, but states that it was dissolved on February 28, 2002 under Connecticut law, including the provisions now codified in Sections 33-886 and 33-887 of the Connecticut General Statutes, and lacks the capacity to be sued.

2. Admits the allegations contained in paragraph 2 of the Counterclaim.

3. Admits the allegations contained in paragraph 3 of the Counterclaim, except denies as to Count 5, which does not arise under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") or the laws of the United States.

4. Admits the allegations contained in paragraph 4 of the Counterclaim.

5. Admits the allegations contained in paragraph 5 of the Counterclaim.

6. Admits the allegations contained in paragraph 6 of the Counterclaim.

7. States that the allegations contained in paragraph 7 of the Counterclaim are legal conclusions and/or characterizations as to which no response is required.

8. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of the Counterclaim.

9. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 9 of the Counterclaim.

10. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 10 of the Counterclaim.

11. Admits that Metro-Atlantic produced chemicals on a portion of the Site between 1944 and 1968, and denies the remaining allegations contained in paragraph 11 of the Counterclaim.

12. Denies the allegations contained in paragraph 12 of the Counterclaim.

13. Admits that Metro-Atlantic manufactured hexachlorophene for a period of less than one year starting in or about 1964, and denies the remaining allegations contained in paragraph 13 of the Counterclaim.

14. Denies the allegations contained in paragraph 14 of the Counterclaim.

15. Denies the allegations contained in paragraph 15 of the Counterclaim.

16. Admits that EPA issued to NECC a Notice of Potential Liability with respect to the Site on September 15, 1999, and denies the remaining allegations contained in paragraph 16 of the Counterclaim.

17. States that the document referenced in paragraph 17 of the Counterclaim speaks for itself.

18. Admits the allegations contained in paragraph 18 of the Counterclaim.

19. Admits that NECC participated in implementing actions required under the Orders, but, except as admitted, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 19 of the Counterclaim.

20. Admits that EPA has asserted that it has incurred at least $15 million in response costs at the Site to date, but, except as admitted, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 20 of the Counterclaim.

**Count 1: Cost Recovery Under Section 107 of CERCLA**

21. Emhart repeats its responses to paragraphs 1-20 of the Counterclaim as if fully set forth herein.

22. Admits the allegations contained in paragraph 22 of the Counterclaim.

23. Denies the allegations contained in paragraph 23 of the Counterclaim.

24. Denies the allegations contained in paragraph 24 of the Counterclaim.

25. Denies the allegations contained in paragraph 25 of the Counterclaim.

26. Denies that Emhart has caused a release of hazardous substances at the Site, and lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 26 of the Counterclaim.

27. Denies the allegations contained in paragraph 27 of the Counterclaim.

28. Denies the allegations contained in paragraph 28 of the Counterclaim.

**Count 2: Industrial Property Remediation and Reuse Act**

29. Emhart repeats its responses to paragraphs 1-28 of the Counterclaim as if fully set forth herein.

30. Denies the allegations contained in paragraph 30 of the Counterclaim.

31. Denies the allegations contained in paragraph 31 of the Counterclaim.

32. Admits the allegations contained in paragraph 32 of the Counterclaim.

33. Denies the allegations contained in paragraph 33 of the Counterclaim.

34. Denies the allegations contained in paragraph 34 of the Counterclaim.

35. Denies the allegations contained in paragraph 35 of the Counterclaim.

36. Denies the allegations contained in paragraph 36 of the Counterclaim.

**Count 3: Equitable Indemnity**

37. Emhart repeats its responses to paragraphs 1-36 of the Counterclaim as if fully set forth herein.

38. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Counterclaim.

39. Denies the allegations contained in paragraph 39 of the Counterclaim.

40. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Counterclaim.

41. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Counterclaim.

42. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Counterclaim.

43. Admits that Emhart has incurred response costs, and is likely to incur additional response costs, under CERCLA, but, except as otherwise admitted, lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 43 of the Counterclaim.

44. Denies the allegations contained in paragraph 44 of the Counterclaim.

45. Denies the allegations contained in paragraph 45 of the Counterclaim.

**Count 4: Declaratory Judgment**

46. Emhart repeats its responses to paragraphs 1-45 of the Counterclaim as if fully set forth herein.

47. Admits the allegations contained in paragraph 47 of the Counterclaim.

48. Denies the allegations contained in paragraph 48 of the Counterclaim.

**Count 5: Injunctive Relief**

50.[1] Emhart repeats its responses to paragraphs 1-48 of the Counterclaim as if fully set forth herein.

51. Lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 51 of the Counterclaim.

52. Denies the allegations contained in paragraph 52 of the Counterclaim.

53. Denies the allegations contained in paragraph 53 of the Counterclaim.

**FIRST AFFIRMATIVE DEFENSE**

Emhart lacks the capacity to be sued as it was dissolved on February 28, 2002 under Connecticut law, including the provisions now codified in Sections 33-886 and 33-887 of the Connecticut General Statutes.

**SECOND AFFIRMATIVE DEFENSE**

Defendant has failed to mitigate the injuries or damages it has alleged.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff has breached no duty owed to Defendant.

[1] The Counterclaim omitted paragraph 49. In order to avoid confusion, Emhart's response tracks the paragraphs of the Counterclaim and accordingly also lacks paragraph 49.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred by the doctrine of waiver.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred by the applicable statute of limitations.

**EIGHTH AFFIRMATIVE DEFENSE**

Defendant has failed to state a claim upon which relief may be granted, including, without limitation, for cost recovery under Section 107 of CERCLA.

**NINTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred by Defendant's contributory negligence.

**TENTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred by the doctrine of res judicata.

**ELEVENTH AFFIRMATIVE DEFENSE**

Defendant's Counterclaims are barred by the doctrine of collateral estoppel.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff is entitled to a setoff against the Defendant's Counterclaims.

**THIRTEENTH AFFIRMATIVE DEFENSE**

No action by Plaintiff caused the injuries and damages alleged.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Any alleged liability of Plaintiff is divisible from the harm at the Site for which Defendant and other parties are liable and the costs and damages, if any, caused by such harm should be apportioned among the persons who allegedly caused the harm.

**FIFTEENTH AFFIRMATIVE DEFENSE**

The alleged incidents and damages of which Defendant complains were caused solely by the separate, independent, and/or negligent acts and/or omissions of Defendant and/or third parties over whom Plaintiff exerted no influence or control.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Recovery by Defendant would violate the rights of Plaintiff to due process and equal protection as guaranteed by both the United States and Rhode Island Constitutions.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Holding Plaintiff liable under Defendant's Counterclaim would be inequitable, contrary to public policy, and fundamentally unfair.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Some or all of Defendant's claims are barred because it failed to act in good faith.

**NINETEENTH AFFIRMATIVE DEFENSE**

Some or all of Defendant's claims are barred under the doctrine of unclean hands in all forms recognized by applicable law.

**TWENTIETH AFFIRMATIVE DEFENSE**

Some or all of Defendant's claims are barred under the doctrine of recoupment.

**TWENTY FIRST AFFIRMATIVE DEFENSE**

Defendant lacks standing to assert some or all of its claims.

**TWENTY SECOND AFFIRMATIVE DEFENSE**

Some or all of Defendant's claims are barred under the doctrine of election of remedies in all forms recognized by applicable law.

WHEREFORE, Emhart respectfully requests (a) that NECC's Counterclaim be dismissed with prejudice; (b) that Emhart be granted the relief sought in its Complaint and any other relief deemed just and proper by the Court.

Respectfully submitted,

EMHART INDUSTRIES, INC.

By its attorneys,

/s/ Rachelle R. Green
Craig M. Scott, Esq. (#4237)
Rachelle R. Green, Esq. (#5870)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
Tel: (401) 455-0700
Fax: (401) 455-0701

OF COUNSEL:
Jack R. Pirozzolo, Esq.
Philip C. Swain, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
Tel: (617) 832-1000
Fax: (617) 832-7000

Dated: October 29, 2007

**CERTIFICATE OF SERVICE**

I, Rachelle R. Green, hereby certify that a true copy of the foregoing *Plaintiff Emhart Industries, Inc.'s Answer And Affirmative Defenses To Defendant New England Container Company, Inc.'s Counterclaim* was filed through the ECF system on the 29th day of October, 2007 and will be sent electronically to the registered participants identified on the Notice of Electronic Filing and that I further caused counsel indicated as non registered participants listed below to be served via First Class Mail:

John F.X. Peloso, Jr., Esq.
Robinson & Cole, LLP
695 East Main Street
Stamford, CT 06901

Julie C. Rising, Esq.
Choate, Hall & Stewart LLP
Two International Place
Boston, MA 02110

/s/ Rachelle R. Green
Rachelle R. Green

*H:\Clients\Emhart Industries, Inc\New England Container Corp. (NECC) (06-218) USDC\Pleadings\Amended Answer to NECC Federal Counterclaim 10-29-07.DOC*