**UNITED STATES DISTRICT COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| **EMHART INDUSTRIES, INC.,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NEW ENGLAND CONTAINER COMPANY, INC., ET AL.**<br><br>**Defendants.** | **CIVIL ACTION NO. 06-218** |

**LOCAL RULE 16(c) STATEMENT OF ELEMENTS OF CLAIMS OF NEW ENGLAND CONTAINER COMPANY, INC.**

New England Container Company, Inc. ("NECC"), pursuant to Local Rule 16(c), submits the following statement of the elements of its counterclaims for (1) cost recovery under Section 107 of the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. Section 9601, *et seq.* ("CERCLA"), (2) all necessary costs incurred for remedial or response actions under the Industrial Property Remediation and Reuse Act, R.I. Gen. Laws Section 23-19.14-1, *et seq.*, (3) equitable indemnity, (4) declaratory judgment, and (5) injunctive relief.

I. Cost Recovery under Section 107 of CERCLA. There are four elements necessary for NECC's prima facie case in its counterclaim under CERCLA:

1. Emhart Industries, Inc. ("Emhart") must fall within one of four categories of covered persons under 42 U.S.C. § 9607(a);

2. There must have been a "release or threatened release" of a hazardous substance from a "facility";

3. The release or threatened release must have "cause[d] the incurrence of response costs" by NECC; and

4. NECC's costs must be "necessary costs of response . . . consistent with the national contingency plan."

See *Dedham Water Co. v. Cumberland Farms Dairy, Inc.*, 889 F.2d 1146, 1150 (1st Cir. 1989), citing *Artesian Water Co. v. Government of New Castle County*, 659 F. Supp. 1269, 1278 (D. Del. 1987), *aff'd*, 851 F.2d 643 (3d Cir. 1988).

To be a "covered person" within the meaning of CERCLA liability, Emhart must be:

(1) the owner and operator of … a facility,

(2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,

(3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility … owned or operated by another party or entity and containing such hazardous substances, and

(4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, … or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance… .

42 U.S.C. § 9607(a).

In addition, the Site must be a "facility" within the meaning of 42 U.S.C. § 9601(9). CERCLA defines "facility" as "… any site or area where a hazardous substance has been

deposited, stored, disposed of, or placed, or otherwise come to be located…" 42 U.S.C. § 9601(9).

II. Industrial Property Remediation and Reuse Act. To satisfy the elements necessary for NECC's counterclaim under R.I. Gen. Laws Section 23-19.14-1, *et seq.*, NECC must establish that:

1. Emhart is a "responsible party" within the meaning of R.I. Gen. Laws § 23-19.14-6(a);
2. There was a "release or threatened release" of a "hazardous material" from a "site," as those terms are defined by the statute;
3. The release or threatened release "cause[d] the incurrence of response costs" by NECC; and
4. NECC's costs are "necessary costs of removal or remedial action."

III. Equitable Indemnity. There are three elements to a claim for equitable indemnity: 1) the party seeking indemnity must be liable to a third party; 2) the prospective indemnitor must also be liable to the third party; and 3) as between the prospective indemnitor and indemnitee, equity requires the obligation be discharged by the potential indemnitor. See *Muldowney v. Weatherking Prods., Inc.*, 509 A.2d 441, 443 (R.I. 1986). In this case, NECC is liable to the U.S. Environmental Protection Agency ("EPA") as a potentially responsible party ("PRP"), Emhart is also liable to EPA as a PRP, and as between Emhart and NECC, equity requires that Emhart discharge the obligations at the Site.

IV. Declaratory Judgment. To sustain an action for declaratory judgment, there must be an actual controversy between the parties. In addition, in order to prevail on counterclaim

seeking a declaration that Emhart is liable to NECC for costs that NECC will incur with respect to the Site, NECC must prove:

> 1. That [Emhart and NECC] share a common liability for future response costs (i.e., that they are jointly and severally liable for those costs);
> 2. The percentage or *pro rata* share of the common liability that is attributable to [Emhart and NECC]; and
> 3. A reasonable likelihood that [NECC] will be required to pay more than its *pro rata* or fair share of the common liability.

*United States v. Davis*, 20 F. Supp. 2d 326, 332-333 (D.R.I. 1998), citing *Boeing*, 920 F. Supp. at 1140 and *United Tech. Corp. v. Browning-Ferris Indus., Inc.*, 33 F.3d 96, 100 (1st Cir. 1994).

V. Injunctive Relief. The traditional elements that NECC must show for injunctive relief are: 1) irreparable harm if the injunction is not granted, 2) inadequacy of a legal remedy, 3) that the public interest will not be adversely affected by granting the injunction; and 4) that the harm to NECC outweighs any harm to Emhart by granting the injunction. See *Ocean State Physicians Health Plan, Inc. v. Blue Cross & Blue Shield*, 692 F. Supp. 52, 74 (D.R.I. 1988).

DEFENDANT,

NEW ENGLAND CONTAINER COMPANY, INC.,

By Its Attorneys

PARTRIDGE SNOW & HAHN LLP

/s/ James W. Ryan
James W. Ryan (#4042)
180 South Main Street
Providence, RI 02903
(401) 861-8200
(401) 861-8210 FAX
jwr@psh.com

Of Counsel:
John F.X. Peloso, Jr., Esq.
Kirstin M. Etela, Esq.
Robinson & Cole LLP
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
(203) 462-7500
(203) 462-7599 FAX
jpeloso@rc.com
ketela@rc.com

DATED: November 14, 2007

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on November 14, 2007.

/s/ James W. Ryan