**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br><br>v.<br><br>NEW ENGLAND CONTAINER COMPANY, INC., PROVIDENCE WASHINGTON INSURANCE COMPANY and TRAVELERS CASUALTY & SURETY COMPANY,<br><br>Defendants. | Civil Action No. CA 06-218-S |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF EMHART INDUSTRIES, INC.'S MOTION FOR PARTIAL RELIEF OF STAY TO CONDUCT DISCOVERY AGAINST INSURANCE DEFENDANTS**

Plaintiff Emhart Industries, Inc. ("Emhart") hereby moves (the "Motion") for limited relief of this Court's August 15, 2007 Order (the "Order") severing and staying Emhart's action against defendants Providence Washington Insurance Company ("PWIC") and Travelers Casualty & Surety Company ("Travelers"), collectively, (the "Insurers").

Emhart seeks leave to conduct discovery of the Insurers to determine the existence of policies and coverage thereunder issued by the Insurers to defendant New England Container Company, Inc. ("NECC"). Emhart presently anticipates that discovery for this purpose will consist of the single Request for Production of Documents and Set of Interrogatories already served on both of the Insurers and attached hereto at Exhibits A - D and follow up deposition and document requests.

The purpose of this motion is to preserve evidence that may otherwise be lost due to he passage of time. Moreover, PWIC's recent request for mediation (in its letter to the Court dated

November 6, 2007) demonstrates the relevance of this discovery on the existence of relevant policies and coverage. The parties cannot have an effective mediation until all potentially applicable policies and coverage have been identified to Emhart.

## PROCEDURAL BACKGROUND

Emhart first filed its Complaint against NECC and the Insurers for damages, injunctive relief and declaratory relief arising out of environmental contamination at the Centredale Manor Superfund Site (the "Site") on May 11, 2006. Subsequently, NECC and the Insurers individually filed motions to dismiss the action. The Court denied NECC's motion to dismiss on March 20, 2007.[1] On August 15, 2007, the Court issued an Order *sua sponte* severing and staying Emhart's action against the Insurers "pending resolution of the underlying cost recovery action between Emhart and . . . NECC." August 15, 2007 Order at 1. By letter dated November 6, 2007, PWIC sought the assistance of the Court in arranging a mediation among the Insurers, NECC and Emhart.

## ARGUMENT

The discovery that Emhart seeks from the Insurers does not concern an insurer's liability with respect to its duties to defend or indemnify an insured or the consequences of breaches thereof in any way. The discovery sought is limited to documents and facts about the existence of insurance policies and extent of relevant coverage, which could be more difficult to obtain at a later date. At bottom, this motion simply seeks to preserve evidence. Further, the discovery is necessary if the mediation that PWIC proposes is to have any chance of success. Emhart cannot make an informed decision regarding the reasonableness of any settlement proposal unless it is

---

[1] The Court found that Emhart's claim for an implied right to contribution was proper under CERCLA § 107(a), 42 U.S.C. § 9607(a). The United States Supreme Court subsequently held that CERCLA § 107(a) provides certain private parties, including PRPs, with a cause of action to recover response costs from other PRPs. See United States v. Atlantic Research Corp., 127 S. Ct. 2331 (2007).

fully apprised of the existence of all applicable insurance policies and the extent of coverage thereunder.

It is well settled that a federal district court has the inherent power to modify an interlocutory order prior to the entry of judgment. Smith v. Massachusetts, 543 U.S. 462, 476 (2005). In this case, the Court should grant Emhart's motion for relief of stay because doing so is necessary for full adjudication of Emhart's claims against NECC. Additionally, the information such discovery would likely yield will have the effect of enhancing the likelihood of settlement of this matter. Accordingly, allowing Emhart to take the discovery requested also furthers the interest in conserving scarce judicial resources. See Lagrotteria v. Baranski, 42 B.R. 864, 866 (Bankr. N.D. Ill. 1984)(relief from stay is appropriate where it results in conservation of scarce judicial resources).

