# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No.: 06-218-S |
| | ) | |
| NEW ENGLAND CONTAINER COMPANY, INC., PROVIDENCE WASHINGTON INSURANCE COMPANY and TRAVELERS CASUALTY & SURETY COMPANY | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT NEW ENGLAND CONTAINER COMPANY, INC.'S MOTION TO AMEND ITS ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure and Local Rule 15, Defendant New England Container Company, Inc. ("NECC") hereby moves for leave to file a second amended answer, affirmative defenses, and counterclaim in the form annexed hereto as Exhibit A. The purpose of this amendment is to: (1) add a counterclaim under Section 113(f) of the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.* ("CERCLA"); and (2) amend certain responses and statements set forth in NECC's amended answer, affirmative defenses, and counterclaim.

NECC respectfully submits that such leave should be granted because: (1) the request is reasonable, (2) none of the parties will be prejudiced by the proposed amendments, and (3) the interests of fundamental fairness and justice would be served by granting the request.

WHEREFORE, for the foregoing reasons and those set forth in the accompanying memorandum of law, this Court should grant NECC leave to file a second amended answer, affirmative defenses, and counterclaim.

NEW ENGLAND CONTAINER COMPANY, INC.

By Their Attorneys,

/s/ James W. Ryan
James W. Ryan, Esq. (#4042)
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903
401-861-8200
401-861-8210 (fax)
jwr@psh.com

DATED: February 29, 2008

OF COUNSEL:
John F.X. Peloso, Jr.
Robinson & Cole LLP
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Main (203) 462-7500
Fax (203) 462-7599
jpeloso@rc.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 29, 2008.

/s/ James W. Ryan

# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC.,<br><br>Plaintiff,<br>v.<br><br>NEW ENGLAND CONTAINER COMPANY, INC., PROVIDENCE WASHINGTON INSURANCE COMPANY and TRAVELERS CASUALTY & SURETY COMPANY<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.: 06-218-S |

**<u>DEFENDANT NEW ENGLAND CONTAINER COMPANY, INC.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO AMEND ITS ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM</u>**

Pursuant to Rule 15 of the Federal Rules of Civil Procedure and Local Rule 15, Defendant New England Container Company, Inc. ("NECC") hereby moves for leave to file a second amended answer, affirmative defenses, and counterclaim. The purpose of this amendment is to: (1) add a counterclaim under Section 113(f) of the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9601 *et seq.* ("CERCLA"); and (2) amend certain responses and statements set forth in NECC's amended answer and counterclaim. For the reasons set forth below, NECC respectfully requests that this motion be granted.

**<u>LEGAL STANDARD</u>**

Leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure is freely given. *See* Fed. R. Civ. P. 15(a)(2); *Torres-Alamo v. Puerto Rico*, 502 F.3d 20, 25 (1st Cir. 2007). This approach "reflects a liberal amendment policy." *United States ex rel. Rost v. Pfizer, Inc.*, 507 F.3d 720, 733 (1st Cir. 2007).

## ARGUMENT

### I. NECC Seeks to Add a Counterclaim Under CERCLA § 113(f) in Light of the Supreme Court's Holding in *Atlantic Research*

In the instant action, Emhart Industries, Inc. ("Emhart") has asserted a cost recovery claim under CERCLA § 107. Since Emhart filed this claim, the United States Supreme Court issued its decision in *United States v. Atlantic Research Corp.*, 127 S. Ct. 2331 (2007). In *Atlantic Research*, the Supreme Court allowed a potentially responsible party ("PRP") to maintain a cost recovery action under CERCLA § 107(a) against other PRPs. *Id.* at 2339. According to the Supreme Court, "§ 107(a) permits recovery of cleanup costs but does not create a right to contribution." *Id.* at 2338. This could potentially subject a defendant PRP to joint and several liability for a plaintiff PRP's costs, despite the fact that the plaintiff PRP is not an innocent party. *Id.* at 2338-39, 2339 n.7 ("We assume without deciding that § 107(a) provides for joint and several liability."). To prevent this result, the Supreme Court stated that "a defendant PRP in such a § 107 suit could blunt any inequitable distribution of costs by filing a § 113(f) counterclaim." *Id*. at 2339.

NECC is currently subject to a suit by Emhart, a PRP, that includes a claim under CERCLA § 107(a). In light of the holding in *Atlantic Research*, NECC seeks to amend its counterclaim to add a claim under CERCLA § 113(f). Such an amendment will avoid any potential inequitable result created by allowing a PRP to seek cost recovery under CERCLA § 107. In addition, the amendment will not prejudice either party, as it appears that this Court intends to equitably allocate costs between Emhart and NECC. *Memorandum Opinion and Order*, 12, Mar. 20, 2007 ("Emhart is entitled to recoup the portion of costs *exceeding its equitable share* of the total costs; and because it is unable to do so under § 113(f), it may proceed

under § 107.") (emphasis added). Therefore, NECC respectfully requests that the Court grant its motion to amend.

**II. NECC Seeks To Amend Certain Facts Set Forth In Its Amended Answer And Counterclaim**

Based upon further review of information relevant to this case, NECC seeks to amend certain facts set forth in its amended answer, affirmative defenses, and counterclaim. First, NECC seeks to remove reference to Metro-Atlantic sending drums to NECC for reconditioning that contained trichlorophenol, hexachlorophene, and/or dioxin, as NECC understands that drums were not used in the hexachlorophene manufacturing process. *See* Amended Answer ¶ 26; Counterclaim ¶¶ 15, 42. In addition, while NECC continues to allege that Emhart manufactured hexachlorophene, NECC seeks to remove its allegation that Metro-Atlantic manufactured trichlorophenol in the 1960s. *See* Counterclaim ¶ 13. NECC also seeks to remove references to Emhart exercising actual and constructive control over NECC through its officers and directors during the relevant time period contained in NECC's Amended Answer, Fifth Affirmative Defense and its Counterclaim, paragraphs 8, 39, 40, 41. Finally, NECC seeks to correct minor typographical errors in its amended complaint, affirmative defenses, and counterclaim. These amendments are reasonable and will not prejudice any party. Therefore, based on the foregoing, NECC seeks leave to file a second amended answer, affirmative defenses and counterclaim to accurately reflect the facts of this case.

## CONCLUSION

For the foregoing reasons, NECC respectfully requests that this Court grant NECC's motion for leave to file a second amended complaint, affirmative defenses and counterclaim.

NEW ENGLAND CONTAINER COMPANY, INC.

By Their Attorneys,

/s/ James W. Ryan

James W. Ryan, Esq. (#4042)
Partridge Snow & Hahn LLP
180 South Main Street
Providence, RI 02903
401-861-8200
401-861-8210 (fax)
jwr@psh.com

DATED: February 29, 2008

OF COUNSEL:
John F.X. Peloso, Jr.
Robinson & Cole LLP
695 East Main Street
P.O. Box 10305
Stamford, CT 06904-2305
Main (203) 462-7500
Fax (203) 462-7599
jpeloso@rc.com

**CERTIFICATE OF SERVICE**

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 29, 2008.

/s/ James W. Ryan