**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| EMHART INDUSTRIES, INC., Plaintiff, | Civil Action No. CA 06-218-S |
| v. | Jury Trial Demanded |
| NEW ENGLAND CONTAINER COMPANY, INC., PROVIDENCE WASHINGTON INSURANCE COMPANY and TRAVELERS CASUALTY & SURETY COMPANY, Defendants. | |

**SUPPLEMENTAL OPPOSITION OF EMHART INDUSTRIES, INC. TO MOTIONS TO DISMISS BROUGHT BY DEFENDANTS PROVIDENCE WASHINGTON INSURANCE COMPANY AND TRAVELERS CASUALTY & SURETY COMPANY AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

Emhart Industries, Inc. ("Emhart") submits this supplemental opposition to the motions to dismiss of Providence Washington Insurance Company ("PWIC") and Travelers Casualty and Surety Company ("Travelers"), (collectively, the "Insurers"), to invite the Court's attention to pertinent rulings against the Insurers in a parallel Rhode Island state court action. In the state court action, Emhart Industries, Inc. v. New England Container Company, Inc. et al., C.A. No. PC 06-6095, virtually identical motions to dismiss, based on the same substantive arguments asserted here, were denied. The state court ruled that the Rhode Island direct action statute, R.I. Gen. L. § 27-7-2, did not bar Emhart's claims against the Insurers and that Emhart has standing to assert such claims. These issues have been briefed on the merits here and argument has been held. For the reasons asserted by Emhart here and in the state court, the Insurers' motions to dismiss should be denied as having no merit.

## Procedural History

### A. The Federal Court Action

Emhart commenced this action against NECC and the Insurers on May 11, 2006 (the "Federal Action"). Counts VII and VIII of Emhart's complaint (the "Complaint") seek declaratory judgment as to Emhart's rights under NECC's insurance policies with Travelers and PWIC. Counts IX and X seek indemnification benefits under these policies. Counts XI and XII seek injunctive relief preserving the indemnification limits of Travelers' and PWIC's policies. PWIC filed a motion to dismiss and/or for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(b)(6) and 12(c) on May 30, 2006. Docket No. 4. Travelers filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on July 6, 2006. Docket No. 12.

In support of its motion, PWIC argued that Emhart lacked standing to bring claims against PWIC because Emhart was not an intended or third-party beneficiary under the policies issued by PWIC. See Memorandum of Law in Support of the Defendant Providence Washington Insurance Company to Dismiss Pursuant to Rule 12(c) at 4-8, Docket No. 4. PWIC further argued in its reply filed on July 14, 2006 that Emhart's claims were barred by the Rhode Island direct action statute, R.I. Gen. L. § 27-7-2. See Reply of the Defendant Providence Washington Insurance Company to Plaintiff's Memorandum of Law in Support of Its Objection to Providence Washington Insurance Company's Motion for Judgment on the Pleadings Pursuant to Rule 12(c) at 1-3, Docket No. 22. Like PWIC, Travelers argued that the Rhode Island direct action statute precluded Emhart's claims. See Memorandum of Law in Support of Motion to Dismiss Complaint against Travelers Casualty and Surety Company at 4-5, Docket No. 12. Travelers also argued that Emhart failed to allege irreparable harm under Count XI. Id. at 6-7. Travelers elaborated upon its arguments in its reply filed on September 1, 2006. See Defendant Travelers Casualty and Surety Company's Reply to Plaintiff's Objection to Motion to Dismiss at

3-9, Docket No. 28. The Court heard argument on the Insurers' motions as well as a motion to dismiss of NECC on November 13, 2006. Counsel for PWIC, Travelers, NECC and Emhart participated in the hearing. Docket No. 41. The Court granted in part and denied in part NECC's motion to dismiss on March 20, 2007. Docket No. 48. On August 15, 2007, the Court issued an order *sua sponte* severing and staying Emhart's action against the Insurers. Docket No. 55.

