# EXHIBIT 1

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC. SUPERIOR COURT

EMHART INDUSTRIES :
:
Vs. : PC 2006-6095
:
NEW ENGLAND CONTAINER, et al :

MOTION TO DISMISS

HEARD BEFORE

THE HONORABLE JUSTICE PATRICIA A. HURST

JANUARY 16, 2007

APPEARANCES:

ROBERT J. O'KEEFE, ESQUIRE
-and -
JACK A. PIROZZOLO, ESSQUIRE . . . FOR THE PLAINTIFF

TODD D. WHITE, ESQUIRE . . . . . . . FOR THE DEFENDANT
(Providence Washington Insurance)

SUSAN L. INMAN
COURT REPORTER

# C E R T I F I C A T I O N

I, SUSAN L. INMAN, hereby certify that the succeeding pages, 1 through 6, are a true and accurate transcript of my stenographic notes.

Susan L. Inman

Susan L. Inman
Court Reporter

**JANUARY 6, 2007, A.M. SESSION**

THE COURT: Emhart vs. New England.

THE CLERK: Counsel identify yourselves for the record please.

MR. O'KEEFE: Good morning, your Honor, Robert O'Keefe, local counsel for Emhart. With me is Jack Pirozzolo admitted pro hac vice.

MR. WHITE: Good morning, your Honor, Todd White for defendant, Providence Washington Insurance Company.

THE COURT: Well, I thought the motion ought to be denied. It's a Rule 12 motion, so I'm cognizant of the standard. I can't say that there are no facts or circumstances under which an individual who is not a party to an insurance contract can bring a DJ action against the insurer. Depending on whether that individual is an intended beneficiary or not, for example, there can be standing. I recognize and know, I'm familiar with the general rules in Rhode Island that third parties don't have any standing. I think it's a good rule, but there are circumstances where they will have standing. That question is fact specific and it's also specific to the insurance policy. So, for purposes of Rule 12, I think the motion ought to be denied.

I will hear you on the motion though.

MR. WHITE: I think it's important to place this

particular matter in some historical context and the historical context is this:

This same lawsuit that is before you has been filed in Federal Court before Judge Smith, exact same suit, exact same motion to dismiss. It was argued November 13th. Judge Smith took it under advisement and has not made a decision on it. We are to go back to court in the next few days and he wants to have a status conference. I suspect one of the things he's interested in is if the parties are close to resolving this matter before he digs into it and decides what to do on this motion. We have that pending action, parallel action, filed over there.

In light of that, there was also a second lawsuit filed by New England Container against my client, Providence Washington Insurance Company, and Traveler's in this Court in the summer for exactly what Emhart is seeking right now, a declaration of its obligations of Providence Washington and Traveler's to defend them. So, now we have to defend ourselves in Federal Court before Judge Smith, we've got a State court action that is pending right now, we've got the exact same action before you.

THE COURT: I guess all bases are covered.

MR. WHITE: I think all bases are covered.

Absolutely.

When we received the third action which is in State court, we argued 27-7-2 applies. And, in this particular context, the exact language of the statute, the plain language of the statute, is precisely what is here. And, I will get to the facts that the --

THE COURT: I don't know that. There weren't even copies of the insurance contract appended to the motion, which, of course, would take me to a Rule 56 standard.

MR. WHITE: Right, and for purposes right now, we just want to argue what the statute says, and I'll be able to show why the cases that the plaintiff is relying on are not contemplated within the statute itself.

THE COURT: And, you may be a hundred percent correct, but the question is whether beyond a reasonable doubt there are no facts or circumstances under which an individual or entity who is not a party to an insurance contract has the right or the interest or the standing to bring the claim.

MR. WHITE: Not, your Honor, when they've decided that they'll also file against New England Container. I would agree, there may be facts and circumstances when they file a DJ action against New England Container's insured separately, but the statute expressly says, "An injured party, or, in the event of that party's death,

the party entitled to sue for that death, in his or her suit against the insured..." They have brought the action against New England Container. That's the insured. "...shall not join the insurer as a defendant."

This is 100 percent within the realm of that statute. Had they filed an action against Providence Washington and maybe Traveler's, but not against the insured, there is --

THE COURT: So, what you're saying is shame on them for having not filed yet another lawsuit with just the DJ action in it? That doesn't make any sense. I appreciate the thrust of the statute, but I think the thrust of the statute is to make sure that when -- and I'll really oversimplify just for purposes of illustration -- that when I sue the other driver for rear-ending my car and now I have a neck injury, I'm not going to bring in or name as a defendant the insurance company. And, I think this probably harkens back to the olden days when, if somebody by mistake uses the word "insurance" in front of the jury, nobody said a word. They just folded up their notebooks and all the lawyers left the room because they knew it was an automatic mistrial. This whole thing was to keep the insurers out and to keep plaintiffs from trying to get leverage on the carrier directly and keeping this whole idea of insurance out of the

courtroom. I think that's probably the genesis of that litigation. It's to keep the proper party named and in the system and in front of the jury.

When you include -- I don't think -- strike that. What I'm getting at is, I don't think the purpose behind that statute is also to mean that, oh, gosh, if you're bringing a DJ action against a carrier to determine whether or not the policy extends benefits to a particular individual or extends benefits under the facts and circumstances of the particular case, I don't think the statute was enacted to mean that that DJ action could not have been brought under the same civil action number as the case against the actual insured.

And, this takes me right back to the question of Rule 12 and this policy and the standing to bring a DJ claim against the carrier. I can't say that there aren't some facts, depending on what's in the policy, that might allow standing. I'm not sure I like the word "standing," but I'll use it for lack of a better word. So, that's where I am.

Can I hear you on this? Whoever is arguing.

MR. PIROZZOLO: Well, your Honor has essentially made our argument.

THE COURT: Well, I read the papers.

MR. PIROZZOLO: Yes, your Honor, our brief cites the

cases. I totally agree with your Honor's analysis. I would be repeating to say anything more. But, if your Honor wishes to hear more --

THE COURT: That's the best you can do, counselor. I'm going to deny the motion.

MR. O'KEEFE: Thank you, your Honor.

MR. PIROZZOLO: Thank you, your Honor.

* * * * *