# EXHIBIT C

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

| | |
|---|---|
| EMHART INDUSTRIES, INC.<br><br>Plaintiff,<br><br>v.<br><br>NEW ENGLAND CONTAINER COMPANY, INC., ET AL.,<br><br>Defendants. | Civil No. 06-6095 |

**REPLY TO PLAINTIFF'S OBJECTION TO MOTION TO DISMISS COMPLAINT**

Pursuant to R.I. Super Ct. R. 12(b), Defendant Travelers Casualty and Surety Company ("Travelers") submits the following reply ("Reply") to the Objection of Plaintiff Emhart Industries, Inc. ("Emhart") to Travelers Motion to Dismiss Emhart's Complaint ("Travelers Motion"). As set forth previously and below, Emhart's Superior Court complaint should be dismissed, under Rhode Island law, because it is identical in all material respects to a prior complaint filed by Emhart in United States District Court in this jurisdiction.

Emhart's simultaneous prosecution of the same action in two separate courts violates principles of judicial economy, and creates the disturbing possibility of conflicting rulings and inconsistent case management. It harasses Travelers, and the other parties in these proceedings, and warrants the dismissal of the later-filed complaint. At a minimum, as a matter of judicial discretion, this Court should stay the later-filed state court proceedings; and

should require Emhart either to dismiss, or to go forward in, the federal forum it originally selected.

## ARGUMENT

### I. The "Prior Pending Action" Doctrine Is Well-Established In This Jurisdiction, And Bars Emhart's Claims.

Although Emhart strives to confuse the issue with inapposite authority, the prior pending action doctrine is actually quite straightforward. In Rhode Island, it is "well settled that the pendency of a prior action for the same cause and between the same parties within the same jurisdiction may be asserted as a ground for the abatement of the second action." See East Providence Housing Auth. v. Rogers, 1997 WL 839907 (R.I. Super 1997). The doctrine was first articulated almost fifty years ago, in Elmasian v. Daley, 87 R.I. 431, 142 A.2d 540 (1958); and has been repeatedly reaffirmed. See, e.g., Vierra v. Rhode Island Municipal Police Academy, 539 A.2d 971 (R.I. 1988); Pisaturo v. Automobile Mut. Ins. Co. of America, 102 R.I. 209, 229 A.2d 756 (1967).

The doctrine applies whenever a plaintiff files two separate suits, and "a final judgment in the prior suit would act as a bar to the second suit," due to an identity of parties and identity of issues. See Gnys v. Amica Mut. Ins. Co., 121 R.I. 131, 136, 396 A.2d 107, 110 (1979); compare Cote v. Inman, 2002 WL 237778 (R.I. Super. Jan. 8, 2002); Forte Bros. v. Ronald M. Ash, 1990 WL 10000159 (R.I. Super. 1990) ("Forte I"), *rev'd on other grounds*, Forte Bros. v. Ronald M. Ash & Assoc., 612 A.2d 717 (R.I. 1992) ("Forte II"). The purpose of the doctrine is, among other things, "to avoid placing an unnecessary burden" on the judiciary through duplicative litigation, see Taylor v. Rhode Island Dept. of Correction, 2005 WL 1862380 (D. Conn 2005) (citation omitted); to "avoid the embarrassment of conflicting

judgments" being issued by different courts, id.; and to avoid the obvious impropriety of a litigant going, one by one, "to various courts until the result desired is achieved." Forte Bros. v. Ronald M. Ash, 1990 WL 10000159 (R.I. Super. 1990) ("Forte I"), *rev'd on other grounds*, Forte Bros. v. Ronald M. Ash & Assoc., 612 A.2d 717 (R.I. 1992) ("Forte II").

Applying these principles, there is no question that the prior pending action doctrine bars Emhart's Superior Court claims. Emhart has filed two successive actions. The actions involve precisely the same parties, and, at least as to Travelers, raise precisely the same legal claims. The first action was already well underway when the present action was filed: in fact, just two weeks before Emhart filed its current complaint, Judge Smith received briefs, heard argument, took under advisement, and began considering the parties' lengthy dismissal motions under R.I.G.L. § 27-7-2. Moreover, while Rhode Island courts no longer consider it necessary that a second action be filed "within the same jurisdiction" to warrant entry of a stay or dismissal, see Synergy Methods, Inc. v. Heritage Sales Corp., 1985 WL 661651 (R.I. Super. June 18, 1985), that requirement – if it did apply – would be met here. Emhart's federal action was filed in Providence, Rhode Island, and the present Superior Court action was also filed in Providence, Rhode Island.

