UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC. : | |
| : | |
| v. : | C.A. No. 06-218S |
| : | |
| NEW ENGLAND CONTAINER : | |
| COMPANY, INC. : | |

**MEMORANDUM AND ORDER**

Before the Court for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72) are Defendant Travelers' Motion to Quash Nonparty Subpoena (Document No. 97) and Plaintiff Emhart's Cross-Motion to Compel compliance with such subpoena (Document No. 98). A hearing was held on December 16, 2008. For the following reasons, Defendant Travelers' Motion to Quash is GRANTED and Plaintiff's Motion to Compel is DENIED.

**Discussion**

This is an action for contribution and cost recovery brought by Emhart against New England Container Co. ("NECC") pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"). The dispute relates to the Centredale Manor Superfund site located in North Providence. In addition to suing NECC, Emhart brought coverage claims directly against two NECC insurers including Travelers. The insurers promptly moved to dismiss the direct actions. (See Document Nos. 4 and 12). On July 22, 2008, Judge Smith denied Travelers' Motion to Dismiss as moot, severed the direct action and stayed discovery. He did, however, indicate that Emhart had the "right to pursue third-party discovery [from Travelers] in the context and to the extent that it is permissible under the Emhart versus New England Container action." (Document No. 89 at p. 27). Judge Smith did not, however, attempt to define the parameters of "permissible" discovery in this

context.

On or about September 12, 2008, Emhart served a subpoena on Travelers pursuant to Fed. R. Civ. P. 45 seeking documents and a deponent addressing seventeen broad topics including claims and underwriting files. Emhart asserts that NECC is effectively judgment-proof and that it is looking for "clues" as to the existence of other insurers and policies that might provide coverage for any liability of NECC in this action. Travelers counters that this is a "mischievous" attempt by Emhart to get around Judge Smith's discovery stay and to engage in a fishing expedition into areas which have absolutely no relevance to the issues presented in the CERCLA contribution action.

The Court agrees with Travelers. While Emhart may have a legitimate interest in trying to identify other possible sources of insurance coverage, its "third-party" discovery subpoena is not narrowly tailored to that purpose. In fact, the topics covered by the subpoena are so broad that it appears to be targeted at seeking all information potentially relevant to the severed and stayed direct coverage action. Emhart confirms in its brief that it "is seeking the insurance policies Travelers issued to NECC as well as related claims and underwriting files." (Document No. 98-2 at p. 2). Further, NECC, the primary party to the CERCLA contribution action, is obligated under Fed. R. Civ. P. 26(a)(1)(A)(iv) to disclose and produce for inspection and copying "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." Although NECC has apparently represented in its initial Rule 26 disclosures that all policies have been produced, Emhart contends it has "reason to believe...that the collection of policies provided by NECC (and

later by Travelers[1]) is incomplete." (Document No. 98-2 at pp. 3-4).  However, it also appears that Emhart's efforts to obtain such policies directly from NECC are ongoing.  Emhart's counsel indicated that there are outstanding discovery requests pending against NECC which would be the subject of a "conference" in the near future.  Emhart is also in the process of reviewing NECC's business records.

Emhart has not shown that it has exhausted its efforts to obtain the policies in question directly from NECC.  In addition, Emhart has not shown good cause to subject Travelers to broad ranging discovery of its claims and underwriting files in a case in which the claims relating to coverage have been severed and discovery stayed.  The present subpoena is overly broad and would effectively render Judge Smith's severance and stay order meaningless.

**Conclusion**

For the foregoing reasons, Defendant Travelers' Motion to Quash (Document No. 97) is GRANTED and Plaintiff Emhart's Motion to Compel (Document No. 98) is DENIED.


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 18, 2008

---

[1] Travelers apparently has cooperated at least to some extent in producing policies and would be well served to continue its cooperation.  The Court agrees with Emhart that it would be "highly unusual" for NECC to have had no insurance coverage in place for a lengthy period spanning from the early 1950s to the late 1960s.  If Emhart's ongoing efforts to identify potentially applicable policies proves unsuccessful, the Court may well look favorably in the future on a more narrowly tailored subpoena directed at Travelers.