UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., | ) |
| | ) |
|     Plaintiff and Counterclaim | ) |
|     Defendant, | ) |
| | ) |
|     v. | )   C.A. No. 06-218 S |
| | ) |
| NEW ENGLAND CONTAINER COMPANY, INC; et al., | ) |
| | ) |
|     Defendants and Counterclaim | ) |
|     Plaintiffs. | ) |
| EMHART INDUSTRIES, INC., | ) |
| | ) |
|     Plaintiff and Counterclaim | ) |
|     Defendant, | ) |
| | ) |
|     v. | )   C.A. No. 11-023 S |
| | ) |
| UNITED STATES DEPARTMENT OF THE AIR FORCE; et al., | ) |
| | ) |
|     Defendants, Counterclaim Plaintiffs, and Third-Party Plaintiffs, | ) |
| | ) |
|     v. | ) |
| | ) |
| BLACK & DECKER, INC.; et al., | ) |
| | ) |
|     Third-Party Defendants. | ) |

**THIRD REVISED CASE MANAGEMENT ORDER**

    The Court's January 2, 2013 Second Revised Case Management Order is further revised as follows.

I.   Phased Trial Schedule

The Court has set a schedule that anticipates the likelihood of a phased trial schedule, beginning in or around April of 2014.  Subject to the stay detailed in the next paragraph, the first phase will address liability, including divisibility, and whether the remedy is consistent with CERCLA; the second phase (if required) will likely be held approximately four months after the first phase and will address costs.  The Court will revisit the phasing of trial in a status conference in the spring of 2013.

The Court hereby stays in their entirety all claims against the Third-Party Defendants in the September 28, 2012 Third-Party Complaint (ECF No. 65) and December 18, 2012 Amended Third-Party Complaint (ECF No. 112) and NECC's October 30, 2012 Third-Party Complaint (ECF NO. 261 in Civ. No. 1:06-cv-00218) and November 12, 2012 Third-Party Complaint (ECF No. 80) (including any cross-claims) and all claims that may be asserted by any such parties against any other party or any nonparty, including cross-claims, counterclaim, and fourth-party claims (collectively, "Stayed Claims"), and all proceedings relating to the Stayed Claims.  Only the remaining claims ("Main Claims") are subject to this Third Revised Case Management Order,

and any amendments thereto, with the following two exceptions: 1) the parties with Stayed Claims will participate in mediation pursuant to Section IV of the Case Management Order; and 2) Section V regarding EPA's administrative functions applies to all parties, including those with Stayed Claims. The scope of this stay includes staying any obligation to file an answer or other response to a third-party complaint, to make Rule 26(a) disclosures, to take or submit to discovery (with the exception of depositions that may be ordered to be taken under Fed. R. Civ. P. 27 for the purpose of preserving testimony), or to do or take any other action required or permitted by law or court rules. The Court will set a status conference after the liability phase and cost phase in the Case Management Order are concluded to determine which, if any, Stayed Claims have not been resolved by settlement or by the trial of the Main Claims and shall issue a separate case management order as to those Stayed Claims.

Notwithstanding the forgoing, no party with Stayed Claims is prohibited from attending any deposition convened or reviewing any documents produced as part of discovery with respect to the Main Claims, so long as such parties agree in advance to be bound by the Discovery Stipulation entered by this Court on June 1, 2012, and by the

Protective Order Regarding Confidential Information and Documents entered by this Court on November 20, 2012.

As a result of the stay imposed by this Section, the Third-Party Defendants do not have a right to examine any witness who testifies during the period of the stay or to object to any questions asked of any such witness. Therefore, with respect to any deposition testimony taken during the period of the stay, for purposes of Federal Rule of Civil Procedure 32(a)(1)(A), no Third-Party Defendant will be deemed present or represented at the taking of the testimony or to have had reasonable notice of it. Furthermore, for purposes of Federal Rule of Evidence 804(b)(1), no Third-Party Defendant will be deemed to have had an opportunity to develop any deposition testimony taken during the period of the stay. This does not preclude a party from arguing under Federal Rule of Evidence 804(b)(1) that a "predecessor in interest" to a Third-Party Defendant had an opportunity and similar motive to develop deposition testimony taken during the stay period; however, the rights of the Third-Party Defendants to challenge any such argument are fully preserved.

II.  Schedule

- January 15, 2013: Any party wishing to designate any portion of any former testimony of

4

a declarant in any other action, including but not limited to the Emhart v. NECC (C.A. No. 06-218 S) action, as not subject to Federal Rule of Evidence 802, must provide such designation to each party in the consolidated action by this date.

- January 31, 2013: Mediation of Third-Party Claims begins.

- February 15, 2013: Each party receiving designation of any testimony (as described above and due by January 15, 2013) shall respond by accepting, or rejecting, such designation by this date.  If a party agrees that the designation is acceptable, the testimony of the declarant will not be subject to Federal Rule of Evidence 802 as to that party, and, if the party does not agree to the designation, the declarant may be deposed by the close of fact discovery in the consolidated action.  Failure to respond shall be deemed non-agreement to the designation.

- July 1, 2013:  Parties exchange expert reports.

- July 8, 2013: Deadline for amendment of pleadings as to Main Claims.

5

- August 30, 2013: Expert depositions on initial expert reports complete.

- September 30, 2013:

  o   Fact discovery closes.

  o   Rebuttal expert reports due.

- November 15, 2013: Expert depositions on rebuttal expert reports complete.

- January 3, 2014: Dispositive motions, <u>Daubert</u> motions, and motions <u>in limine</u> due.

- Approximately April 2014: Trial.

III. Discovery

A.   Cost Discovery

Discovery with respect to mechanical cost issues (excluding whether the remedy is consistent with CERCLA) will be stayed until after the first trial phase.

B.   Expert Discovery

Each party will pay for its own experts.

C.   Service

The parties may serve discovery requests and written discovery responses upon one another by email. Such service shall be considered "hand delivered" on the day the email is sent for the purposes of calculating the time for any response so long as it is sent before 6:00 p.m. EST.

If such email is sent after that time, it shall be considered "hand delivered" the following day.

IV. Mediation

The parties have selected a mediator. The parties will work cooperatively to fund the mediation and to select a process for conducting mediation with all parties to this action.

V. Miscellaneous

Nothing in this Order shall affect the EPA's ability to conduct administrative functions authorized or required by CERCLA, 42 U.S.C. § 9601, et seq., relating to the Site, including but not limited to the issuance of a Record of Decision selecting a remedial action for the Site and the issuance of any notices or orders relating to the Site.

The EPA's conduct of its administrative functions shall not affect the conduct of discovery and trial in this case. Furthermore, nothing in this Order shall be deemed an admission by any party that the EPA's conduct of its administrative functions, including but not limited to any issuance of notices, administrative orders, and a Record of Decision, are reasonable, appropriate, timely, authorized by statute or regulation, constitutional, in accordance with the law, and not arbitrary and capricious. Nor shall this Order prevent or prohibit any of the parties from

challenging, objecting to, or otherwise responding to any action or conduct of the EPA as they might deem appropriate or to raise issues concerning such action or conduct in this action.

IT IS SO ORDERED.

/s/ *William E. Smith*
William E. Smith
United States District Judge
Date: May 15, 2013