UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

———————————————————————— )
                                                      )
EMHART INDUSTRIES, INC.,                )
                                                      )
     Plaintiff and Counterclaim  )
     Defendant,                             )
                                                      )
    v.                                           )   C.A. No. 06-218 S
                                                      )
NEW ENGLAND CONTAINER COMPANY,   )
INC; et al.,                                     )
                                                      )
     Defendants and Counterclaim )
     Plaintiffs.                            )
———————————————————————— )
                                                      )
EMHART INDUSTRIES, INC.,                )
                                                      )
     Plaintiff and Counterclaim  )
     Defendant,                             )
                                                      )
    v.                                           )   C.A. No. 11-023 S
                                                      )
UNITED STATES DEPARTMENT OF THE  )
AIR FORCE; et al.,                           )
                                                      )
     Defendants, Counterclaim    )
     Plaintiffs, and Third-Party  )
     Plaintiffs,                            )
                                                      )
    v.                                           )
                                                      )
BLACK & DECKER, INC.; et al.,           )
                                                      )
     Third-Party Defendants.      )
———————————————————————— )

**SIXTH REVISED CASE MANAGEMENT ORDER**

**(Reflecting deadline changes made November 13, 2013)**

The Court's September 30, 2013 Fifth Revised Case Management Order is further revised as follows.

I.   Phased Trial Schedule

The Court has set a schedule for a phased trial, beginning on October 1, 2014.  Subject to the stay detailed below, the first phase will address the liability of Emhart[1] and NECC, including divisibility and the proper allocation if the parties are found to be jointly and severally liable.  The second phase (if required) will likely be held approximately four months after the first phase and will address costs and whether the remedy is consistent with CERCLA.  A third phase (again, if required) will be held at a later date and address the liability and contribution of the Third-Party Defendants and the United States.

The position of the United States in this action is somewhat unique.  On the one hand, its liability is only in the nature of cost recovery by either Emhart and/or NECC, thus making it like the Third-Party Defendants.  On the other hand, unlike the Third-Party Defendants, the United States is alleged to have shipped dioxin (as opposed to other chemicals that led to the creation of dioxin) directly to the Centredale Site, thus making its liability directly tied to Emhart and/or NECC's defenses.  To promote the trial's efficiency and prevent the duplication of testimony, while at the same time respecting the

---

[1] For the purpose of this Revised Case Management Order, references to "Emhart" also refer to Black & Decker.

broad purpose and statutory scheme of CERCLA, the liability of the United States will be dealt with as follows: <u>All</u> evidence pertaining to the United States's liability for contamination of the Site will be presented during the first phase (the liability phase) of the trial. However, during this phase, the evidence will be used solely to determine the liability of Emhart and NECC and whether this liability (if proven) is divisible among the two parties. The Court will not rule on the liability of the United States, or its amount in contribution, if any, until the third phase when it considers the contribution of the Third-Party Defendants.

Finally, the Court continues to stay in their entirety all claims against the Third-Party Defendants in the September 28, 2012 Third-Party Complaint (Docket No. 65) and December 18, 2012 Amended Third-Party Complaint (Docket No. 112) and NECC's October 30, 2012 Third-Party Complaint (Docket No. 261 in Civ. No. 1:06-cv-00218) and November 12, 2012 Third-Party Complaint (Docket No. 80) (including any cross-claims) and all claims that may be asserted by any such parties against any other party or any nonparty, including cross-claims, counterclaims, and fourth-party claims (collectively, "Stayed Claims"), and all proceedings relating to the Stayed Claims. Only the remaining claims ("Main Claims") are subject to this Revised Case Management Order, and any amendments thereto, with the following

3

two exceptions: 1) the parties with Stayed Claims will participate in mediation pursuant to Section IV of the Case Management Order; and 2) Section V regarding the EPA's administrative functions applies to all parties, including those with Stayed Claims. The scope of this stay includes staying any obligation to file an answer or other response to a third-party complaint, to make Rule 26(a) disclosures, to take or submit to discovery (with the exception of depositions that may be ordered to be taken under Fed. R. Civ. P. 27 for the purpose of preserving testimony), or to do or take any other action required or permitted by law or court rules. The Court will set a status conference after the liability phase and cost/consistency phase are concluded to determine which, if any, Stayed Claims have not been resolved by settlement or by the trial of the Main Claims, and it shall issue a separate case management order at that time as to those Stayed Claims.

Notwithstanding the foregoing, no party with Stayed Claims is prohibited from attending any deposition convened or reviewing any documents produced as part of discovery with respect to the Main Claims, so long as such parties agree in advance to be bound by the Discovery Stipulation entered by this Court on June 1, 2012, and by the Protective Order Regarding Confidential Information and Documents entered by this Court on November 20, 2012.

