UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                    )
EMHART INDUSTRIES, INC.,            )
                                    )
     Plaintiff and Counterclaim     )
     Defendant,                     )
                                    )
     v.                             )    C.A. No. 06-218 S
                                    )
NEW ENGLAND CONTAINER COMPANY,      )
INC; et al.,                        )
                                    )
     Defendants and Counterclaim    )
     Plaintiffs.                    )
_____)
                                    )
EMHART INDUSTRIES, INC.,            )
                                    )
     Plaintiff and Counterclaim     )
     Defendant,                     )
                                    )
     v.                             )    C.A. No. 11-023 S
                                    )
UNITED STATES DEPARTMENT OF THE     )
AIR FORCE; et al.,                  )
                                    )
     Defendants, Counterclaim       )
     Plaintiffs, and Third-Party    )
     Plaintiffs,                    )
                                    )
     v.                             )
                                    )
BLACK & DECKER, INC.; et al.,       )
                                    )
     Third-Party Defendants.        )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is the Government's Motion to Strike four expert reports put forth by Emhart Industries Inc. ("Emhart")

(ECF No. 229). The Government's motion is DENIED WITHOUT PREJUDICE.[1]

I. Background

The parties are familiar with the facts of this case, thus only those facts pertinent to this motion will be discussed. Generally speaking this case involves liability for the pollution and environmental remediation of the Centredale Manor Restoration Project Superfund Site (the "Site"). Aside from the instant consolidated lawsuit, the Government and Emhart have been engaged in an administrative tussle regarding the clean-up of the Site for many years. As part of that process, the Environmental Protection Agency ("EPA") decided on five removal actions for the Site, and ultimately proposed a six part remedy. These remedial actions are all contained and discussed in the administrative record.

In June 2013, the Government sought to limit discovery and evidence with respect to remedial actions to the administrative record. During an August 2013 hearing, the Court reserved decision on whether Emhart could supplement the administrative record, but permitted discovery to continue with respect to the

---

[1] Initially the Government's motion sought to strike a fifth expert report – that of attorney Jerome C. Muys. Thereafter, Emhart withdrew the Muys report and the Government amended its motion seeking to strike only the four remaining reports. (ECF No. 260.)

Government's chosen remedy, recognizing that discovery may need to be extended in this regard.

Emhart has now provided the Government with four expert reports, which, at least in part, call into question the EPA's remedy at the Site. The Government asks the court to rule that Emhart may not supplement the administrative record in this case and strike these reports. Alternatively, the Government requests that discovery with respect to these reports be delayed until after a trial on the liability of Emhart and New England Container Company, now scheduled to begin in February 2015.

II. Discussion

This case has been brought under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et. seq. Under CERCLA, a district court's review "of any issues concerning the adequacy of any response action taken or ordered by [EPA] shall be limited to the administrative record." 42 U.S.C. § 9613(j)(1); see also United States v. JG-24, Inc., 478 F.3d 28, 33-34 (1st Cir. 2007) ("Under CERCLA, judicial review normally is limited to the administrative record as it existed at the time of the challenged agency action.").

The Court is bound to accept the EPA's "response action unless the objecting party can demonstrate, on the administrative record, that the decision was arbitrary and

3

capricious or otherwise not in accordance with law." 42 U.S.C. § 9613(j)(2). Courts have recognized that there are several exceptions to this rule, however, where supplemental information may be considered: (1) a showing of bad faith by the agency; (2) a need for the testimony of experts in a highly technical matter; (3) a record that is incomplete; and/or (4) a showing that an agency failed to consider all relevant factors. See e.g., Northwest Bypass Grp. v. U.S. Army Corps of Eng'rs, Civil No. 06-CV-00258-JAW, 2007 WL 1498912, at *2 (D.N.H. May 14, 2007); United States v. Dravo Corp., No. 8:01CV500, 2003 WL 21434761, at *2 (D. Neb. June 20, 2003).

While styled as a motion to strike, the Government's motion essentially renews its earlier request to confine any discussion of remedy at the Site to the administrative record. Emhart contends this issue is not ripe yet and discovery with respect to these four reports should continue. Emhart argues that the four reports provide insight into highly technical issues related to the clean-up.[2] Emhart also contends that because liability and remedy are intertwined in this case, and these reports properly discuss both issues, that striking these reports in their entirety is too draconian a remedy, particularly at this stage. While the question is somewhat

---

[2] Emhart correctly states that these expert reports have not been admitted into evidence.

close, Emhart will be given leeway to develop these issues as discovery continues and the Court will continue to reserve judgment on whether Emhart will be allowed to supplement the administrative record.

"[T]he discovery process is meant to give litigants an opportunity to leave no stone unturned." United States v. Bell Petroleum Servs., Inc., 718 F. Supp. 588, 591 (W.D. Tex. 1989) (permitting discovery outside of the administrative record in CERCLA action). "[T]he completeness of the record and the good faith behind it can only be grasped by looking beyond the record itself. Thus . . . the only way a non-agency party can demonstrate to a court the need for extra-record judicial review is to first obtain discovery from the agency." Amfact Resorts, L.L.C. v. United States Dep't of the Interior, 143 F. Supp. 2d 7, 12 (D.D.C. 2001). Similarly, where the complexity of the issues is obvious and the administrative record is monstrous,[3] limited discovery to establish whether further expert explanation on these topics may be warranted is appropriate.

The Government may renew its motion to strike these reports at a later date. The Court notes that the Government has expressed concern that discovery with respect to these reports may not be completed within the scheduled time frame and may

---

[3] The Government has noted that the index of the administrative record alone consists of over one-thousand pages.

5

distract from liability discovery, potentially delaying the trial. Discovery in this case has never been phased. However, if, as discovery continues, discovery concerning these reports becomes problematic, either the Government or Emhart may request a stay or extension until after the first phase of trial is complete.

III. Conclusion

For the reasons set forth above, the Government's Motion to Strike is DENIED WITHOUT PREJUDICE.


IT IS SO ORDERED.

/s/ W E Smith
_____
William E. Smith
Chief Judge
Date:  June 20, 2014