UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
EMHART INDUSTRIES, INC.,       )
                               )
     Plaintiff and Counterclaim)
     Defendant,                )
                               )
     v.                        )    C.A. No. 06-218 S
                               )
NEW ENGLAND CONTAINER COMPANY, )
INC; et al.,                   )
                               )
     Defendants and Counterclaim)
     Plaintiffs.               )
_____)
                               )
EMHART INDUSTRIES, INC.,       )
                               )
     Plaintiff and Counterclaim)
     Defendant,                )
                               )
     v.                        )    C.A. No. 11-023 S
                               )
UNITED STATES DEPARTMENT OF THE)
AIR FORCE; et al.,             )
                               )
     Defendants, Counterclaim  )
     Plaintiffs, and Third-Party)
     Plaintiffs,               )
                               )
     v.                        )
                               )
BLACK & DECKER, INC.; et al.,  )
                               )
     Third-Party Defendants.   )
_____)
```

**MEMORANDUM AND ORDER**

WILLIAM E. SMITH, Chief Judge.

Before the Court is Emhart Industries Inc.'s ("Emhart") Motion to Lift a Discovery Stay with Respect to Third-Party

Defendant The Original Bradford Soap Works, Inc. ("Bradford Soap") (ECF No. 244). For the reasons set forth below, the motion is DENIED.

I. Background

A limited recitation of the facts is sufficient to dispose of this motion. Generally, this case involves determining liability for the pollution and environmental remediation of the Centredale Manor Restoration Project Superfund Site (the "Site"), located in North Providence, Rhode Island. According to Emhart's Third-Party Complaint, during the time period at issue, Bradford Soap operated a facility in West Warwick, Rhode Island that produced soaps and specialty chemicals. To make these products, Bradford Soap used various chemical ingredients, which were contained in drums. Once emptied of their contents, Bradford Soap sent these drums to the New England Container Company ("NECC") facility at the Site, where they were either disposed of or treated to be reused.

The chemical hexachlorophene is of particular importance in this case. The Government has alleged that Emhart's predecessor, Metro-Atlantic, Inc., polluted the Site by manufacturing hexachlorophene there. In 2008, Emhart took a Federal Rules of Civil Procedure Rule 30(b)(6) deposition of Bradford Soap. Bradford Soap's chief executive officer denied ever using hexachlorophene to make any of the company's products

2

after the substance was banned for nonprescription use in the early 1970s, but admitted he did no research regarding whether his company used the chemical before it was prohibited. According to its motion, Emhart recently discovered an entry in the Congressional Record from October 5, 1972, which indicated that Bradford Soap did indeed use hexachlorophene before it was prohibited.[1] In early 2013, discovery was stayed as to all third-party defendants in this case, including Bradford Soap. Emhart requests the Court lift this stay to further examine Bradford Soap's use of hexachlorophene.

II. Discussion

As the parties have long been aware, the complexity of this case necessitates a phased approach to trial. To facilitate this approach, on January 3, 2013, the Court stayed discovery as to all third party defendants, so that Emhart, NECC and the Government could focus on the main claims at issue. See Fed. R. Civ. P. 16(b)(3) (permitting district court to modify timing and extent of discovery disclosures through a case management order). This schedule may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). As Emhart, NECC and the Government work to complete discovery,

---

[1] Emhart does not allege that this portion of the Congressional Record only recently became available.

Emhart has requested the stay be lifted with respect to Bradford Soap, potentially opening an entirely new avenue for discovery.

Emhart's request comes too late in the discovery process. To permit Emhart to take discovery from Bradford Soap at this juncture would side-track the discovery process, and further postpone an already long-delayed trial. If Emhart is found liable in the first phase of trial, it will certainly be permitted to take discovery from Bradford Soap and other third parties at a future date. That time, however, is not now.[2]

As a fallback argument, Emhart claims that its 2008 deposition of Bradford Soap was left open by agreement of the parties. The deposition was left open, however, so that Emhart could receive certain documents about Bradford Soap's pension program.[3] After Emhart received the requested documents, it was "incumbent upon [Emhart] to renotice and resume the deposition" in a timely fashion or risk waiving its rights. Daigle v. Maine Med. Center, Inc., 14 F.3d 684, 692 (1st Cir. 1994); see also Martial Arts Indus. Ass'n, L.L.C. v. Scott, No. CIV-09-140-M, 2010 WL 2721034, at *1 (W.D. Okla. July 7, 2010) (denying request to re-open deposition stating that "the Court is

---

[2] As the Government correctly notes, Emhart has articulated essentially a claim for contribution against Bradford Soap. Such claims will be addressed in the third phase of trial.

[3] Bradford Soap's Motion for Leave to File a Surreply (ECF No. 257) is granted.

4

somewhat troubled by the lengthy delay between the time that plaintiffs became aware of the alleged need to re-open Scott's deposition and the time that plaintiffs actually requested leave to retake/re-open the deposition."). Six years is far too long for Emhart to have waited. Additionally, the "newly" discovered evidence contained in the Congressional Record was available to Emhart at the time of the initial deposition. Emhart could have questioned Bradford Soap at that time about this public information but failed to do so.

III. Conclusion

Emhart's Motion to Lift a Discovery Stay with Respect to Third-Party Defendant The Original Bradford Soap Works, Inc. is DENIED.

IT IS SO ORDERED.

/s/ W E Smith
_____
William E. Smith
Chief Judge
Date: July 9, 2014