UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                                   )
EMHART INDUSTRIES, INC.,           )
                                   )
     Plaintiff and Counterclaim    )
     Defendant,                    )
                                   )
     v.                            )   C.A. No. 06-218 S
                                   )
NEW ENGLAND CONTAINER COMPANY,     )
INC; et al.,                       )
                                   )
     Defendants and Counterclaim   )
     Plaintiffs.                   )
_____)
                                   )
EMHART INDUSTRIES, INC.,           )
                                   )
     Plaintiff and Counterclaim    )
     Defendant,                    )
                                   )
     v.                            )   C.A. No. 11-023 S
                                   )
UNITED STATES DEPARTMENT OF THE    )
AIR FORCE; et al.,                 )
                                   )
     Defendants, Counterclaim      )
     Plaintiffs, and Third-Party   )
     Plaintiffs,                   )
                                   )
     v.                            )
                                   )
BLACK & DECKER, INC.; et al.,      )
                                   )
     Third-Party Defendants.       )
_____)
```

### ORDER

WILLIAM E. SMITH, Chief Judge.

   Before the Court are the Government's Motion to Limit Discovery and the Scope of Review Pursuant to Section 113(j) of

CERCLA ("Motion") (ECF No. 415) and a Cross-Motion to Strike or Complete the Eleventh Administrative Record and Complete the Tenth Administrative Record ("Cross-Motion") filed by Emhart Industries, Inc., and Black and Decker, Inc. (collectively, "Emhart") (ECF No. 416). For the reasons that follow, the Court DENIES WITHOUT PREJUDICE the Government's Motion and DENIES AS MOOT Emhart's Cross-Motion.

The parties are familiar with the facts of this case, and the Court need not repeat them here. This case has been brought under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601, et. seq. Under CERCLA, a district court "reviews [the Environmental Protection Agency's ("EPA")] remedy selection (i.e., its selection of a [Unilateral Administrative Order ("UAO")] under the Administrative Procedure Act's 'arbitrary and capricious' standard. The Court reviews EPA's selection of the responsible party de novo." Gen. Elec. Co. v. Jackson, 595 F. Supp. 2d 8, 11 (D.D.C. 2009); see also Kelley v. E.P.A., 15 F.3d 1100, 1107 (D.C. Cir. 1994) ("The drafters of subsection 106(b) appear to us to have quite consciously distinguished between EPA's role in determining the appropriate cleanup action (which is entitled to deference under 106(b)(2)(D)) from the agency's position on liability when a party disputes claims."). Here, the Court has already conducted its de novo review on liability, and deemed Emhart the responsible party. (See

Phase I Findings of Fact and Conclusions of Law, ECF No. 405.) The Court now moves onto Phase II of the proceeding, in which it will review EPA's remedy selection under the arbitrary and capricious standard.[1]

In general, a district court's review "of any issues concerning the adequacy of any response action taken or ordered by [EPA] shall be limited to the administrative record." 42 U.S.C. § 9613(j)(1); see also United States v. JG-24, Inc., 478 F.3d 28, 33-34 (1st Cir. 2007) ("Under CERCLA, judicial review normally is limited to the administrative record as it existed at the time of

---

[1] Emhart argues that "in contrast to the EPA's remedy determinations, there is no reason to conclude that the EPA's decision to issue a UAO should be entitled to any deference." (Emhart's Opp'n and Cross-Motion 4, ECF No. 416.) Relying on Redwing Carriers, Inc. v. Saralands Apartments, 94 F.3d 1489 (11th Cir. 1996), Emhart contends that "in issuing a UAO, 'the EPA is acting in its role as prosecutor in enforcing a federal environmental statute,' and any findings it makes in that regard 'are merely the agency's conclusions regarding who is liable under CERCLA given the facts of a particular case.'" (Emhart's Opp'n and Cross-Motion 4, ECF No. 416 (quoting Redwing, 94 F.3d at 1507 n.24).) But Redwing was a decision on liability; there, the court found that the fact that EPA concluded in its UAO that a certain party was responsible did not prove that party was liable because the court had de novo review of that question. See Redwing, 94 F.3d at 1507 n.24) ("Rather than being authoritative interpretations of a statute, these findings are merely the agency's conclusions regarding who is liable under CERCLA given the facts of a particular case. Although the EPA's view of who is liable for cleaning up the Saraland Site may support Redwing's case, neither the district court nor this Court are obliged to defer to the agency's conclusions on this issue." (emphasis added)). Thus, Redwing does not support Emhart's claim that the decision to issue a UAO — as opposed to the decision to whom to issue the UAO — should be de novo review.

