UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

```
_____
                               )
EMHART INDUSTRIES, INC.,       )
                               )
    Plaintiff and Counterclaim )
    Defendant,                 )
                               )
    v.                         )   C.A. No. 06-218 WES
                               )
NEW ENGLAND CONTAINER COMPANY, )
INC.; et al.,                  )
                               )
    Defendants and Counterclaim)
    Plaintiffs.                )
_____)
                               )
EMHART INDUSTRIES, INC.,       )
                               )
    Plaintiff and Counterclaim )
    Defendant,                 )
                               )
    v.                         )   C.A. No. 11-023 WES
                               )
UNITED STATES DEPARTMENT OF THE)
AIR FORCE; et al.,             )
                               )
    Defendants, Counterclaim   )
    Plaintiffs, and Third-Party)
    Plaintiffs,                )
                               )
    v.                         )
                               )
BLACK & DECKER, INC.; et al.,  )
                               )
    Third-Party Defendants.    )
_____)
```

**ORDER**

On July 9, 2018, the United States of America filed a Notice of Lodging of Proposed Consent Decree between Emhart Industries, Inc. and Black & Decker Inc. (collectively "Emhart"), and the

United States and the State of Rhode Island (collectively "Governments", and together with Emhart, "the Settling Parties"), ECF No. 671. The United States published a notice of the Consent Decree in the Federal Register on July 13, 2018, which began the 30-day comment period. See 83 Fed. Reg. 32687-02. On September 25, 2018, the Governments filed a Motion for Entry of Consent Decree ("Motion"). ECF No. 686.

The Consent Decree provides that Emhart will perform the cleanup of the Centredale Manor Restoration Project Superfund Site (the "Site") and pay all of the Governments' unrecovered past and future costs. Consent Decree ¶ V.6.a, ECF No. 671-1; see also id. ¶ 26 (stating that the cleanup is estimated to cost $96.9 million). The Consent Decree resolves all of the United States' and the State of Rhode Island's claims against Emhart under the Comprehensive Environmental Response, Compensation, and Liability Act, as amended, 42 U.S.C. §§ 9601-75 ("CERCLA"), and Rhode Island General Laws §§ 23-18.9-1 et seq., 23-19.1-1 et seq., and 23-19.14-1 et seq., respectively. Id. ¶¶ 71, 83-85. The Consent Decree further resolves Emhart's claims against the United States regarding the Site. Id. ¶ 78.

In response to the Governments' Motion for Entry of Consent Decree, Emhart filed a Notice of Non-Opposition, noting that it does not oppose the Motion but it also does not "acquiesce to any of the statements in the motion or its supporting memorandum about

2

historical operations at the" Site. Emhart's Notice of Non-Opposition 2, ECF No. 691. A group of Third-Party Defendants[1] filed a response requesting that the Court allow briefing and issue an order regarding the availability of a Section 107 cause of action (or any other avenue for establishing joint and several liability with Third-Party Defendants) to the Settling Defendants before the Court acted on the Motion for Entry of the Consent Decree. See Eli Lilly and Co.'s Resp. to Mot. for Entry of Consent Decree 12-13, ECF No. 690. A second group of Third-Party Defendants and/or Cross-Defendants[2] filed a Motion in Opposition to the Motion for Entry of Consent Decree addressing several additional issues. See Mem. in Opp'n to Mot. of the United States

---

[1] Eli Lilly and Company, BNC LLC (successor to BNS Company), The Original Bradford Soap Works, Inc., Cranston Print Works Company, Hexagon Metrology, Inc., Eastern Color & Chemical Co., Teknor Apex Company, CNA Holdings LLC, Olin Corporation, Phibro Animal Health Corporation, Henkel Corporation, Indusol Inc., IVAX LLC, BASF Corporation, Union Oil Company of California, Exxon Mobil Corporation, and Organic Dyestuffs Corporation. See Eli Lilly and Co.'s Resp. to Mot. for Entry of Consent Decree 3 n.1, ECF No. 690.

[2] CNA Holdings LLC, BASF Corporation, BNS LLC (formerly BNS Company), Cranston Print Works Company, Exxon Mobil Corporation, Organic Dyestuffs Corporation, Teknor Apex Company, The Original Bradford Soap Works, Inc., and Union Oil Company of California. See Mem. in Opp'n to Mot. of the United States and Rhode Island for Entry of Consent Decree 2 & n.1, ECF No. 693. Phibro Animal Health Corporation, Eastern Color and Chemical Company, Henkel Corp., Indusol, Inc., IVAX LLC, and Olin Corporation joined this opposition in part. See Notice of Partial Joinder in Mem. in Opp'n to Mot. of the United States and Rhode Island for Entry of Consent Decree filed by CNA Holdings LLC, ECF No. 694.

3

and Rhode Island for Entry of Consent Decree, ECF No. 693. The Governments and Emhart filed replies. See United States' and Rhode Island's Reply to Resp. in Opp'n to Mot. for Entry of Consent Decree, ECF No. 696; Emhart's Resp. to Opp'n to Mot. of the United States and Rhode Island for Entry of Consent Decree, ECF No. 697.

After a thorough review of the 2012 Record of Decision (the "ROD") (ECF No. 671-2), Consent Decree (ECF No. 671-1), Statement of Work (ECF No. 671-3), the United States' Motion for Reconsideration (ECF No. 555), all parties' briefing related to the Consent Decree, and the representations made at the March 19, 2019 hearing on this Motion, the Court concludes that the remedial action described in the ROD, when viewed in light of how the Statement of Work and Consent Decree propose to effectuate that remedial action, is not inconsistent with CERCLA and the National Contingency Plan.[3] Moreover, the Court concludes that none of the arguments presented by Third-Party Defendants in their Oppositions poses an obstacle to approving the Consent to Decree at this time.

Accordingly, the Court vacates its Phase II Findings of Fact and Conclusions of Law (ECF No. 548), approves the Consent Decree as fair, reasonable, and consistent with the goals of CERCLA, and enters the Consent Decree as Final Judgment. The Court has

---

[3] For example, the Court expects the parties will consider and implement the reclassification of groundwater in line with the state groundwater classification system. See Statement of Work ¶ 3.7(a)(1), ECF No. 671-3.

4

concluded that this Consent Decree has been negotiated in good faith and implementation of this Consent Decree will "expedite the cleanup of the Site and will avoid further prolonged and complicated litigation between the" Settling Parties, and that it "is fair, reasonable, and in the public interest."  See Consent Decree ¶ I.O.  A Memorandum of Decision further explaining the Court's reasoning will be forthcoming.

IT IS SO ORDERED.

/s/ William E. Smith
_____
William E. Smith
Chief Judge
Date: April 8, 2019