```
                  UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF RHODE ISLAND
_____
                                   )
EMHART INDUSTRIES, INC.,            )
                                   )
     Plaintiff and Counterclaim    )
     Defendant,                    )
                                   )
     v.                            )   C.A. No. 06-218 WES
                                   )
NEW ENGLAND CONTAINER COMPANY,      )
INC.; et al.,                      )
                                   )
     Defendants and Counterclaim   )
     Plaintiffs.                   )
                                   )
_____)
                                   )
EMHART INDUSTRIES, INC.,            )
                                   )
     Plaintiff and Counterclaim    )
     Defendant,                    )
                                   )
     v.                            )   C.A. No. 11-023 WES
                                   )
UNITED STATES DEPARTMENT OF THE     )   CONSOLIDATED
AIR FORCE; et al.,                 )
                                   )
     Defendants, Counterclaim      )
     Plaintiffs, and Third-Party   )
     Plaintiffs,                   )
                                   )
     v.                            )
                                   )
BLACK & DECKER, INC.; et al.,       )
                                   )
     Third-Party Defendants.       )
_____)
```

**ORDER**

In this long-lived litigation[1], the United States moves to dismiss two counterclaims brought by CNA Holdings LLC. See United

---

[1] This Order assumes familiarity with those that precede it.

States of America's Mot. to Dismiss CNA Holdings' Countercl. ("Mot. to Dismiss") 2-3, ECF No. 740.[2] For the reasons below, the Motion is GRANTED as to both claims.

The first counterclaim seeks contribution from the government. See Answer and Countercl. of CNA Holdings LLC to Am. Third Party Compl. of the Unites [sic] States ("Countercl.") 22, ECF No. 617. However, the Consent Decree bars such claims. See Consent Decree ¶¶ 84-85, ECF No. 715. Resisting dismissal anyway, CNA Holdings attacks the validity of the Consent Decree. See CNA Holdings LLC's Mem. in Opp'n to the United States' Mot. to Dismiss 3-5, ECF No. 742. At the time of briefing on the instant Motion, an appeal of the Consent Decree was pending before the First Circuit, and this Court accordingly held the Motion in abeyance pending resolution of that appeal. See Oct. 17, 2019 Text Order. The First Circuit recently affirmed this Court's ruling approving the Consent Decree, see generally Emhart Indus., Inc. v. U.S. Dep't of the Air Force, 988 F.3d 511 (1st Cir. 2021); with that, CNA Holdings is left with no defense of its contribution counterclaim, and so it is dismissed.

The second counterclaim seeks recovery of costs relating to two administrative agreements between the EPA and CNA Holdings

---

[2] All docket numbers refer to Case No. 11-023.

(along with other parties)[3]: the first from September 2003 and the second from August 2013. Countercl. 21-22; see Mot. to Dismiss 7 n.1. Acting under these agreements, CNA Holdings performed specific response actions. Now, through this counterclaim against the government, CNA Holdings seeks to recover the costs that it expended in doing so. Countercl. 22.

Importantly, though, each agreement includes (functionally identical) covenants not to sue. See Mot. to Dismiss Ex. 1 ("Sept. 2003 Order") ¶ 102, ECF No. 740-1; Mot. to Dismiss Ex. 2 ("Aug. 2013 Order") ¶ 69, ECF No. 740-2. Ordinarily, those clauses would bar CNA Holdings' counterclaim. But the government sued CNA Holdings in September 2012; that Third Party Complaint, CNA Holdings argues, nullified the covenants, and its counterclaim therefore survives. See Sept. 2003 Order ¶ 103 (carving out exception to covenant not to sue if "the United States brings a cause of action", "but only to the extent that [CNA Holdings'] claims arise from the same response action, response costs, or damages that the United States is seeking"); Aug. 2013 Order ¶ 70 (same).

CNA Holdings' argument assumes that its counterclaim "arise[s] from the same response action, response costs, or

---

[3] It is appropriate for the Court to consider these agreements at the motion-to-dismiss stage. See In re Fid. Erisa Fee Litig., 990 F.3d 50, 53-54 (1st Cir. 2021).

damages" as the government's suit.  See Sept. 2003 Order ¶ 103; Aug. 2013 Order ¶ 70.  The government says no: its 2012 suit falls outside the scope of the covenants not to sue, so the prohibition remains in place.

For this reason, it is important to lay out the specifics of the relevant claims.  As pleaded, CNA Holdings' counterclaim seeks recovery for costs it expended in performing discrete work under these agreements.  Countercl. 21-22.  Specifically, the work performed pursuant to the September 2003 Order involved a removal action, generally including "(1) control of storm drain runoff and sedimentation entering the tailrace; and (2) construction and short-term maintenance of a protective cap over the tailrace area." Sept. 2003 Order ¶ 53; see also Countercl. 21.  And the work performed pursuant to the August 2013 Order involved a pre-design investigation, which included, "inter alia, the performance of a physical survey of soil and potential buried waste characterization in the Source Area of the Site, including test pits/trenching and sampling for dioxin and other contaminants." Aug. 2013 Order ¶ 31; see also Countercl. 22.  The government's 2012 claims against CNA Holdings (now dismissed, see July 11, 2019 Text Order) sought recovery for "all response costs incurred by the United States to date relating to the Site."  Am. Third Party Compl. 22, ECF No. 112.  Examples of work for which the government sought response costs included "conducting sampling for hazardous

4

substances" and "overseeing response actions." Id. at 21 (giving other examples of actions for which the government incurred costs).

On its face, CNA Holdings' counterclaim does not arise from the same response action, response costs, or damages that the government sought in its 2012 suit. For one, the government's suit sought recovery of its costs expended related to the Site, while CNA Holdings' counterclaim seeks recovery of costs that it expended under the agreements. And, as pleaded, the response actions performed by each are distinct. The government's suit, having to do with a different response action and different costs, did not void the covenants not to sue. Remaining in effect, the covenants bar CNA Holdings' cost recovery counterclaim, which is therefore dismissed because it fails to state a claim upon which relief can be granted.[4]  See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

---

[4] CNA Holdings requests a chance to amend its counterclaims to address deficiencies, but, based on the defects necessitating dismissal, it is hard to see how an amendment could cure these deficiencies.

5

The Court GRANTS the United States of America's Motion to Dismiss CNA Holdings' Counterclaim, ECF No. 740.

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
District Judge
Date:  July 14, 2021