UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| EMHART INDUSTRIES, INC., )<br><br>      Plaintiff, Cross-Plaintiff, )<br>      Third-Party Plaintiff, and )<br>      Counter-Defendant, )<br><br> )<br>      v. )<br><br> )<br>NEW ENGLAND CONTAINER )<br>COMPANY, INC., ET AL., )<br><br> )<br>      Defendants, Counter- )<br>      Plaintiffs, and )<br>      Third-Party Plaintiffs. ) | C.A. No. 06-218 WES |
| )<br>EMHART INDUSTRIES, INC., )<br><br> )<br>      Plaintiff, Cross-Plaintiff, )<br>      Third-Party Plaintiff, and )<br>      Counter-Defendant, )<br><br> )<br>      v. )<br><br> )<br>UNITED STATES DEPARTMENT OF THE )<br>AIR FORCE, ET AL., )<br><br> )<br>      Defendants, Counter- )<br>      Plaintiffs, Cross- )<br>      Plaintiffs, and Third-Party )<br>      Plaintiffs, )<br><br> )<br>      v. )<br><br> )<br>BLACK & DECKER INC., )<br><br> )<br>      Counter-Plaintiff, Cross- )<br>      Plaintiff, Third-Party )<br>      Plaintiff, and Third-Party )<br>      Defendant, )<br><br> )<br>      v. )<br><br> )<br> ) | C.A. No. 11-023 WES<br><br>CONSOLIDATED |

A. HARRISON & CO., INC.; EASTERN     )
COLOR & CHEMICAL CO.; EASTERN        )
RESINS CORP.; EVANS PLATING          )
CORP.; GREYSTONE INC.; HENKEL        )
CORP.; HEXAGON METROLOGY, INC.;      )
INDUPLATE INC.; INDUPLATE            )
OPERATIONS, LLC; IVAX LLC,           )
                                     )
    Third-Party Defendants,      )
                                     )
      v.                       )
                                     )
BNS LLC; CNA HOLDINGS LLC;           )
CRANSTON PRINT WORKS CO.; DURO       )
TEXTILES LLC; ELI LILLY & CO.;       )
EXXON MOBIL CORP.; ORGANIC           )
DYESTUFFS CORP.; SEQUA CORP.;        )
TEKNOR APEX CO.; THE ORIGINAL        )
BRADFORD SOAP WORKS, INC.; UNION     )
OIL COMPANY OF CALIFORNIA,           )
                                     )
    Cross-Defendants,            )
                                     )
      v.                       )
                                     )
BASF CORP.,                          )
                                     )
    Cross-Defendant and Fourth-  )
    Party Plaintiff,             )
                                     )
      v.                       )
                                     )
ROHM AND HAAS COMPANY,               )
                                     )
    Fourth-Party Defendant.

## MEMORANDUM AND ORDER

Before the Court is Emhart Industries, Inc. and Black & Decker Inc.'s (collectively, "Emhart") Motion to Approve Eli Lilly Settlement ("Motion").  ECF No. 1010.[1]

_____

[1] All docket entries refer to the docket in C.A. No. 11-023.

2

Emhart and Eli Lilly & Co. ("Eli Lilly" or "Lilly") agree to settle this matter in accordance with the Uniform Comparative Fault Act ("UCFA"), as opposed to the Uniform Contribution Among Tortfeasors Act ("UCATA"). Id. at 1-3. A group of "Alleged Customer Defendants" ("Defendants")[2] oppose the Motion because the settlement terms have not been disclosed. Alleged Customer Defs.' Brief Opp'n Emhart's Mot. Approve Eli Lilly Settlement ("Opp'n") 3, ECF No. 1013. Specifically, they contend:

> [1] Emhart's refusal to disclose the financial terms of its settlement with Lilly deprives this Court and Alleged Customer Defendants of the opportunity to assess whether the Settlement is fair and reasonable, which any CERCLA action requires. [2] Disclosure also guards against Emhart's potential double recovery, which CERLA [sic] expressly prohibits. [3] Disclosure further promotes the intent of CERCLA and this Court's ordered mediation by encouraging settlement. [4] Lastly, Emhart has provided no reason why it cannot follow its own disclosure precedent set in this litigation or why it is entitled to reject the normal course in CERCLA actions, which is to disclose the terms of all partial settlements to the non-settling defendants.

Id. at 9.

