UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| EMHART INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, Cross-Plaintiff, | ) | |
| Third-Party Plaintiff, and | ) | |
| Counter-Defendant, | ) | |
| | ) | C.A. No. 06-218 WES |
| v. | ) | |
| | ) | |
| NEW ENGLAND CONTAINER | ) | |
| COMPANY, INC., ET AL., | ) | |
| | ) | |
| Defendants, Counter- | ) | |
| Plaintiffs, and | ) | |
| Third-Party Plaintiffs. | ) | |

| | | |
|---|---|---|
| | ) | |
| EMHART INDUSTRIES, INC., | ) | |
| | ) | |
| Plaintiff, Cross-Plaintiff, | ) | |
| Third-Party Plaintiff, and | ) | |
| Counter-Defendant, | ) | |
| | ) | C.A. No. 11-023 WES |
| v. | ) | |
| | ) | CONSOLIDATED |
| UNITED STATES DEPARTMENT OF THE | ) | |
| AIR FORCE, ET AL., | ) | |
| | ) | |
| Defendants, Counter- | ) | |
| Plaintiffs, Cross- | ) | |
| Plaintiffs, and Third-Party | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| BLACK & DECKER INC., | ) | |
| | ) | |
| Counter-Plaintiff, Cross- | ) | |
| Plaintiff, Third-Party | ) | |
| Plaintiff, and Third-Party | ) | |
| Defendant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |

A. HARRISON & CO., INC.; EASTERN    )
COLOR & CHEMICAL CO.; EASTERN       )
RESINS CORP.; EVANS PLATING         )
CORP.; GREYSTONE INC.; HENKEL       )
CORP.; HEXAGON METROLOGY, INC.;     )
INDUPLATE INC.; INDUPLATE           )
OPERATIONS, LLC; IVAX LLC,          )
                                    )
        Third-Party Defendants,     )
                                    )
        v.                          )
                                    )
BNS LLC; CNA HOLDINGS LLC;          )
CRANSTON PRINT WORKS CO.; DURO      )
TEXTILES LLC; ELI LILLY & CO.;      )
EXXON MOBIL CORP.; ORGANIC          )
DYESTUFFS CORP.; SEQUA CORP.;       )
TEKNOR APEX CO.; THE ORIGINAL       )
BRADFORD SOAP WORKS, INC.; UNION    )
OIL COMPANY OF CALIFORNIA,          )
                                    )
        Cross-Defendants,           )
                                    )
        v.                          )
                                    )
BASF CORP.,                         )
                                    )
        Cross-Defendant and Fourth- )
        Party Plaintiff,            )
                                    )
        v.                          )
                                    )
ROHM AND HAAS COMPANY,              )
                                    )
        Fourth-Party Defendant.     )

**MEMORANDUM AND ORDER**

Before the Court is Emhart Industries, Inc. and Black & Decker Inc.'s (collectively, "Emhart") Motion to Strike Original Bradford Soap Expert Witness Saba Joseph ("Motion" or "Mot."), ECF No.

1022.[1]  The Court conducted a hearing on June 21, 2024, and issued a ruling from the bench, which is further memorialized herein.

## I.    BACKGROUND

This case concerns pollution discovered within the Centredale Manor Restoration Project Superfund Site located in North Providence, Rhode Island.  Third-Party Defendant The Original Bradford Soap Works, Inc. ("Bradford Soap" or "Bradford") is one of several parties accused of contributing to that pollution. Richard Huntwork "was the former Sales Manager, General Manager, and/or President of Bradford Soap from approximately 1968 through 1983."  Mot. 4.  During fact discovery, Bradford "identified Huntwork as a witness with knowledge of the company's products and 55-gallon steel drum use."  Id. at 6.  Emhart also found documents suggesting that Huntwork was involved in 1965 and 1967 Rhode Island Food and Drug Administration inspections related to "Bradford Soap's extensive use of Hexachlorophene and 3,3,4 trichloro-carbanilide in its medicated bar soaps at its West Warwick facility."  Id. at 7.  Emhart hoped to gain information from Huntwork regarding those inspections as well as the products, operations, and processes of Bradford and its Industrial Products Division.  Id. at 6-8.