## I. Discovery From The Insurers Is Necessary To Fully Adjudicate Emhart's Claims Against NECC

Emhart is seeking damages from NECC for cost recovery and/or contribution under CERCLA, the Industrial Property Remediation and Reuse Act (R.I. Gen. Laws. § 23-19.14-1 *et seq.*), the Hazardous Waste Management Act (R.I. Gen. Laws § 23-19.1), as well as for equitable indemnification. See Compl. ¶¶ 30-68. Emhart is informed and believes that "in the absence of the indemnification benefits available to NECC under the [Travelers and PWIC] Policies, NECC will be unable to satisfy a judgment for the money damages that Emhart will recover if it prevails against NECC with respect to the claims asserted herein." Compl. ¶¶ 89 and 94. Thus, if Emhart prevails on all or some of its claims against NECC, there will be a need to assess the extent to which NECC is able to satisfy a judgment encompassing liability to Emhart. Without discovery from the Insurers as to policies issued to NECC and coverage thereunder, information will likely remain incomplete, as NECC may not have complete records regarding each and

every insurance policy issued by the Insurers which might provide it with coverage applicable to its liability to Emhart in this matter.

This concern regarding insurance policies relevant to Emhart's claims is based in part on the fact that Emhart currently has no information regarding whether any policy at all, by the Insurers or otherwise, was issued to NECC for the period from 1952, when NECC commenced operations at the Site, to 1969, when the first Travelers policy was issued. See Compl. ¶ 9. It would be highly unusual for there not to have been any insurance coverage issued during that 17-year period. Accordingly, discovery from both Travelers and PWIC regarding the narrow, limited issue of insurance policies issued to NECC and the extent of coverage thereunder is necessary to protect against an otherwise incomplete assessment of the monies potentially available to cover NECC's liability to Emhart.

This action involves events that took place over a broad span of time, beginning in the 1950s. See Compl. ¶ 25. As decades have since passed, those involved may now have faded memories or may no longer be available to testify at all, and documents crucial to the resolution of this case may become increasingly difficult to obtain. Accordingly, further delay of discovery regarding a key aspect of this case could result in substantial prejudice to Emhart in its efforts to recover money damages if Emhart prevails on its claims against NECC.

Finally, as discussed above, in order to have the best chance of a successful mediation, Emhart should have knowledge of all potentially applicable policies and coverage.

WHEREFORE, Emhart respectfully requests that this Court grant its motion for relief from the stay currently in place for the purpose of taking the requested discovery from the Insurers on the issue of insurance policies and coverage thereunder.

Respectfully submitted,

EMHART INDUSTRIES, INC.

By its attorneys,

/s/ Rachelle R. Green
Craig M. Scott, Esq. (#4237)
Rachelle R. Green (#5870)
Duffy Sweeney & Scott, Ltd.
One Turks Head Place, Suite 1200
Providence, RI 02903
Tel: (401) 455-0700
Fax: (401) 455-0701

OF COUNSEL:
Jack R. Pirozzolo, Esq.
Philip C. Swain, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210
Tel: (617) 832-1000
Fax: (617) 832-7000

Dated: November 15, 2007

**CERTIFICATE OF SERVICE**

I, Rachelle R. Green, hereby certify that a true copy of the foregoing of MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF EMHART INDUSTRIES, INC.'S MOTION FOR RELIEF OF STAY TO CONDUCT DISCOVERY was filed through the ECF system on the 15th day of November, 2007 and will be sent electronically to counsel who are registered participants identified on the Notice of Electronic Filing:

James W. Ryan, Esq.
Partridge Snow & Hahn, LLP
180 South Main Street
Providence, RI 02903

R. Kelly Sheridan, Esq.
Jason C. Preciphs, Esq.
Roberts Carroll Feldstein & Peirce
10 Weybosset Street
Providence, RI 02903

Todd D. White, Esq.
Jamie LaPorte, Esq.
Adler Pollock & Sheehan PC
One Citizens Plaza, 8th Floor
Providence, RI 02903-1345

Eric B. Hermanson, Esq.
John A. Nadas, Esq.
Julie C. Rising, Esq.
Choate, Hall & Stewart, LLP
Two International Place
Boston, MA 02110

John F.X. Peloso, Jr., Esq.
Kirsten M. Etela, Esq.
Robinson & Cole
695 East Main Street
Stamford, CT 06901-2141

Jack R. Pirozzolo, Esq.
Philip C. Swain, Esq.
Foley Hoag LLP
155 Seaport Boulevard
Boston, MA 02210

/s/ Rachelle R. Green
Rachelle R. Green

*H:\Clients\Emhart Industries, Inc\New England Container Corp. (NECC) (06-218) USDC\Pleadings\Memo re Motion To Lift Stay.DOC*