**B. The State Court Action**

On November 22, 2006, Emhart commenced a parallel action in the Rhode Island state court (the "State Court Action"), after seeking a temporary restraining order here while decisions on the motions to dismiss were pending. See Rhode Island Superior Court Civil No. 06-6095. Counts V-X of the complaint filed in the Rhode Island state court (the "State Court") seek the same relief against the same parties as sought in Counts VII-XII of the Complaint. The allegations in the State Court complaint are substantially the same as those in the Complaint.[1] See State Court complaint at ¶¶ 1-26; Complaint at ¶¶ 1-30.

PWIC moved to dismiss the State Court Action pursuant to R.I. Civ. P. 12(b)(6) on December 4, 2006. In support of its State Court motion to dismiss, PWIC argued, as it had here, that the Rhode Island direct action statute, R.I. Gen. L. § 27-7-2, barred Emhart's claims against PWIC. See Memorandum of Law in Support of Defendant Providence Washington Insurance Company's Motion to Dismiss Plaintiff's Complaint at 4-7, attached to the accompanying

[1] Emhart commenced parallel state and federal actions because of an unresolved issue concerning federal jurisdiction. As there was not complete diversity in the Federal Action, if the claims under federal law were dismissed, the Federal Court would not be required to exercise jurisdiction over the pendent state law claims. The outstanding issue was whether CERCLA § 107(a), 42 U.S.C. § 9607(a) provided an implied right to contribution. Subsequently, this Court ruled on the issue, Docket No. 48, and thereafter the United States Supreme Court held that CERCLA § 107(a) provides certain private parties, including potentially responsible parties ("PRPs"), with a cause of action to recover response costs from other PRPs. See United States v. Atlantic Research Corp., 127 S. Ct. 2331 (2007).

affidavit of Rachelle R. Green (the "Green Affidavit") as Exhibit A. PWIC also reiterated, almost word-for-word, the argument presented in support of its motion to dismiss in this Court that Emhart was not an intended or third-party beneficiary of the PWIC policies and consequently it lacked standing to bring claims against PWIC. Id. at 8-12. The State Court heard argument on PWIC's motion on January 16, 2007. Counsel for PWIC and Emhart participated in the hearing; counsel for Travelers and NECC were also present. A copy of the transcript of the January 16, 2007 State Court hearing, portions of which are underlined, is attached hereto as Exhibit 1. The State Court denied PWIC's motion to dismiss Emhart's claims, holding, "[T]he statute was [not] enacted to mean that the [declaratory judgment] action could not have been brought under the same civil action number as the case against the actual insured." See Ex. 1 at 5:11-13.

Travelers filed a motion to dismiss pursuant to R.I. Civ. P. 12(b)(6) in the State Court on December 15, 2006. In support of its State Court motion, Travelers made the same argument it made in its motion to dismiss in this Court, viz. R.I. Gen. L. § 27-7-2 barred Emhart's claims against Travelers. See Memorandum of Law in Support of Motion to Dismiss Complaint Against Travelers Casualty and Surety Company at 6-15, attached to the Green Affidavit as Exhibit B.[2] Travelers' memorandum incorporated by reference its opposition and reply brief filed in this action. Id. at 6-7. Travelers reiterated its arguments in its March 19, 2007 State Court reply brief. See Reply to Plaintiff's Objection to Motion to Dismiss Complaint at 2-6, a copy of which is attached to the Green Affidavit as Exhibit C. The State Court heard Travelers'

[2] Travelers' memorandum also acknowledged that "[t]he Superior Court Complaint was based on exactly the same facts as the Federal Court complaint, and sought precisely the same relief against NECC, PWIC, and Travelers. Indeed, an examination of Emhart's Federal Court complaint, side by side with the present Superior Court complaint, reveals that the legal assertions in the two complaints are virtually identical." Memorandum of Law in Support of Motion to Dismiss Complaint Against Travelers Casualty and Surety Company at 3-4.