In an effort to escape the application of the prior pending action doctrine, Emhart now retreats to narrow legalism. Citing inapposite precedents, it argues that Rhode Island's prior pending action doctrine is "wholly irrelevant," Opp. Brf. p. 11, when the prior action is pending in *federal* court, rather than state court. But there is no reasoned basis to support Emhart's proposed distinction. To the contrary, all the considerations that underlie the prior pending action doctrine – the avoidance of duplicative judicial efforts; the desire to "avoid the embarrassment of conflicting judgments" by different courts, and the need to deter plaintiffs

from going, one by one, "to various courts until the result desired is achieved." Forte I, 1990 WL 10000159, at * __ -- apply equally whether a prior action, involving identical parties and claims, is pending in federal or state court.

Indeed, so far as Travelers has been able to determine, *not one* of the many Rhode Island courts that have applied the "prior pending action" doctrine over the years has ever suggested that the doctrine should be limited to cases in which a prior action is pending in Rhode Island state court. To the contrary, at least one Rhode Island court appears to have *declined* this very distinction, and issued a stay of a Rhode Island lawsuit, based on a prior pending action in Maryland State Court. See, e.g., Synergy Methods, 1985 WL at 661651.[1] Likewise, from the opposite direction, a federal court in Connecticut recently dismissed a lawsuit in that state, under the "prior pending action" doctrine, based on the pendency of a prior federal action between the same parties in Rhode Island. Taylor, 2005 WL 1862380 (D. Conn. July 22, 2005), *aff'd. on reconsideration*, 2005 WL 2146086 (August 26, 2006). In the final analysis, whether these decisions are characterized as applications of the prior pending action doctrine, or simply as illustration of sound case management and judicial discretion, "it makes little sense for two actions based on the same agreement to be litigated in parallel." Envios El Pueblito, LLC v. RIA Telecommunications, Inc., 2005 WL 1758727 (Conn. Super. June 16, 2005), with defendants exposed to potentially conflicting rulings in each.

---

1 In a second case, Lennon v. Dacomed Corp., 2003 WL 1880121 (R.I Super. March 18, 2003), the Superior Court was presented with a situation directly comparable to the one now before this Court. The defendant in Lennon sought dismissal of a Rhode Island Superior Court complaint, based on a prior pending federal action in the District of Rhode Island. Although the Superior Court ultimately allowed the later-filed action to proceed, it did so on very different grounds than Emhart now proposes – including, among other things, the fact that the plaintiff in the Lennon case was attempting to dismiss his prior federal complaint. See 2003 WL 1880121, at * 2. At no point in Lennon, or in the Rhode Island Supreme Court's discussion of the ruling on appeal, did either court hold, or even suggest, that the "prior pending action" doctrine should not apply because the earlier case happened to have been filed in Rhode Island's federal court system.

Perhaps recognizing that Rhode Island law offers no support for its proposition, and that authority from other states is unhelpful, Emhart devotes the largest part of its brief to a series of *federal* cases in which U.S. District Courts have followed and applied the doctrine of Colorado River Water Conservation District v. United States, 424 U.S. 800 (1976). Those cases are, simply, inapposite. The Colorado River doctrine is based on considerations of federalism, laid down by the United States Supreme Court, which are simply not present here. Among other things, while the United States Supreme Court in Colorado River identified a "virtually unflagging obligation of the federal courts to exercise the jurisdiction given them," 424 U.S. at 817, the Rhode Island Supreme Court has imposed no such "obligation" on Superior Courts in this state. Instead, through their repeated reaffirmation of the "prior pending action" doctrine, in Synergy and elsewhere, the Rhode Island courts have made clear that state judges ordinarily should *decline* to entertain duplicative litigation, even where a prior pending action arises in a "separate jurisdictional sovereignty [or] different state." Efros v. Nationwide Corp., 12 Ohio St. 3d 1309, 465 N.E.2d 1309, 1311 (1984).[2]