4

As a result of the stay imposed by this Section, the Third-Party Defendants do not have a right to examine any witness who testifies during the period of the stay or to object to any questions asked of any such witness.   Therefore, with respect to any deposition testimony taken during the period of the stay, for purposes of Federal Rule of Civil Procedure 32(a)(1)(A), no Third-Party Defendant will be deemed present or represented at the taking of the testimony or to have had reasonable notice of it.   Furthermore, for purposes of Federal Rule of Evidence 804(b)(1), no Third-Party Defendant will be deemed to have had an opportunity to develop any deposition testimony taken during the period of the stay.   This does not preclude a party from arguing under Federal Rule of Evidence 804(b)(1) that a "predecessor in interest" to a Third-Party Defendant had an opportunity and similar motive to develop deposition testimony taken during the stay period; however, the rights of the Third-Party Defendants to challenge any such argument are fully preserved.   Just to be clear, the stay does <u>not</u> apply to discovery as to the liability of the United States by Emhart or NECC.

II.   Schedule

- January 15, 2013:   Any party wishing to designate any portion of any former testimony of a declarant in any other action, including but not limited to the <u>Emhart v.</u>

<u>NECC</u> (C.A. No. 06-218 S) action, as not subject to Federal Rule of Evidence 802, must provide such designation to each party in the consolidated action by this date.

- January 31, 2013:  Mediation of Third-Party Claims begins.

- February 15, 2013:  Each party receiving designation of any testimony (as described above and due by January 15, 2013) shall respond by accepting, or rejecting, such designation by this date.  If a party agrees that the designation is acceptable, the testimony of the declarant will not be subject to Federal Rule of Evidence 802 as to that party, and, if the party does not agree to the designation, the declarant may be deposed by the close of fact discovery in the consolidated action.  Failure to respond shall be deemed non-agreement to the designation.

- August 7, 2013:  Deadline for amendment of pleadings as to Main Claims.

- November 18, 2013:  Parties exchange all expert reports with the exception of corporate-successor issues.[2]

---

[2] The Court will establish deadlines for corporate-successor expert reports at a later date.

- February 28, 2014:  Expert depositions on initial expert reports complete with the exception of corporate successor issues.

- April 30, 2014:  Rebuttal expert reports due with the exception of corporate-successor issues.

- April 30, 2014:  Fact discovery closes.

- June 27, 2014:  Expert depositions on rebuttal expert reports complete with the exception of those regarding corporate successor issues.

- July 18, 2014: Daubert motions due.

- August 1, 2014: Objections to Daubert motions due.

- August 29, 2014:  Pretrial memoranda and dispositive motions due.

- September 12, 2014: Objections to dispositive motions due.

- October 1, 2014:  Trial.

III. Discovery

    A.   Cost Discovery

Discovery with respect to mechanical cost issues (excluding whether the remedy is consistent with CERCLA) will be stayed until after the first trial phase.

    B.   Expert Discovery

Each party will pay for its own experts.

C.   Service

The parties may serve discovery requests and written discovery responses upon one another by email. Such service shall be considered "hand delivered" on the day the email is sent for the purposes of calculating the time for any response so long as it is sent before 6:00 p.m. EST. If such email is sent after that time, it shall be considered "hand delivered" the following day.

IV.  Mediation

The parties have selected a mediator. The parties will work cooperatively to fund the mediation and to select a process for conducting mediation with all parties to this action.

V.   Miscellaneous

Nothing in this Order shall affect the EPA's ability to conduct administrative functions authorized or required by CERCLA, 42 U.S.C. § 9601, _et seq._, relating to the Site, including but not limited to the issuance of a Record of Decision selecting a remedial action for the Site and the issuance of any notices or orders relating to the Site.

The EPA's conduct of its administrative functions shall not affect the conduct of discovery and trial in this case. Furthermore, nothing in this Order shall be deemed an admission by any party that the EPA's conduct of its administrative functions, including but not limited to any issuance of notices,

8

administrative orders, and a Record of Decision, are reasonable, appropriate, timely, authorized by statute or regulation, constitutional, in accordance with the law, and not arbitrary and capricious.  Nor shall this Order prevent or prohibit any of the parties from challenging, objecting to, or otherwise responding to any action or conduct of the EPA as they might deem appropriate or to raise issues concerning such action or conduct in this action.

IT IS SO ORDERED.


*/s/ William E. Smith*
William E. Smith
United States District Judge
Date:  November 18, 2013