the challenged agency action."). The Court is bound to accept EPA's "response action unless the objecting party can demonstrate, on the administrative record, that the decision was arbitrary and capricious or otherwise not in accordance with law." 42 U.S.C. § 9613(j)(2). However, courts have recognized that there are several exceptions to this rule where supplemental information may be considered: (1) a showing of bad faith by the agency; (2) a need for the testimony of experts in a highly technical matter; (3) a record that is incomplete; and/or (4) a showing that an agency failed to consider all relevant factors. See, e.g., Northwest Bypass Grp. v. U.S. Army Corps of Eng'rs, Civil No. 06-CV-00258-JAW, 2007 WL 1498912, at *2 (D.N.H. May 14, 2007); United States v. Dravo Corp., No. 8:01CV500, 2003 WL 21434761, at *2 (D. Neb. June 20, 2003).

There are two questions at issue in the Government's Motion: (1) may Emhart take additional discovery concerning EPA's June 2014 decision to issue a UAO; and (2) may the Court consider evidence outside the administrative record in its review of whether EPA's remedy selection was arbitrary and capricious.

With respect to the first question, the Court already ruled on essentially the same issue earlier in this case, and allowed Emhart to take discovery concerning EPA's remedy selection. (See Mem. & Order on the Gov't's Mot. to Strike, ECF No. 283.) As the Court noted in that Memorandum and Order, "[t]he completeness of

4

the record and the good faith behind it can only be grasped by looking beyond the record itself. Thus . . . the only way a non-agency party can demonstrate to a court the need for extra-record judicial review is to first obtain discovery from the agency." (Id. at 5 (quoting Amfact Resorts, L.L.C. v. United States Dep't of the Interior, 143 F. Supp. 2d 7, 12 (D.D.C. 2001)).) There is no reason for the Court to rule differently concerning discovery of EPA's decision to issue the UAO, particularly given that Emhart's counsel represented that the scope of Emhart's intended discovery should not delay the Phase II trial.

Regarding the second question, the Court declines, at this time, to limit its scope of review to the administrative record. This is a complicated and highly technical case, and it is very likely that at least some extra-record evidence will be useful to the Court as "background information" and "for the limited purposes of ascertaining whether the agency considered all the relevant factors or fully explicated its course of conduct or grounds of decision." Asarco, Inc. v. U.S. Envtl. Prot. Agency, 616 F.2d 1153, 1160 (9th Cir. 1980); see id. ("It will often be impossible, especially when highly technical matters are involved, for the court to determine whether the agency took into consideration all relevant factors unless it looks outside the record to determine what matters the agency should have considered but did not."). Consequently, the Court hereby denies without prejudice the

5

Government's Motion, and reserves ruling on the admissibility of any particular extra-record evidence until the time of trial.

At oral argument, counsel for Emhart represented that Emhart's Cross-Motion was defensive, in the event that the Court decided to limit its review to the administrative record.  Because the Court denies the Government's Motion, it also denies Emhart's Cross-Motion as moot.

For the foregoing reasons, the Government's Motion is hereby DENIED WITHOUT PREJUDICE; and Emhart's Cross-Motion is DENIED AS MOOT.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
Chief Judge
Date:  February 2, 2016