The Court has discretion to apply either the UCATA or UCFA for allocation of private CERCLA settlements. Am. Cyanamid Co. v. Capuano, 381 F.3d 6, 19-21 (1st Cir. 2004). UCATA, also known as the "pro tanto" approach, "reduces the liability of litigants by

---

[2] The "Alleged Customer Defendants" are a group of Cross-Defendants and Third-Party Defendants. See Alleged Customer Defs.' Brief Opp'n Emhart's Mot. Approve Eli Lilly Settlement("Opp'n") 2 & n.1, ECF No. 1013.

the dollar amount of third-party settlements." Id. at 20; see UCATA § 4. On the other hand, UCFA reduces non-settlers' liability "by the proportionate share of fault attributed to the settling parties." Capuano, 381 F.3d at 20; see UCFA § 2. As Emhart explains, under UCATA, "non-settling defendants get the benefit of an over-valued settlement but run the risk of an under-valued settlement," while under UCFA, the "respective risks are flipped" – "plaintiffs benefit from an over-valued settlement but run the risk of an under-valued settlement." Mot. 2-3 (citing Capuano, 381 F.3d at 21 and Am. Cyanamid Co. v. King Indus., Inc., 814 F. Supp. 215, 218 (D.R.I. 1993)).

The Court finds that disclosure of the settlement terms is not required given the equitable structure of UCFA. See, e.g., New York v. Solvent Chem. Co., 214 F.R.D. 106, 108-10 (W.D.N.Y. 2003) (following United States v. GenCorp, Inc., 935 F. Supp. 928 (N.D. Ohio 1996) and United States v. Kramer, 19 F. Supp. 2d 273 (D.N.J. 1998) in finding individual settlement information "not discoverable" when applying UCFA). Confidentiality is appropriate because Emhart is taking the risk of an under-valued settlement, since other Defendants' liability will be reduced by Eli Lilly's equitable share.

To elaborate on Defendants' concerns, first, approval of settlement under UCFA without disclosure does not disrupt the Court's assessment of fairness and reasonableness. It is UCATA,

4

not UCFA, that "gives rise to a potential for unfairness or collusive settlements." AmeriPride Servs. Inc. v. Tex. E. Overseas Inc., 782 F.3d 474, 484 (9th Cir. 2015). A UCFA settlement is fair and reasonable because it "ensur[es], in theory, that damages are apportioned equitably among the liable parties," based on the Court's future allocation of responsibility. Capuano, 381 F.3d at 20.

Defendants also worry about Emhart's payment and recovery of response costs, but as Emhart correctly points out, these concerns may be addressed through later in camera review. Opp'n 5-7; Reply Supp. Mot. Approve Eli Lilly Settlement ("Reply") 5-7, ECF No. 1014 (citing King Indus., Inc., 814 F. Supp. at 219-20). To Defendants' point that disclosure would facilitate other settlements, this may be true or not, but either way, it is not a sufficient reason to require disclosure. Opp'n 7; Reply 7. Nor is it sufficient to say that Emhart must disclose because it has done so in the past. Opp'n 7-9; Reply 8. Emhart will have tactical reasons to disclose or not as it negotiates with other Defendants; but it should not be forced to do so when the UFCA protects the interests of all Defendants from inequitable settlements. Finally, disclosure only appears to be the "normal course" in CERCLA actions applying UCATA. Opp'n 7-9; see GenCorp, Inc., 935 F. Supp. at 934 ("While disclosure of settlement amounts and allocations of liability is the norm, the Court is not convinced

5

it is a <u>sine qua non</u> of a finding of fairness and reasonableness. . . . Because of the application of the UCFA to these agreements, non-settlors as well as settlors are protected, as non-settlors cannot be tapped for contribution beyond their equitable share of liability.").

For the foregoing reasons, the Motion to Approve Eli Lilly Settlement, ECF No. 1010, is GRANTED.

Emhart's settlement with Eli Lilly is APPROVED.

In accordance with the UCFA, Emhart's claims against non-settling Defendants will be reduced by the equitable share of Eli Lilly's obligation in this matter, if any, which will be determined in the allocation phase of these proceedings.

In accordance with UCFA, Eli Lilly is entitled to contribution protection.

Finally, all claims by or against Eli Lilly in this litigation, including deemed cross-claims, are DISMISSED with prejudice.


IT IS SO ORDERED.

_WESmith_
_____
William E. Smith
District Judge
Date: March 14, 2024