---

[1] All docket entries refer to the docket in C.A. No. 11-023.

Bradford's counsel informed Emhart that Huntwork "could only be contacted through counsel." Id. at 9. From 2017 to 2021, Emhart attempted to coordinate Huntwork's deposition through counsel to no avail and "relied in good faith on the statements of counsel in assuming that Huntwork could not be located for whatever reason." Id.

On August 11, 2023, Bradford Soap served Emhart with a report from its expert Saba Joseph ("Joseph Report"), which included references to communications with Huntwork. Id. at 10. This was the first indication to Emhart that Huntwork had become available. Id.

Based on a chronology provided by Bradford upon Emhart's request, it appears Bradford's counsel "was in contact with Huntwork in February 2018 but did not attempt to contact Huntwork again . . . until February 2021, at which time Huntwork apparently could no longer be reached." Id. Contact was then re-established by email in April 2023. Id. at 11.

The Court held a discovery dispute conference on November 2, 2023 and ordered Bradford's counsel to try and make Huntford available for a deposition. Id. "On January 4, 2024, Bradford's counsel informed Emhart that Huntwork had passed away." Id.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(e)(1)(A) requires a party to supplement or correct a disclosure or response "in a timely

4

manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing."

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness . . . unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The Court may instead or also "order payment of the reasonable expenses, including attorney's fees, caused by the failure" or "impose other appropriate sanctions." Id.

In determining a sanction for a discovery violation, the Court considers (1) the sanctioned party's justification for the late disclosure; (2) the opponent-party's ability to overcome its adverse effects (i.e., harmlessness or prejudice); (3) the history of the litigation; (4) the late disclosure's impact on the district court's docket; and (5) the sanctioned party's need for the precluded evidence. Harriman v. Hancock Cnty., 627 F.3d 22, 30 (1st Cir. 2010).

**III.  ANALYSIS**

Emhart posits that Bradford violated Rule 26(e) by: (1) failing to contact Huntwork for several years at his known contact information despite Emhart's requests; (2) failing to exert due

diligence in locating Huntwork once his contact information became stale; (3) failing to disclose to Emhart that Huntwork had been located; and (4) providing its own expert (Joseph) with access to Huntwork. Mot. 19. Emhart asks the Court to use its "considerable discretion" to sanction Bradford by striking Joseph as a witness. Id. at 21; see id. at 22-24. Emhart argues that "total (rather than partial) exclusion of the expert is warranted" because it would be "likely impossible . . . to excise the portions of Joseph's opinions that did not rely exclusively or substantially upon his improper access to Huntwork." Id. at 24. Further, "even if that were conceptually possible," it would "only address the last in a series of improper discovery failures." Id.[2]

Bradford argues that it properly disclosed Huntwork and diligently attempted to contact him, and that Emhart should take the blame for its ultimate failure to depose. "Huntwork was properly disclosed at John Howland's 2008 deposition, in Bradford's Initial Disclosures, and Bradford's Answers to Emhart's First Set of Phase III Interrogatories." Bradford Obj. Mot.

---

[2] As an analog, Emhart invokes spoliation – "the destruction or material alteration of evidence or . . . the failure to preserve property for another's use as evidence." Mot. Strike Original Bradford Soap Expert Witness Saba Joseph 20, ECF No. 1022. Bradford Soap argues that "Emhart's spoliation analogy is misplaced because spoliation deals with the destruction of physical evidence, not testimonial evidence." The Original Bradford Soap Works, Inc.'s Obj. Mot. Strike 23, ECF No. 1031. The Court need not rely on the spoliation analogy to reach its conclusions herein.