motion as well as a motion to dismiss filed by NECC on March 27, 2007. Counsel for Travelers, NECC and Emhart participated in the hearing; counsel for PWIC was present. A copy of the transcript of the March 27, 2007 hearing, portions of which are underlined, is attached hereto as Exhibit 2. The State Court denied Travelers' motion to dismiss, Ex. 2 at 14:17-18, finding that Emhart had pleaded a legally sufficient claim that it was an intended beneficiary or third-party beneficiary of the insurance agreements between Travelers and NECC. Id. at 12:1-8. The State Court noted, "If [Emhart has] a contract based claim against Travelers because they're an intended beneficiary or a third party beneficiary, 27-7-2 is completely inapplicable . . . ." Id. at 12:18-21.

## Argument

### A. The State Court Proceedings, Alone, Warrant Denial Of The Motions

The Insurers should not have an opportunity here to present the same arguments over the interpretation of state law that failed in the State Court. This Court should employ the equitable doctrine of estoppel to bar relitigation of issues "to prevent inconsistency . . . resulting in injustice" or to disrupt a matter that "has become settled by legal proceedings." Chernick v. National Surety Co., 148 A. 418, 419 (1930); see also Farmington Dowel Prods. Co. v. Forster Mfg. Co., 421 F.2d 61, 79 (1st Cir. 1969) (noting that "when two adversaries concentrate in attempting to resolve an issue importantly involved in a litigation, there is no unfairness in considering that issue settled for all time between the parties and those in their shoes").

The Insurers chose to adjudicate Emhart's right to bring this action against them in the State Court Action. The issues presented in the motions to dismiss filed here and the State Court motions to dismiss are identical. The procedural posture and procedural rules governing the

State Court motions and the motions before this Court are identical.[3] The Insurers fully briefed the issues and had a full and fair hearing on the merits in the State Court. The State Court is a court of competent jurisdiction and an appropriate forum to decide the state law issues regarding the applicability of the Rhode Island direct action statute and Rhode Island third-party beneficiary law.[4] The State Court denied the motions to dismiss and found that Emhart's complaint is legally sufficient as against the Insurers. It determined that under Rhode Island law Emhart has standing to bring the claims asserted here.

**B. The Doctrine Of Collateral Estoppel**

The Court should consider denying the Motions based on the doctrine of collateral estoppel. A federal court accords preclusive effect to a state court decision to the extent the decision has preclusive effect in that state. Torromeo v. Town of Fremont, 438 F.3d 113 (1st Cir. 2006). Under Rhode Island law, collateral estoppel requires "(1) an identity of issues; (2) final judgment on the merits; and (3) an establishment that the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior action." Providence Teachers Union v. McGovern, 113 R.I. 169, 172 (R.I. 1974). That the parties and issues in the State Court motions and the motions here are identical is indisputable. The Rhode Island Supreme Court has interpreted finality of judgment to mean "an act that definitely terminates the litigation between parties so that if the Supreme Court were to affirm the subject judgment, the trial court would have nothing further to do on remand other than order execution of the judgment previously entered[,]" Medeiros v. Hilton Homes, Inc., 408 A.2d 598 (R.I. 1978);

[3] See R.I. Civ. P. 12(b)(6) and Fed. R. Civ. P. 12(b)(6).

[4] The Rhode Island Supreme Court has been guided by the Restatement (Second) of Contracts in determining whether a person is a third-party beneficiary or intended beneficiary to a contract. Forcier v. Cardello, 173 B.R. 973, 985 (D.R.I. 1994).

however, the Medeiros court construed the finality requirement in connection with an appeal of a res judicata issue. To the best of Emhart's knowledge, no Rhode Island court has passed on the question whether an order denying a motion to dismiss brought pursuant to R.I. Civ. P. 12(b)(6) constitutes a final order or judgment for collateral estoppel purposes. In the circumstances of this case, the rulings on the Insurers' State Court motions to dismiss, which are not subject to appeal, constitute final orders on the merits of the substantive issues of Emhart's standing and the effect of Rhode Island direct action statute.