Emhart offers no real explanation for its desire to press two separate actions, in two separate court systems, against the same parties on the same claims. But whatever the explanation for Emhart's conduct, it is not sufficient to overcome the jurisprudential considerations embodied in the "prior pending action" doctrine. This court should dismiss

---

[2] Even if this Court were required to follow the Colorado River doctrine -- which it is not -- a federal court under Colorado River retains discretion to dismiss or stay a subsequently filed action, if prudential factors counsel against allowing both actions to proceed simultaneously. The prudential factors that counsel abstention, under Colorado River, include [1] the assumption of jurisdiction by either court over any res or property; [2] the inconvenience of the forum as to which abstention is sought; [3] the avoidance of piecemeal litigation; and [4] the order in which jurisdiction was obtained. Colorado River, p. __. Here, the first two factors appear neutral, but the third and fourth factors counsel strongly in favor of a stay or dismissal of Emhart's subsequent state complaint. This case would be a prime candidate for judicial abstention, even under the Colorado River rule.

Emhart's complaint or, at a minimum, should stay the present Court proceedings until the prior federal action has been determined or dismissed.

## II. Even If Emhart's Claims Against Travelers are Permitted to Go Forward, Those Claims Contravene Clear Rhode Island Law, And Are Subject to Dismissal on the Merits.

As an independent basis for dismissal, even if this Court does not find this case barred by the "prior pending action" doctrine, Emhart's claims should be dismissed under the Rhode Island direct action statute, RIGL § 27-7-2. The language of the Rhode Island statute is clear and unequivocal. It provides (with certain exceptions not relevant here) that "[a]n injured party, . . . in his or her suit against the insured, shall not join the insurer as a defendant." R.I.G.L. § 27-7-2 (2002). Contrary to Emhart's suggestion, the statute does not distinguish between cases in which an insurer is joined as a declaratory judgment defendant, and those in which a party simply "claim[s] damages from the insurer." See Emhart Mem. ("Opp. Mem."), at 2. Nor does Emhart point to any facts that could be developed in discovery to bring this case outside of the clear statutory prohibition.

On January 16, 2007, this Court denied a motion to dismiss, brought by PWIC, that raised similar issues under R.I.G.L. § 27-7-2. As grounds for its ruling, the Court suggested that Emhart might have standing, despite R.I.G.L. § 27-7-2, if it could show that it was an intended beneficiary under the PWIC policies. Trnscrpt, p. 1. But Emhart has not alleged, in its complaint or anywhere else, that it is an "intended beneficiary" under Travelers policies. If this Court is inclined to allow the present action to proceed – notwithstanding the pendency of Emhart's prior federal action – Travelers respectfully requests that this Court review the substantive arguments set forth in Travelers' briefs; renew its consideration of the language and purpose of the Rhode Island direct action statute, and dismiss Counts VII, IX and XI of

Emhart's Complaint.

Respectfully submitted,

THE TRAVELERS CASUALTY AND SURETY COMPANY,

R. Kelly Sheridan #1976
Jason C. Preciphs #6727
ROBERTS, CARROLL, FELDSTEIN & PEIRCE, INC.
10 Weybosset Street
Providence, RI 02903
Tel: (401) 521-7000

Of Counsel:
John A. Nadas
Eric Bradford Hermanson
Choate, Hall & Stewart
Two International Place
Boston, MA 02110
Phone: (617) 248-5000
Fax: (617) 248-4000

Dated: March 19, 2007

## CERTIFICATION

The undersigned hereby certifies that a true copy of the within document was sent, via First-Class Mail, postage prepaid, to the following on the 19th day of March, 2007:

Rachelle R. Green, Esq.
Robert J. O'Keefe, Esq.
DUFFY, SWEENEY & SCOTT
One Turks Head, Suite 1200
Providence, RI 02903

Jack R. Pirozzlo, Esq.
FOLEY HOAG, LLP
Seaport World Trade Center West
Boston, MA 02210

Todd White, Esq.
Jaime LaPorte, Esq.
ADLER, POLLOCK & SHEEHAN
One Citizens Plaza, 8th Floor
Providence, RI 02903

James W. Ryan, Esq.
Partridge, Snow & Hahn, LLP
180 South Main St.
Providence, RI 02903

John F.X. Peloso, Esq.
Robinson & Cole
695 East Main St.
Stamford, CT 06901-2141

418260v1