("Resp.") 11, ECF No. 1031.  At Emhart's request, Bradford "made numerous attempts" to contact Huntwork and "[a]lthough Bradford's counsel was able to contact Mr. Huntwork briefly in 2018, after that initial conversation, Mr. Huntwork stopped responding to Bradford's counsel." Id. at 7.  "Then, in October 2022, Emhart served the expert report of Wayne Genck, which was followed by his deposition on February 23, 2023." Id.  Needing a rebuttal expert, Bradford reached out to Huntwork, who indicated a willingness to help Bradford "but had no interest in serving as an expert," so Bradford retained Joseph. Id. at 8.  Joseph asked to speak with Huntwork, whereas Genck did not ask to speak to any former Bradford employees. Id. at 9.  Bradford posits that "because fact discovery had long since closed and Bradford's only intention in 2023 . . . was to use [Huntwork] to rebut Mr. Glenck's opinions, Bradford was not obligated to disclose Mr. Huntwork until August 11, 2023." Id. at 11.  Ultimately, Bradford says, "Emhart had over 15 years . . . to depose or attempt to depose Mr. Huntwork" and "never even served a deposition notice [pursuant to Federal Rule of Civil Procedure 30(b)(1)] or issued a subpoena." Id. at 3 (emphasis removed).

The Court finds that both parties could have done more to facilitate Huntwork's deposition.  Bradford could have made more attempts to contact Huntwork and could have better informed Emhart on the status, especially once it got in contact with Huntwork in

2023.  Emhart could have issued a subpoena or requested the Court's involvement sooner.  See Brown v. Crown Equip. Corp., 236 F.R.D. 58, 61 (D. Me. 2006) ("[P]laintiff did not avail herself of the means available to obtain the court's assistance in obtaining the information to which she contends she was entitled at a particular time.").  But ultimately, Bradford failed to supplement under Rule 26(e) – at the very least because Bradford's Initial Disclosures state that Huntwork "may only be contacted through the undersigned counsel," and Bradford failed to make that contact when in communication with Huntwork in 2023.  Ex. A Mot., Bradford Initial Disclosures 4, ECF No. 1022-1.  That failure was not justified or harmless under Rule 37.

The Court is unpersuaded that Emhart is more to blame than Bradford for the missed opportunity to depose Huntwork before he passed away.  Even though Emhart knew about Huntwork since 2008, given the case schedule and Bradford's status as a party, Emhart could not have sought Huntwork's deposition before 2018.  Reply Supp. Mot. 4 & n.2, ECF No. 1037 (citing U.S. Third-Party Compl., ECF No. 65; 2d Rev. Case Mgmt. Order 2-4, ECF No. 116; and 9th Rev. Case Mgmt. Order 2, ECF No. 629).  In late 2017, Emhart first attempted to schedule Huntwork's deposition through Bradford's counsel as instructed, and then followed up several times.  Emhart did not "ask for discovery and then forget about it" as Bradford suggests.  Resp. 15 (quoting Rivera-Almodóvar v. Instituto

_Socioeconómico Comunitario, Inc._, 730 F.3d 23, 27 (1st Cir. 2013)). As for Emhart's failure to file a Rule 30 deposition notice: While it might be true that a party must serve a deposition notice before seeking to compel a deposition or seeking sanctions for a party's failure to attend a deposition, the situation is different here – Bradford failed to adequately coordinate with a witness for whom it elected to serve as gatekeeper.

Nor is the Court convinced that Bradford had no duty to disclose Huntwork's availability once fact discovery closed. _See_ _Klonoski v. Mahlab_, 156 F.3d 255, 268 (1st Cir. 1998) ("To the extent the rules contemplate additional material that a party finds after it has provided discovery to the other side, the rules require prompt supplementation of its additional material so the opposing party is not misled by the original discovery responses as the opposing party prepares its case for trial."); _Erickson v._ _City of Lakewood_, No. 19-CV-02613-PAB-NYW, 2021 WL 4438035, at *10 (D. Colo. Sept. 27, 2021) ("While a party's obligation to supplement under Rule 26(e)(1)(A) continues after discovery closes and does not require a court order, the court must still consider defendants' diligence in obtaining the deposition testimony and the time it took . . . to supplement thereafter." (internal citations and quotation marks omitted)).  Further, Bradford's failure to inform Emhart when it reached Huntwork in 2023 deprived Emhart of the opportunity to move to amend the case schedule.