The policy considerations animating the doctrine of collateral estoppel are applicable here: the conservation of judicial resources, promotion of comity between the federal and state courts, and the avoidance of the expense and vexation of multiple lawsuits. See, e.g., Montana v. United States, 440 U.S. 147, 153-154 (U.S. 1979); Wade v. Brady, 460 F. Supp. 2d 226, 239 (D. Mass. 2006); Kale v. Combined Ins. Co., 736 F. Supp. 1183, 1185 (D. Mass. 1990).

**C. The State Court's Rulings On The Substantive Issues Should Be Followed**

Even if the doctrine of estoppel were not to apply, the motions presented here should nevertheless be denied not only on this Court's analysis of the issues but also the State Court's persuasive reasoning as to the same issues. When considering pendent state claims, the federal district court is bound by the law as determined by the state courts. Foxworthy v. Buetow, 492 F.Supp.2d 974, 987 (S.D.Ind. 2007). Where a state's highest court has not ruled on a question of state law, the rulings of lower state courts may be considered persuasive evidence of state law. See General Refractories Co. v. Fireman's Fund Ins. Co., 337 F.3d 297, 303-304 n.1 (3d Cir. 2003) (federal court may refer to the jurisprudence of lower state courts as "persuasive authority"); United States v. Freeman, 21 F. Supp. 593, 597 (D. Mass. 1937) (stating that "construction of a state statute by the state court if not controlling was persuasive authority").

The Insurers' State Court motions to dismiss turned on the same Rhode Island statutory

and contractual issues presented by the motions here. The gravamen of PWIC's State Court motion to dismiss was that Emhart lacked standing under Rhode Island law to assert claims under NECC's policies with PWIC because Emhart was purportedly not an intended or third-party beneficiary. The State Court rejected this argument, applying Rhode Island law:

> Well, I thought the motion ought to be denied. It's a Rule 12 motion, so I'm cognizant of the standard. I can't say that there are no facts or circumstances under which an individual who is not a party to an insurance contract can bring a [declaratory judgment] action against the insurer. Depending on whether that individual is an intended beneficiary or not, for example, there can be standing. I recognize and know, I'm familiar with the general rules in Rhode Island that third parties don't have any standing. I think it's a good rule, but there are circumstances where they will have standing. The question is fact specific and it's also specific to the insurance policy. So, for purposes of Rule 12, I think the motion ought to be denied.

Exhibit 1 at 1:10-23. The State Court also rejected PWIC's argument that the Rhode Island direct action statute precluded Emhart's claims. Id. at 4:11-5:3.

Likewise, Travelers' State Court motion to dismiss presented the issue of whether the Rhode Island direct action statute barred Emhart's claims. The State Court once again was not convinced by this argument:

> If [Emhart has] a contract based claim against Travelers because they're an intended beneficiary or third party beneficiary, 27-7-2 is completely inapplicable, so I'm not interpreting 27-7-2 to mean it's a -- this is an exception. Because 27-7-2 is aimed at situations in which a tort-feasor -- and let's pick the easy case. There's a car accident and the injured party decides to go right after the carrier as opposed to the tort-feasor. And, people used to do that because they wanted to let juries know that there was insurance. That's where that all started and that's why the carrier was taken out of it, and because there was no contractual relationship. That's what 27-7-2 is aimed at. This is a completely separate kettle of fish that we have here. This is somebody claiming a contract against a carrier that is not the tort-feasor. That's what the problem is here.

Exhibit 2 at 12:18-13:10.

The January 16, 2007 and March 27, 2007 State Court hearing transcripts indicate that the State Court undertook careful review of the parties' briefs and heard argument on the Insurers' motions to dismiss. Further, the State Court squarely addressed the issues of Rhode Island law presented by the State Court motions to dismiss and held that Emhart has stated claims against the Insurers. The motions presented here turn on the construction of the same Rhode Island statute and resolution of the same issues of Rhode Island contract law. As such, the State Court's rulings constitute persuasive authority on which this Court may rely and as to which this Court should give deference.