Bradford argues that Emhart is not prejudiced by its inability to depose Huntwork, but the Court disagrees. Bradford challenges the importance of Huntwork's testimony to Emhart's case and argues that information provided by Huntwork is available from other sources. Resp. 3, 19-22. According to Bradford, "Joseph had only a single 20-minute conversation with Mr. Huntwork, and that conversation served largely to confirm what Mr. Joseph already knew." Id. at 3. Further, Bradford produced Joseph's notes regarding his conversation with Huntwork and allowed Emhart to question Joseph about the information obtained from Huntwork. Id. at 23. Regardless, the Court finds that Huntwork was an important witness and Emhart was prejudiced because it was "denied the ability to obtain and preserve information from Huntwork on relevant topics of Emhart's choosing, [and] probe and test that knowledge with other or inconsistence evidence." Mot. 21 (emphasis added); see Macaulay v. Anas, 321 F.3d 45, 52 (1st Cir. 2003) (noting the importance of "unfair surprise" in considering sanctions for discovery violations).

For the foregoing reasons, the Court finds that a Rule 37 sanction is warranted. In determining an appropriate sanction, the Court weighs the factors outlined above as identified in Harriman, 627 F.3d at 30. First, regarding Bradford's justification for the late disclosure, Bradford faced several hurdles in reaching Huntwork, in part because Huntwork stopped

responding to Bradford.  However, Bradford's reasons for failing to inform Emhart when it did get in contact with Huntwork in 2023 are not justified.  Second, Huntwork's death hinders Emhart's ability to overcome the adverse effects of the Rule 37 violation, particularly with respect to information regarding Bradford's Industrial Products Division.  However, Emhart has expressed an interest in speaking with Joseph Custodio and/or other Bradford employees to remedy the situation.  Third, throughout the history of this litigation, Emhart has indicated its interest in speaking with as many witnesses as possible.  This magnifies Huntwork's importance to Emhart, which should have been obvious to Bradford. Fourth, options for extending the discovery period are limited because the Phase III trial is set to begin October 7, 2024. Finally, Bradford has a demonstrated need for Joseph's testimony because he serves as a rebuttal expert to Emhart's expert, Genck.

The Court finds that striking Joseph as a witness goes too far, but there should be an opportunity to challenge parts of his testimony during or after trial, depending on his level of reliance on Huntwork.  As further remedy, Emhart should be given the opportunity to depose Custodio and any other Bradford employees who may have information that Emhart could have sought from Huntwork.

11

## IV.    CONCLUSION

For the reasons stated herein and at the June 21, 2024 hearing, the Motion to Strike Original Bradford Soap Expert Witness Saba Joseph, ECF No. 1022, is DENIED, with the following caveats:

- The Court reserves the right to strike portions of Joseph's opinions during or after trial if those portions rely solely, or in majority part, on information obtained from Huntwork, and Emhart may renew its Motion as to any such testimony during or after trial.

- Emhart is permitted to depose Joseph Custodio to determine the extent to which Joseph's opinions rely on information obtained from Huntwork, and the discovery schedule is hereby modified to allow for this deposition.

- Bradford Soap is ORDERED to search for witnesses who may have information, to a similar degree as Huntwork, regarding Bradford's Industrial Products Division. If a witness is located or any other information regarding the Industrial Products Division is found, such must be immediately disclosed to Emhart. If Emhart wishes to depose any such witnesses, discovery will be reopened for that limited purpose. Bradford Soap shall disclose any witnesses or information, as well as a detailed

description of the efforts taken to locate such, by July 11, 2024.


IT IS SO ORDERED.

William E. Smith
District Judge
Date: June 27, 2024