**D. The Motions Should Be Denied On The Substantive Grounds Previously Articulated By Emhart**

Even if the State Court decisions were disregarded, the Motions are without merit. Emhart's previous responses to the Insurers' motions to dismiss both here and in the State Court Action demonstrate that the Rhode Island direct action statute does not bar Emhart's claims against the Insurers; that Emhart has standing to assert its claims; and that the Complaint states a legally sufficient claim that Emhart is a third-party beneficiary.[5] The direct action statute does not preclude a declaratory judgment action against an insurer to determine coverage (in contrast to a direct action against an insurer to determine the insured's liability). Emhart has standing to prosecute some of its claims under the Declaratory Judgment Act, 28 U.S.C. § 2201, regardless

---

[5] See generally Plaintiff's Memorandum of Law in Support of its Objection to Defendant Providence Washington Insurance Company's Motion to Dismiss Plaintiff's Complaint, a copy of which is attached to the Green Affidavit as Exhibit D; Plaintiff's Memorandum in Support of its Objection to Defendant Travelers Casualty & Surety Company's Motion to Dismiss Plaintiff's Complaint, a copy of which is attached to the Green Affidavit as Exhibit E; Plaintiff's Memorandum of Law in Support of its Objection to Motion of the Defendant Providence Washington Insurance Company for Judgment on the Pleadings Pursuant to Rule 12(c), Docket No. 11; and Plaintiff's Memorandum of Law in Support of its Objection to Motion to Dismiss Complaint against Travelers Casualty and Surety Company, Docket No. 22.

of whether it is a third-party beneficiary of the policies. Those issues have previously been briefed and argued here. For the reasons previously asserted, the motions should be denied.

**Conclusion**

For the reasons stated above, as well as those stated in Emhart's previous oppositions, the motions should be denied.

Respectfully submitted,

EMHART INDUSTRIES, INC.

By its attorneys,

/s/ Rachelle R. Green
Craig M. Scott (#4237)
Rachelle R. Green (#5870)
DUFFY SWEENEY & SCOTT, LTD.
One Turks Head Place, Suite 1200
Providence, RI 02903
(401) 455-0700

Jack R. Pirozzolo (*pro hac vice*)
Philip C. Swain (*pro hac vice*)
FOLEY HOAG LLP
155 Seaport Boulevard
Boston, MA 02210
(617) 832-1000

Dated: June 12, 2008

**CERTIFICATE OF SERVICE**

Todd D. White, Esq.
Katy A. Hynes, Esq.
Adler, Pollock & Sheehan, P.C.
One Citizens Plaza, 8th Floor
Providence, Rhode Island 02093-1345

R. Kelly Sheridan, Esq.
Jason C. Preciphs, Esq.
Roberts Carroll Feldstein & Peirce
10 Weybosset Street
Providence, RI 02903

James W. Ryan, Esq.
Partridge Snow & Hahn, LLP
180 South Main Street
Providence, RI 02903

Eric B. Hermanson, Esq.
John A. Nadas, Esq.
Julie C. Rising, Esq.
Choate, Hall & Stewart, LLP
Two International Place
Boston, MA 02110

John F.X. Peloso, Jr., Esq.
Richard M. Fil, Esquire
Robinson & Cole
695 East Main Street
Stamford, CT 06901-2141

I hereby certify that the within *Supplemental Opposition Of Emhart Industries, Inc. To Motions To Dismiss Brought By Defendants Providence Washington Insurance Company And Travelers Casualty & Surety Company And Memorandum Of Law In Support Thereof* was filed through the ECF system on the 12th day of June 2008, and will be sent electronically to the above-named counsel who are registered participants identified on the Notice of Electronic Filing.

/s/ Rachelle R. Green

H:\Clients\Emhart Industries, Inc\New England Container Corp. (NECC) (06-218) USDC\Pleadings\Supplemental Opposition to Motion to Dismiss II (06-12-08).DOC